UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS E. TYNDALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NEW ENGLAND TEAMSTERS & TRUCKING | ) | |
| INDUSTRY PENSION FUND, | ) | Case No. 3:03cv194(CFD) |
| DAVID W. LAUGHTON, PAUL V. WALSH, | ) | |
| ANTHONY S. BUONPANE, GEORGE W. | ) | |
| CASHMAN, J. LEO BARRY, JOHN J. | ) | |
| MCCARTHY, JR., WILLIAM M. VAUGHN III, | ) | |
| and J. DAWSON CUNNINGHAM, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL
MOTION FOR SUMMARY JUDGMENT**

NOW COME Defendants, New England Teamsters and Trucking Industry Pension Fund, et al, and respectfully request leave of Court to file a Supplemental Motion for Summary Judgment on the remaining issue before this Court. As grounds for their Motion, Defendants state as follows:

1.  On April 29, 2004, this Court granted Defendants' Motion for Partial Summary Judgment on the issue of whether the Defendants reduction of Plaintiff Thomas E. Tyndall's monthly pension benefit altered, modified, or changed the Plan.

2.  The only remaining issue before the Court following its April 29, 2004 Order granting Defendant's Motion is whether Plaintiff is entitled to interest on the lump sum payment of benefits he received in October 2001 following the

granting of his request to change his effective retirement date from February 1995 to August 1990.

3.    On December 3, 2004, Plaintiff and Defendants attended a mediation session before Hon. Thomas P. Smith to attempt to settle the remaining issue of interest on the lump sum payment, but they were unable to agree on a mutually acceptable settlement amount.

4.    Defendants' position is that no interest is owed on the lump sum award of benefits.

5.    There are no material facts in dispute.

6.    Recent case law which was decided after the time in which the parties agreed to submit their initial Motions for Summary Judgment has shed new light on the issue, specifically *Dobson v. Hartford Financial Services Group, Inc.,* 389 F.3d 386 (2nd Cir. 2004), and *Campanella v. Mason Tenders' District Council Pension Plan,* 299 F.Supp.2d 274 (S.D.N.Y., 2004).

7.    As there are no material facts in dispute, Defendants believe they are entitled to judgment as a matter of law, and allowing such a Motion would provide the Court with the opportunity to decide the case without the need for a trial.

8.    Rule 56(b) of the Federal Rules of Civil Procedure permits a Defending Party to move, at any time, for summary judgment in the Defendant's favor as to all or any part thereof.

WHEREFORE, Defendants request that the Court allow Defendants to file their attached Supplemental Motion for Summary Judgment and supporting documents.

Respectfully submitted,

For the Defendants
By Their Attorneys

Jonathan M. Conti
Federal Bar. No 24593
Feinberg, Campbell & Zack, P.C.
177 Milk Street
Boston, MA 02109
(617) 338-1976
jmc@fczlaw.com

Local counsel,

Thomas M. Brockett
Federal Bar No. ct10873
Robert M. Cheverie & Associates, P.C.
333 East River Drive, Suite 101
East Hartford, CT 06108
(860) 290-9610
www:CheverieAndAssoc@AOL.com

## CERTIFICATE OF SERVICE

I, Jonathan M. Conti, hereby certify that I caused a copy of the foregoing to be served on pro se plaintiff Thomas E. Tyndall by depositing a copy thereof by certified mail with the United States Postal Service on February 11, 2005 addressed to Thomas E. Tyndall, P.O. Box 6041, Wolcott, CT 06716.

Jonathan M. Conti