UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS E. TYNDALL, | ) |
|                Plaintiff, | ) |
| v. | ) |
| NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND, DAVID W. LAUGHTON, PAUL V. WALSH, ANTHONY S. BUONPANE, GEORGE W. CASHMAN, J. LEO BARRY, JOHN J. MCCARTHY, JR., WILLIAM M. VAUGHN III, and J. DAWSON CUNNINGHAM, | ) Case No. 3:03cv194(CFD) |
|                Defendants. | ) |

**PLAINTIFF'S REQUEST FOR A DENIAL AND REJECTION OF DEFENDANT'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT**

Pursuant to the federal rules of civil procedure 56 and local rule 56 of the Civil Rules of the United State District Court for the District of Connecticut. Plaintiff Thomas Tyndall Pro Se does request the Court deny Defendant's motion as a matter of law. Law to the Plaintiff's mind means truth, honesty, and integrity. Herein in the papers submitted by Defendant's Council he has already submitted false information to the Court. I refer to page 12 of Defendant's Memorandum of Law in Support of Defendant's Supplemental Motion for Summary Judgment. On page 12 Council has attempted to slip into the records the word DISABLED. Nowhere in Plaintiff's application for Pension #34422 has Plaintiff mentioned any disability. Plaintiff's application marked item #_____.

In line with Plaintiff's not mentioning disability see the letter of appeal dated October 12, 1994 wherein the Plaintiff refuted all the misinformation the Pension Fund Management had been feeding him for over 14 years. Marked Item # .

Next please look at January 1995 Trustee Meeting wherein they state the Plaintiff had not incurred a break in service. Marked Item # _____.

In line with the January 1995 Trustee Meeting see the August 2001 Trustee Meeting wherein the first paragraph the Trustee's Award Plaintiff Mr. Tyndall a <u>regular pension</u> because the information they previously received was found to be inaccurate and in doing so waived the 6 months after 49 because Tyndall was not properly advised that his previous credits had not been cancelled.

Again nowhere in Mr. Tyndall's application or in the Trustees findings was the term disabled mentioned. This term (disabled) has been inserted by Defense Council and it constitutes false information, especially in a legal document.

Defense has also mentioned Plaintiff "was not disabled in August 1990" in paragraph 15, page 4, local rule 56(a)1 Statement of Facts. Also in Langone's Affidavit, 18, Exhibit 7 this mentioning of disabled is obviously a tact designed to relieve the Fund of responsibility for their lying ways and to lead the Court in a wrong direction.

As far as the Plaintiff is concerned, it is his belief that the Honorable Judge should order this Pension Fund Council in front of him and strongly admonish or further punish said Council for attempting to "pull the wool over his eyes" with this misconception or possible outright lie.

In light of the foregoing Plaintiff does request the Court reject and deny any application for Supplemental Summary Judgment submitted by Defense.

Because of the foregoing the pro se Plaintiff, Thomas Tyndall, would like to ask the Court to reflect back on the previous Decision for Summary Judgment on the first part of this 2 part charge, the same thing happened in the paper work wherein I believe the Court was mesmerized by the word <u>amendment</u> and in doing the math the Court reached a decision, it is the fondest wish of this pro se Plaintiff that the Court would vacate that decision and allow the Plaintiff the right to argue all the points of the first half of this case.

As a postscript, Plaintiff wishes to thank your Honor for the extra time because the Plaintiff was sick with the flu last month.

Dated this 18 day of March, 2005.

                                    Respectfully submitted,
                                    By the Plaintiff, Pro-Se,

                                    Thomas E. Tyndall

## CERTIFICATE OF SERVICE

I, Thomas E. Tyndall, pro se plaintiff, certify that I caused a copy of the foregoing to be served to the following by ___HAND___ on March ___18___, 2005.

    Thomas M. Brockett, Local Counsel for the Defendants
    Robert M. Cheverie & Associates, P.C.
    333 East River Drive
    East Hartford, CT 06108

    United States District Court for the District of Connecticut
    Abraham Ribicoff Building
    Main Street
    Hartford, CT

                                      Plaintiff Pro-Se,

                                    Thomas E. Tyndall