UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

THOMAS E. TYNDALL,

Plaintiff,

v.

NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND, DAVID W. LAUGHTON, PAUL V. WALSH, ANTHONY S. BUONPANE, GEORGE W. CASHMAN, J. LEO BARRY, JOHN J. MCCARTHY, JR., WILLIAM M. VAUGHN III, and J. DAWSON CUNNINGHAM,

Defendants.

Case No. 3:03cv194(CFD)

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S REQUEST THAT THE HONORABLE COURT DENY DEFENDANT'S MOTION TO FILE A SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT**

Memorandum is in support of Plaintiff's request to recover interest on the lump sum payment paid by the Pension Fund long after its due date. Payment was due in February 1995, but payment was not made until October 4, 2001. Copies of checks included. Item # ____.

Defendant's position is that there is no interest owed on this lump sum and accordingly they denied my claim.

Interest for late payment has long been regarded as an implicit part of a contractual obligation to pay money. This principle was recognized by the Supreme Court more than a century ago: "Everyone who contracts to pay money on a certain day knows that, if he fails to fulfill his contract he must pay the established rate of interest for his non performance. Hence it may be said that such is the implied contract of the parties." Spaulding v. Mason 161 U.S. 375, 396 (1896). More recently, the Supreme Court noted that "Prejudgment Interest traditionally has

been considered part of the compensation due Plaintiff." Osterneck v. Ernst & Whinney, 489 U.S. 169, 175 1989.

In this instant case Plaintiff is only asking for the same thing the Fund asks for in the 1985 Pension Plan Article VIII Section 8.02 Page 50.

**Article VIII. Applications, Benefit Payments, Retirement, and Benefit Suspensions**

Section 8.02. Information and Proof. Every claimant for benefits shall furnish, at the request of the Trustees, any information or proof reasonably required to determine his benefit rights. If the claimant makes a willfully false statement material to his application or furnishes fraudulent information or proof material to his claim, benefits not vested under this Plan (as defined in Section 8.09) may be denied, suspended, or discontinued. The Trustees shall have the right to recover, through legal proceedings or offsetting against future benefits any benefits paid in reliance on any false statement, information, or proof submitted by a claimant (including withholding of material fact) **plus interest** and costs, including attorney fees, without limitation by recovery through offset of benefit payments as permitted by this Section. Further, in the administration of these rules concerning suspension of benefits, the Trustees may require of the Pensioner that he furnish evidence from the Social Security Administration concerning his employment history during a specified period of time.

Plaintiff cites the 1985 Pension Plan because that is the plan that the Defendant Pension Plan stated was in effect at the time of Plaintiffs application for Pension in May 1990 and at the time of his retirement.

The court will note that in reading section 802, 1985 Pension Plan that if the claimant furnishes false or fraudulent information he is subject to the punishment in this section which includes interest and costs.

But what happens if the fund furnishes false and misleading information to the claimant as has happened in this instant case.

Claimant, Participant, cites 4 letters in response to his application for Pension.

1. Letter from Margaret Hurst – June 23, 1980, not true – misinformation. Item # 1
2. Letter from Margaret Hurst – March 7, 1990, not true – misinformation. Item # 2
3. Letter from Helen Debricini – July 12, 1990, not true – misinformation. Item # 3

Also Plaintiff/Claimant cites memorandum from Charles Langone to Trustees mentioning incorrect information (would this not be equal to false and misleading information). Item # 4

**Prejudgment Interest**

- **Equitable theories of recovery**

Employees have been able to recover prejudgment interest by asserting that allowing a plan to retain interest on wrongfully withheld funds would constitute UNJUST ENRICHMENT or, alternatively, that relief granted without interest would fail to compensate an employee for the loss of the value of his or her money and, thus, would not make the employee whole. The Third Circuit, in allowing an employee to state a claim under ERISA Sec. 502(a)(3)(B) for interest on a retroactive lump-sum payment of benefits, rejected the argument that interest is an award of money. Interest is restitution for UNJUST ENRICHMENT and, thus, the court explained, is a traditional award in equity.

Generally, interest on pension funds is due to employees only if they have an unqualified right to immediate receipt of the funds.

In this current plea, it should be noted that the Trust Agreement which governs the Pension Fund and Plans calls for interest payments on money owed to the Fund. That being the case, shouldn't funds wrongfully withheld by the Fund be subject to the same?

In Article V, Section 4 of the Trust Agreement (1982), **Default of Payment**, nonpayment by an employer is subject to an interest charge as "prescribed under Sec. 6621 of the Internal Revenue Code of 1954 (currently 12% per annum); and further, liquidated damages shall be assessed in an amount of 20% of the amount of the delinquency, or such higher percentage as may be permitted under Federal or State law, plus reasonable attorneys' fees and costs of the action." Item # _____.

**In summary:**

"Prejudgment interest is not intended to penalize the trustee but serves as compensation for the use of money withheld. Hence, such an award must be made with an eye toward putting the plan in the position it would have occupied but for the breach." Ford v. Uniroyal Pension Plan, 154F.3d 613 (6th Cir. 1998)

Copy of Trust Agreement which demands interest on funds owed to Pension Plan will also be made available. Item # _____.

Dated this 18 day of March, 2005.

Respectfully submitted,
By the Plaintiff, Pro-Se,

Thomas E. Tyndall

## CERTIFICATE OF SERVICE

I, Thomas E. Tyndall, pro se plaintiff, certify that I caused a copy of the foregoing to be served to the following by HAND on March 18, 2005.

Thomas M. Brockett, Local Counsel for the Defendants
Robert M. Cheverie & Associates, P.C.
333 East River Drive
East Hartford, CT 06108

United States District Court for the District of Connecticut
Abraham Ribicoff Building
Main Street
Hartford, CT

Plaintiff Pro-Se,

Thomas E. Tyndall