UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS E. TYNDALL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NEW ENGLAND TEAMSTERS & TRUCKING )<br>INDUSTRY PENSION FUND, )<br>DAVID W. LAUGHTON, PAUL V. WALSH, )<br>ANTHONY S. BUONPANE, GEORGE W. )<br>CASHMAN, J. LEO BARRY, JOHN J. )<br>MCCARTHY, JR., WILLIAM M. VAUGHN III, )<br>and J. DAWSON CUNNINGHAM, )<br>)<br>Defendants. ) | Case No. 3:03cv194(CFD) |

## **AFFIDAVIT OF THOMAS TYNDALL**

I, Thomas Tyndall, under oath and based on my personal knowledge, hereby depose and state the following:

1. My name is Thomas Tyndall and am presently retired and living on Social Security and a very small pension from the New England Teamsters and Trucking Industry Fund (Fund).

2. The Fund is a defined benefit multi-employer pension plan located at 535 Boylston Street, Boston, Mass 02116. This Fund is governed by the ERISA Law of 1974.

3. The Fund was established pursuant to the rules and regulations of the 1958 National Master Freight Agreement, which was agreed to by the Teamsters Union and by the Trucking Industry Representatives dated April 4, 1958.

4. Contributions are contributed to the Fund based upon the work by participants and are paid by the employers to be set aside for future benefits for the participants. I am one of those participants.

5. In 1951 I started working at a Union Trucking Company in what is called covered employment the company I worked for was Trudon and Platt Motor Lines (T&P), Church Street, Bristol, Connecticut.

6. In 1955 I changed jobs and started working at Trans American Freight Lines (TA), Stanley Street, New Britain, Connecticut. Again this was covered work as this company was under Union jurisdiction.

7. I continued to work for Trans American (TA) until the early 1970's and when I left TA to work elsewhere I figured I had at least 20 years pension credits, both credits before the contribution and after the contribution years. The contributory years started in 1958.

8. In the year 1980 being I was 52 years old and a participant could retire on an early pension at that age, I traveled to Boston to check up on what I could retire on.

9. Upon being interviewed by one of the fund interviewers I was told that I could not put in an application because I had a break in service.

10. A few weeks later I received a letter from the Fund dated June 23, 1980 in which the Pension Department Supervisor, Margaret Hurst stated that I had a nine (9) year break which cancels all credited service prior to 1971. This letter proved later on to not to be true. But at the time it was devastating. All of my life's work down the drain.

11. Being I had a family, a mortgage, and all the other problems that a family man had I did not pursue this matter for about 10 years until I was 62 years old when I asked for an application. I received another letter again from Margaret Hurst, Supervisor, dated March 7, 1990 which stated, "We regret to advise you are not eligible any benefits from this fund." Again, this letter proved to not be true."

12. Undaunted, I proceeded to file a proper application for a <u>reduced</u> pension. Now I receive another letter dated July 12, 1990 which stated at the bottom of the page "Cancelled because of break in service – 17 years, 1 month." This letter was signed by Fund Manager, Helen Debreceni. Item #_____. Again, I was lost, bewildered, devastated and frustrated. How could the Fund Manager not know that if a participant had over 15 years credits and was older than 52 years old that the participant was fully vested. Simple I guess just write the type of letter she did and hope the Sap receiving the letter would believe it and go away. But this participant did not go away. Instead I requested copies of the pension plans i.e. 1958 through 1994. After receiving the copies of the plans I had requested. Now with these plans I discovered that all my rejection letters were false, nothing but <u>*lies*</u>. I then filed an appeal, dated October 21, 1994. Item #_____. This appeal brought pleasant results. I was awarded a <u>reduced pension</u> effective February 1, 1995. Here I must say this was a <u>reduced pension</u>, not a disability pension as Council for Defense is trying to promote in his memorandum. (Again more lies.)

In summing up this Affidavit for 25 years since the first rejection letter of 1980 I have been trying to get my <u>proper</u> pension benefit. I did the work – my employers paid into the Fund based on my work as they were required to do. But what do I get from the Fund – lies, lies and more lies starting from 1980 to this present day. Defense Council is trying to tell the Court that the pension in question is a disability pension that is not true – that is a <u>lie</u>.

This pro se Plaintiff not understanding all the ins and outs of the Law is just hoping to have this case tried in open Court and not in paperwork where Defendant's Council can twist words and meanings and bring forth cases from other Courts that <u>may resemble</u> the situation in

this instant case and have this Court grant them a supplementary summary judgment based on what happened in other courts.

For this Affidavit and other papers submitted I trust I have defeated Defense's Application for Supplemental Summary Judgment.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 18 DAY OF MARCH, 2005.

_____
THOMAS TYNDALL

Then personally appeared the above-named Thomas Tyndall and acknowledged the foregoing instrument to be his free act and deed, before me,

_____
Notary Public

**VINCENT S. LENTINI**
State of Connecticut Notary Public
My Commission Expires Nov. 30, 2005