UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS E. TYNDALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NEW ENGLAND TEAMSTERS & TRUCKING ) | |
| INDUSTRY PENSION FUND, ) | Case No. 3:03cv194(CFD) |
| DAVID W. LAUGHTON, PAUL V. WALSH, ) | |
| ANTHONY S. BUONPANE, GEORGE W. ) | |
| CASHMAN, J. LEO BARRY, JOHN J. ) | |
| MCCARTHY, JR., WILLIAM M. VAUGHN III, ) | |
| and J. DAWSON CUNNINGHAM, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW BY PLAINTIFF REQUESTING A DENIAL
OF DEFENDANTS SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT**

On April 29, 2004 this Court granted the Defendant's Motion for Partial Summary Judgment. Now they approach the Court to request the Court allow them to apply for Summary Judgment on Part Two (2) of the Plaintiff's complaint – whereupon the Plaintiff is asking for interest on a long overdue lump sum payment.

The Defendant's on page one of their memorandum state that the Trustees did not breach the terms of the Plan when they denied Mr. Tyndall a pension in 1990 – the Trustees denied the application when presented with misinformation pertaining to a break in service.

On to page two (2) factual background – Defendants again state that Tyndall was not eligible for benefits based on a break in service.

2nd Paragraph: Here the Defendants finally admit – the Fund was incorrect in their assessment and denial of Mr. Tyndall's application.

See item marked #1 – August 2001 Trustees meeting, wherein they admit to receiving inaccurate information with which they made their decision.

Page Three (3)

Defendants in 1st paragraph again are trying to make the Trustees look maganamous in awarding a pension and also for waiving the 6 month after 49 credits. Again, I refer the Court to the August 2001 Trustees meeting.

Page Three (3)

2nd paragraph. Again, Defendant's Council is trying to make the Fund Administration look good by telling the Court that Tyndall's benefit was increased by 10.5% for each year that Tyndall was older than 64. Sounds good doesn't it -- but what their Council is forgetting is that Tyndall was entitled to payments from July 1990 through January 1995 or for 54 months at $218, which equals $11,772.00 instead of the increase in benefits of $80.72 per month.

Page Four (4)

On March 30, 2001 Tyndall filed an appeal with the Fund concerning the 54 months past payments he was due. Nowhere in his letter did Tyndall request a change in dates about the inception of his pension payment.

Letter of March 30, 2001 – Marked Item Two (2)

Page Five (5)

    Whomever wrote these very factual amounts of back payments probably cannot figure too well – back payments equal $8,802.00.

Copy of checks marked Item Three (3)

Page Six (6)

    Finally they got the retroactive payment total right.

Page Seven (7)

    Paragraph two (2) Langone notified Tyndall that there was no provision in the Plan that would allow for interest on the lump sum payment – Langone is obviously not aware of Article VIII, Section 802, information and proof which discusses interest on payments predicated on false statements, information or proof.

Copy of Section 802 – 1985 Plan enclosed, marked Item # Four (4)

Page Seven (7), Heading 11. Argument

A Summary Judgment Standard

    Defendant's Council cites there is no genuine issue to be tried or discussed but Plaintiff disagrees. Council for Defense uses trickery, twisting of words and outright lies in his Memorandum of Law, this will soon be exposed and explained in this Request for Denial of Defendants Motion for Supplemental Motion for Summary Judgment.

Standard of Review in the instant case is whether the action of the Trustees was arbitrary or capricious.

The actions of the Trustees was not arbitrary or capricious; because their decision was predicated on false information.

See item marked # one (1)

Pages 8-9-10

Defense maintains that the Trustees have the power and right to decide all questions, decisions and any other problem that are presented to them, and that their decisions and findings are law, however Defendants skim over the fact that all their findings are <u>subject to appeal under</u> Section 10.04 –

Section 10.04 simply means these gentlemen are not infallible and especially when they are fed false information.

Page 11

Defense contends the delay in awarding Tyndall a Pension was no breach of the Plan and was justified and that the Plan does not directly or impliedly require interest – the denying of the Pension once again was predicated on false information and Article VII – Section 8.02 does imply interest.

Page 12

Now starts the misconstruing – twisting and outright <u>lies</u> by Defense Council. Council for the Defendants states Section 5.02b of the 1985 Rules & Regulations of the Plan states that "a

participant must have at least 6 months of Pension credit during the contribution period after attaining age 49." The provision also provides that the Trustees "<u>may</u> waive the requirement for 6 months after age 49 if the participant was <u>disabled</u> and <u>could not</u> earn pension credit for that reason" (emphasis added).

    Nowhere in Tyndall's application or in the Trustees finding in the August 2001 Trustees meeting was the word disabled mentioned. This word disabled is a figment of Defense Council's imagination.

Dated this 18 day of March, 2005.

                                        Respectfully submitted,
                                        By the Plaintiff, Pro-Se,

                                        Thomas E. Tyndall

## CERTIFICATE OF SERVICE

I, Thomas E. Tyndall, pro se plaintiff, certify that I caused a copy of the foregoing to be served to the following by _____Hand_____ on March __18__, 2005.

    Thomas M. Brockett, Local Counsel for the Defendants
    Robert M. Cheverie & Associates, P.C.
    333 East River Drive
    East Hartford, CT 06108

    United States District Court for the District of Connecticut
    Abraham Ribicoff Building
    Main Street
    Hartford, CT

                                          Plaintiff Pro-Se,

                                          Thomas E. Tyndall