UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS E. TYNDALL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND, DAVID W. LAUGHTON, PAUL V. WALSH, ANTHONY S. BUONPANE, GEORGE W. CASHMAN, J. LEO BARRY, JOHN J. MCCARTHY, JR., WILLIAM M. VAUGHN III, and J. DAWSON CUNNINGHAM, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Case No. 3:03cv194(CFD)

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Page 1 – Paragraph 1 "Plaintiff was not entitled to a Pension in 1990."

Defendant Council Conti is now saying the Trustees erred when they awarded a Pension to participant Plaintiff Tyndall.

"The lump sum payment Plaintiff received was not for past due benefits." – If not for past due benefits, then what was it for?

Here Defendant Council Conti is stating that the Trustees are just giving money away for no good reason. Which is definitely a violation of the ERISA Law.

"Plaintiff contributed to any delay."

Most all letters and communications from the Pension Fund to Plaintiff Tyndall are fraudulent, misconceptions, misinformation and also omissions of pertinent facts. In light of this constant fraud Plaintiff takes his time when analyzing this information.

1. **The Trustee's Actions were not arbitrary and capricious.**

As stated in previous pleadings how could the Trustee's actions be arbitrary or capricious when all the information they were told was predicated on false and misleading information given to them by their own fund management officials.

*Firestone v. Bruch 489 US 101 (1989)*

A. **PLAINTIFF WAS NOT ENTITLED TO A PENSION IN 1990**

Again Defendant Council Conti is stating that the Trustee's were very wrong in awarding Plaintiff Participant Tyndall a Pension, perhaps the Trustee's should step aside and let Attorney Conti run this Pension as maybe Conti could do a better job.

When funds are due from the Pension Fund starting in 1990 and not paid until 2001 certainly the injured party is entitled to interest, to deny interest is to UNJUSTLY ENRICH the errant Pension Fund.

Page 2 – 2nd Paragraph – Last Sentence "Thus, Plaintiff was not entitled to a Pension at that time."

Again, Defense Council Conti second guesses the Trustees and implies that the Trustees are inept, foolish and it borders on that they were stupid to award Tyndall a Pension when they did not have to.

Page 2 – 3rd Paragraph.

Why is Defense Council questioning every move the Trustees make. I thought that the Defense Council Conti was supposed to defend and try to impress upon the Court that the

Trustees were right in all their actions, here however Conti seems to be saying the Trustees did a very fool thing in awarding Tyndall a Pension, when they could have squirmed out of it.

What prompted the Trustees to award Tyndall a Pension was because in his (first ever) appeal Tyndall pointed out to the Trustees how their management team had fraudulently advised Tyndall that he had suffered a break in service, not once, not twice, but three times over a fourteen (14) year period and that due to this break in service Mr. Tyndall was not entitled to any pension benefits. (Copies of Tyndall's appeal, Trustee's findings, and Langone's analysis included[1].)

## B.    LUMP SUM PAYMENT WAS NOT FOR PAST DUE BENEFITS

Again, Plaintiff states that payments owed in 1990 and not paid until 2001 should certainly include interest. The Fund insists on interest on funds owed to them, "what is good for the goose should be good for the gander."

B., Second Paragraph, Second Sentence: "When the Fund granted Tyndall's 2001 REQUEST to change his retirement date from February 1995 to August 1990 the Trustees voted to do so because the REQUEST simply required the Fund to reallocate the benefits owed Tyndall pursuant to an earlier retirement date at no cost to the Fund."

Plaintiff has emphasized the word request because they are not true they are lies – nowhere, nowhere did Plaintiff Tyndall "request" a change in the inception of his effective retirement date.

- Footnote -

[1]Please note in Summary of Analysis signed by Charles Langone item marked last day of employment – 1984.

Perhaps Pro Se Plaintiff Tyndall is out of his normal natural environment because he fails to understand why Defense Council Conti first belittles and contradicts the actions of the Trustee's he is supposed to defend, and to top that off he tells blatant lies to this Court, Plaintiff wonders if this is what attorney's normally due and if he is going to get away with it.

Paragraph 4 – Again another lie – REQUEST.

Page 5 – 1st Sentence

Now Defense is stating that the letter of June 23, 1980 by Margaret Hurst, Supervisor Pension Department is merely an opinion. Sure sounds like fact to me.

Last sentence, 2nd paragraph – "You did not work at least 8 months in any year from 1971 through 1979; therefore, you have a 9 year break in service, which cancels all credited service prior to 1971."

If all my credits previous to 1971 are cancelled then I have no credits at all – this letter was completely refuted in my October 1994 appeal.

Based on 1979 Pension Plan, page 32 and Section 503 of the ERISA Law this letter should have been accompanied by a letter stating exactly what I would have to do to undue this loss of Pension. There was no letter explaining the process of how to regain my Pension Credits from 1958 to 1971.

Page 4, Second Paragraph

"Lastly, after being awarded a Pension in February 1995, Tyndall did nothing for another six years until REQUESTING, in 2001, that his effective retirement date be changed from February 1995 to August 1990."

Page 4, Last Paragraph

Again, Defense mentions six years before REQUESTING that his retirement date be changed to August 1990.

What Plaintiff reads between the lines is that being his word DISABLED has been shot down now he will try for 6 year statute of limitations. But Plaintiff disagrees as this instant case has been so littered with fraud: i.e. letters and statements such as REQUESTING his Pension date to be changed – something Plaintiff did not do.

Page 4, Last Sentence

"Thus it is clear that any delay was caused by Mr. Tyndall's own dalliance." Before this brief is completed Plaintiff will speak more on dalliance.

Page 5, 1st Paragraph

Plaintiff does not have an estoppel claim. "In order to establish a claim for equitable estoppel in the second circuit, a Plaintiff must show: (1) a material misrepresentation.

Would not the fraudulent letters from Margaret Hurst and Helen Debricini be material misrepresentation.

"The Second Circuit was held, however, that estopple applies in ERISA cases only in extraordinary circumstances" – Again where fraud abounds such as in this instant case. The fraud started in 1980 and continues to this very day see the word REQUESTED, on almost every page of Defendant's pleadings. Obviously where fraud abounds that would be "extraordinary circumstances."

Page 6

Defense Council states that "the Fund was not obligated to advise Tyndall as to every aspect of the Plan." The previous sentence is in direct opposition to the very reason why the Congress of the United States of America wrote and passed Public Law 93-406 93rd Congress, H.R.2 September 2, 1974. This act is better known as Employee Retirement Income Security Act of 1974 (ERISA Law).

Defense states "ERISA does not require plan administrators to investigate each participant's circumstances and prepare advisory opinions for literally thousands of employees."

The preceding sentence is false and ERISA, and the Pension Plans do infer that if a participant is denied a Pension the Administrator should spell out in plain language (1) the reasons for the denial and (2) how the participant should go about to rectify the reason for such denial.

See page 32 – 1979 Pension Plan and also Section 503 of title one of the ERISA Law (copies enclosed).

Page 6 – 2nd Paragraph

Plaintiff does claim that if he was aware of the 6 months after 49 he would have earned the 6 months time. The reason Plaintiff was not aware was because he did not receive any updates from the Plan when he left covered employment in 1972, previous to 1972 Plaintiff received yearly reports, updates and also revised Pension Plans. When Plaintiff left covered employment he had already worked in covered employment in excess of 20 years from 1951 to 1972. All it took was 15 years service to be fully vested in the Pension Plan.


Footnotes, Page 6 #4 and #5

# 4 Defense states "from 1971 to 1980, a nine year period, Mr. Tyndall earned only 5 months of pension credit, all of it in 1972 when he was 44 years old."

# 5 Similarly, even if the Fund had denied Mr. Tyndall a Pension in 1990 for the stated reason that he did not have the six months of Pension credit after age 49, it is extremely unlikely that he would have worked in covered employment and earned six months of pension credit at that time, at age 62.

Both of these footnotes are false information – as far as footnote # 4 – Tyndall worked and was granted 1 credit in the year 1976.

Footnote # 5 – Tyndall worked in the trucking business all his life and did get partial credit in 1984 – see Charles Langone's "Summary of Analysis" where in Langone states reason Trustees awarded Tyndall's Pension and note last day of employment in 1984. (copy enclosed)


Page 7 – The Plan does not provide for the paying of interest.

Defense seems to say that as far as interest on Funds owed goes this is a one way street, if a claimant commits fraud the Trustees are justified to claim interest but if the Fund Management commits fraud against the claimant that's o.k. Certainly a very narrow way to look at the problem of fraudulent activities by the Fund officials.

Page 8 – Defendant's settlement offer does not constitute an admission of guilt.

Defendant's Attorney J. Conti and Fund Manager, Charles Langone met with Plaintiff Thomas Tyndall on December 3, 2004 in front of Judge Thomas Smith at Hartford, Connecticut.

This meeting was supposed to see if the matter of interest could be settled without a trial – Plaintiff came to this meeting prepared to arbitrate – Defense Council Conti made Mr. Tyndall a magnamous offer at the very start if Plaintiff Tyndall would sign certain papers and go away for good. This very large amount Conti offered was $500. Plaintiff feels there is no more need to dwell on this part of this issue.

Page 9 – Plaintiff's request that the Court reconsider its order granting Defendant's initial motion for summary judgment is time barred.

Yes, Plaintiff does request the Court to reconsider the ruling on motion for summary judgment made on April 29, 2004 – there are two (2) reasons for this request.

# 1 – This ruling does allow on the first (1st) business day of each month the New England Teamsters and Trucking Industry Pension Fund (Fund) the right to break the law in that they violate Public Law 93-406 – 93rd Congress, H.R. 2 – September 2, 1974. This law is better known as ERISA. The portion of the ERISA Law they break is part of title one, Section 204 G which states.

"(g) the accrued benefit of a participant under a plan may not be decreased by an amendment of the Plan, other than an amendment described in Section 302 (c)(8)." (Copy of 302 (c)(8) enclosed.)

# 2 – The Fund violates articles in each and every Pension Plan from the 1958 Plan through the 1985 Plan and beyond. (copies of articles and Plans as follows.)

Copy of 1958 Plan, Article IX – Pertinent Facts Underlined and Highlighted

Copy of 1963 Plan, Article IX – Pertinent Facts Underlined and Highlighted

Copy of 1964 Plan, Article IX – Pertinent Facts Underlined and Highlighted

Copy of 1967 Plan, Article X – Pertinent Facts Underlined and Highlighted

Copy of 1971 Plan, Article X – Pertinent Facts Underlined and Highlighted

Copy of 1974 Plan, Article X – Pertinent Facts Underlined and Highlighted

Copy of 1979 Plan, Article XI – Pertinent Facts Underlined and Highlighted

Copy of 1985 Plan, Article XI – Pertinent Facts Underlined and Highlighted

Copy of 1989 Plan, Article XIII, Section 13.01 – Pertinent Facts Underlined and Highlighted

Copy of 1994 Plan, Article XIII, Section 13.01 – Pertinent Facts Underlined and Highlighted

Copy of 1997 Plan, Article XIV, Section 13.01 – Pertinent Facts Underlined and Highlighted

Dated this 2 day of May, 2005.

                                                  Respectfully submitted,
                                                  By the Plaintiff, Pro-Se,

                                                  Thomas E. Tyndall

## CERTIFICATE OF SERVICE

I, Thomas E. Tyndall, Pro Se Plaintiff, certify that I caused a copy of the foregoing to be served to the following by ____HAND____ on May __2__, 2005.

    Thomas M. Brockett, Local Counsel for the Defendants
    Robert M. Cheverie & Associates, P.C.
    333 East River Drive
    East Hartford, CT 06108

    United States District Court for the District of Connecticut
    Abraham Ribicoff Building
    Main Street
    Hartford, CT

                                                  Plaintiff Pro-Se,

                                                  Thomas E. Tyndall

# Certificate of Award

In recognition of your long years of employment, the Board of Trustees, on behalf of your Local Union and your Employer, take great satisfaction in providing you with this document which certifies the pension benefits awarded to you under the Rules and Regulations of the Pension Plan.

## This is to certify that

THOMAS E. TYNDALL

having retired from employment after the requisite years of employment and having met the qualifications established by the Trustees of the Pension Fund for eligibility is entitled to retirement benefits as specified below:

Date of Award    March 9, 1995       Certificate No.    36548

Effective Date of Benefits      FEBRUARY 1, 1995

Pension Type                REDUCED

_____  _____
Chairman of Employer Trustees   Chairman of Union Trustees

_____  _____
Employer Trustee                 Union Trustee

_____  _____
Employer Trustee                 Union Trustee

_____  _____
Employer Trustee                 Union Trustee

**NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND**

October 21, 1994

OCT 27 1994

PENSION FUND

Trustees
New England Teamsters & Trucking
    Industry Pension Fund
535 Boylston Street
Boston, Massachusetts 02116-3770

Gentlemen:

I would like to appeal the rejection of Pension Application #34422. Every time I have approached the Pension Fund for information about my credits for pension, I have received a rejection letter.

Starting with June 23, 1980 the response I received was that I had a break... which to quote "Cancels all credited service prior to 1971." I again attempted to apply for my pension with my letter of February 23, 1990, in which I explained that I had worked in the craft in union companies since 1951. I again received a negative response..."We regret to advise you are not eligible for any benefits from this fund."

However, this rejection did not dampen my spirits and I put in a formal application for my pension again on May 18, 1990. This time I went to the Boston office of the Pension Fund and was interviewed. The interviewer told me that I had lost all my credits and that even if I worked and got my six months after age forty-nine, I still would have nothing. He stated that I had lost all my previous credits because I did not work during the three years after 1970.

I received a letter from the Pension office dated July 12, 1990 reaffirming exactly what the interviewer had told me. The letter stated that my application for Reduced Pension was rejected. This time the rejection was because, "You left covered employment before attaining vested status." At the bottom of the page following the list of my years of credited service, there was a notation stating "Cancelled because of Break in Service - 17 years, 1 month." Also in that same letter the writer mentioned that three years of vesting service after 1970 is necessary to keep my previous years credit. In essence, Gentlemen, the writer stated that I had lost everything.

Now, after brooding over these rejection letters for a few years, I again addressed the Pension Fund in a letter dated June 1, 1994. To this date, I have not received a reply to this request for information.

Not to be put off, I again wrote to the Pension Fund Office on August 11, 1994. A response, dated August 30, 1994, was positive for the first time in this lengthy quest. In the letter of August 30th, I was told that I am not eligible for any benefits from this fund, but in the fourth paragraph, the letter states

Pension - Page 2

that if I earn six months contributory credits I will qualify for a Reduced Pension. My question is why was I not advised of this eligibility prior to this letter of August 30, 1994?

In the fourteen years since 1980, I was told everything negative and nothing positive. Had I been advised of this six month requirement, I would have had little trouble attaining the six months credits.

The following examines the facts of this case: The letter, dated June 23, 1980, speaks of Article IV, Section 4.04 (b) of the 1979 Pension Plan booklet. Had the writer read Article IV, Section 4.04 (c), she could have called Local 671, East Hartford, CT to verify that I had previous credits dating back to 1951 which would have proved enough credits for my vesting. Article III, Section 301 suggests in the main heading and also in Paragraph A that this verification could be made with the Local Union. This was also pointed out in the Rules of the 1974 Plan booklet in Article III, Section 2. Had this rule been reviewed, then Article V, Section 28 of the 1974 booklet would have cleared all confusion. This Rule states that anyone with fifteen years of Credited Service cannot suffer a break in service.

The letter received from the Fund office and dated March 7, 1990 deals only with the rules of the Statutory Pension and again overlooks the fact that I have well over fifteen years of Credited Service.

During the interview at the Fund Office in May or June of 1990, I was again told I had lost all my credits because I had not received any credits in 1971-72-73. The interviewer said that because of a break in service, I had lost all of my pension credits.

Soon after the May/June 1990 interview, I received a letter dated July 12, 1990 which reaffirmed what the interviewer had stated to me. The July 12th letter stated that I had seventeen years and one month credits which were cancelled because of a break in service. Obviously neither the interviewer nor the letter writer were aware of Article 4 Section 4.04(c) of the 1979 Plan booklet which clearly states, and I quote "A participant who has attained Age 52 and has fifteen pension credits shall not thereafter be subject to this Break in Service Rule." This statement is also in the 1985 booklet in Article IV Section 4.04(b).

In line with what the 1979 and 1985 booklets say about vesting, the 1974 booklet says it better in Article V Section 28 and again I quote "A covered employee who has attained age 52 and has 15 years of credited service in covered employment shall have a vested right to a pension if and when he applies for benefits and retires in accordance with the provisions of the Pension Plan. Once a covered employee has a vested right as provided in this section, he shall not be subject thereafter to the continuity of Future Service Rule in Article IV, Section 3.

To continue, your letter dated August 30, 1994 states in Paragraph 4 that because of my failure to earn six months of contributary credit after age forty

Pension - Page 3

nine, I am still disqualified for a pension. Gentlemen, this paragraph should have been written fourteen years ago. It should have been in the letter of June 23, 1980 and in all subsequent letters. The same information should have been explained to me by the interviewer rather than by his denial that this option existed.

In summing up this appeal, I put forth some of the obstacles I now face.
1. There are less job opportunities due to deregulation and the closing of a great number of Union Trucking Companies.

2. Because of all the rejection letters received from the Pension Fund, I felt there was no reason to apply for my Commercial Drivers License (CDL). As it stands now, I will have to go to school to regain my right to drive heavy equipment...a right I had since Class One Licenses were instituted.

3. My age and physical condition. I am now sixty-six years and nine months old and I suffer from an arthitic degenerative spine for which I am now being treated for at a VA Hospital.

All in all, Gentlemen, I do not think I was treated fairly and I now appeal to you to right this wrong.

Sincerely,

*Thomas E. Tyndall*
Thomas E. Tyndall

Thomas E. Tyndall
RR #1  Box 65B
Thetford Center, VT  05075

Encs.

cc: Harold Kastle

<u>FOR THE AUGUST 2001 TRUSTEE MEETING</u>

<u>THOMAS TYNDALL</u>                              S.S. #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

Present Age: 73                                      Last Employer: Spector Frt.
Date of Birth: 1/31/28                               Local Union: 671

---

<u>ISSUE</u>:  Request for earlier effective date and additional credit.

The Board of Trustees reviewed Mr. Tyndall's claim to a pension benefit at the January 1995 meeting. The Trustees agreed to award him a Regular Pension commencing February 1, 1995 on the basis that he had received prior information from the Fund Office regarding a break in service which was later found to be inaccurate. In awarding him a Regular Pension, the Trustees agreed to waive the 6-month after age 49 credit requirement on the basis that he could have earned the necessary 6 months of credit if he was properly advised that his prior 16 years of credit had not been canceled.

His benefit amount payable at Normal Retirement Age (age 64 = 2/1/1992) was $256.25. Since he was awarded a pension benefit commencing February 1, 1995, his benefit amount was subject to an actuarial increase of $80.71 per month. Since he elected the Husband and Wife form of payment, he received a pension benefit of $287 per month.

As stated on the attached letter, Mr. Tyndall is claiming that his pension should have been payable retroactive to August 1, 1990 based on the fact that his application was filed on May 25, 1990.

In addition, he is also claiming that he should have been granted past service credit for his employment with Trudon & Platt Motor Lines in the early 1950's. The basis of his claim is set forth on pages 2 and 3 of his letter. According to our records, this Company was not approved in Locals 671 and 677 for past service credit.

---

<u>QUESTIONS</u>:

1. Is there any basis to change Mr. Tyndall's pension commencement date to August 1, 1990?

2. Is there any basis to grant Mr. Tyndall past service credit for his employment with Trudon & Platt Motor Lines?

<u>RECOMMENDATION</u>:

1. YES;  2. NO

---

<u>TRUSTEES' DECISION</u>:  Agree _____  Disagree _____  Change _____  Table _____

<u>FOR THE JANUARY 1995 TRUSTEE MEETING</u>

## APPEAL

<u>THOMAS TYNDALL</u>                S.S. #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

Present Age: 66
Date of Birth: 1/31/28              Local Union: 671
                                    Last Employer: Transamerican Frt.

---

<u>ISSUE</u>: Reconsideration of service requirements for a pension.

This 66 year old former participant accumulated over 17 years of credited service (12 years/10 months of contributory credit) from 1958 to 1976. A summary of the hours reported on his behalf is attached. As shown, he had continuous service in the Plan through 1970, 5 months of credit in 1972 and 1 month of credit in 1976.

Because he did not earn 6 months of pension credit after age 49, he did not meet the eligibility requirements to a regular-type pension. Because he did not complete 3 years of vesting service after 1970 and did not earn at least 375 hours in 1974, 1975 or 1976, he did not meet the service requirements to a Statutory Pension.

In 1980 and on a number of occasions thereafter, we advised Mr. Tyndall that he had incurred a break in service. However, in response to another inquiry in 1994, it was determined that he had <u>not</u> incurred a Statutory break in service (as defined in Section 6.03 of the Plan) because he had accumulated over 15 years of pension credit and had attained age 52 before incurring a break in service (Section 4.04 of the Plan). Therefore, he was advised that his ineligibility to a pension was due to his failure to meet the above service requirements and not the result of the cancellation of his pension credit due to a break in service.

Mr. Tyndall has appealed the rejection of his claim for a pension. As stated on the attached letter, he is now 66 years old and is not able to return to covered employment. He claims that he would have been able to earn the additional 6 months of pension credit necessary to qualify him to a pension if he had been properly advised of this fact in 1980 rather than being told that he had lost all of his credit due to a break in service.

If the Trustees waive the 6-month after age 49 requirement, he would qualify for a benefit of approximately $256 per month payable at Normal Retirement Age (age 64).

---

<u>QUESTIONS</u>:

    1. Is there any basis to award Mr. Tyndall a pension benefit?

<u>RECOMMENDATION</u>:

    1. YES - incorrect information regarding break in service.

---

<u>TRUSTEES' DECISION</u>: Agree ✓____ Disagree _____ Change _____ Table _____

65

Lombard Bros Inc

Certificate No. 3(548
Application No. 34422

Name __Tyndall_____Thomas_____E._____
        Last              First           Middle

Address __RR 1 - Box 65B - Thetford Center, VT 05075__

Social Security No. _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_  Local Union No. _671-016_

Date of Birth _1_ - _31_ - _25_ ✓
             Month  Day   Year

Date Application Received _5/25/90_ ✓    Last Day of Employment _1984_

Age Attained on Retirement Date _____

Nature of Proof of Age _Births & Marriage_

## SUMMARY OF ANALYSIS

_Thomas E. Tyndall_, qualified for a _Reduced_ Pension

of $_287_ ✓ effective _2/1/95_ ✓ under Benefit Type _#375_

Options Selected: _Husband & wife 50%_

Christmas Benefit: _$400 (12/96)_    (*144)

Date Approved _Feb 9, 1995_    _____
                                       Fund Manager

_____ did NOT qualify for a Pension because:

Date Rejected _____
                                    Fund Manager

ACTION BY TRUSTEES (if any): _awarded pension at 1/95 mtg based on incorrect information given him re Break._

SUMMARY SENT _2/10/95_

Revised 1/92

17-1
2-10  $337

Act Adj 2/92 - 1/95
3 yrs = $80.72 +/mo

RECEIVED June 23, 1980

MAR -2 1990
PENSION FUND

S. S. 048 20 8034
Date of Birth: January, 1928

Mr. Thomas E. Tyndall
60 Lakeview Drive
Wolcott, Ct. 06716

Dear Mr. Tyndall:

In reply to your letter of May 27, 1980, and your recent visit to our office.

It would appear that you do not meet the General Eligibility Requirements. Article IV, Section 4.04 (b) of our Rules states that if a Covered Employee fails to earn at least eight months of Future Service in any one of six consecutive calendar years it shall be considered a Break in Covered Employment, and all previous Credited Service shall be cancelled. You did not work at least eight months in any year from 1971 through 1979; therefore, you have a 9 year Break in Service, which cancels all Credited Service prior to 1971.

Our records indicate the following contributions were made on your behalf.

| Year | Hours | Months |
|---|---|---|
| 1958 | 1223 | 8 |
| 1959 | 2092 | 12 |
| 1960 | 2022 | 12 |
| 1961 | 2051 | 12 |
| 1962 | 2123 | 12 |
| 1963 | 1943 | 12 |
| 1964 | 2071 | 12 |
| 1965 | 2079 | 12 |
| 1966 | 2062 | 12 |
| 1967 | 2070 | 12 |
| 1968 | 2066 | 12 |
| 1969 | 2020 | 12 |
| 1970 | 1320 | 8 |
| 1971 | 23 | 0 |
| 1972 | 751 | 5 |
| 1973 | 40 | 0 |
| 1974-1975 | 0 | 0 |
| 1976 | 152 | 0 |
| 1977 | 98 | 0 |
| 1978-1980 | 0 | 0 |

Because of the Break in Service, you do not have 15 years of Credited Service as required in Article V, Section 5.07 of our Pension Plan Booklet, which is enclosed.

**NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND**



535 Boylston Street
Boston, Massachusetts 02116
617-266-8900

"Advice about claims, benefits, eligibility or status of participants is based on the present rules of the Fund which are subject to change without notice."

Thomas E. Tyndall     - 2 -     June 23, 1980

RECEIVED

MAR -2 1990

PENSION FUND

All statements concerning eligibility, credits and status contained in this letter are subject to further verification and are subject to review at any time hereafter. Approval of all pensions is subject to a vote of approval by the Board of Trustees of the Fund as well as the employer's continued compliance with the Rules and Regulations of the Fund.

                 Very truly yours,

MH/ces                    Margaret Hurst, Supervisor
Local #671                Pension Department
Enclosure

**NEW ENGLAND
TEAMSTERS &
TRUCKING INDUSTRY
PENSION FUND**



535 Boylston Street
Boston, Massachusetts 02116-3770
Tel. 617-266-8900
Fax 617-247-8188

Toll Free Telephone Nos.
Mass. Only   800-322-1216
Out of State  800-447-7709

"Advice about claims, benefits, eligibility or status of participants is based on the present rules of the Fund which are subject to change without notice."

March 7, 1990

Thomas Tyndale
86 Forest Road
Millis, MA 02054

R:  SS# 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

Dear Mr. Tyndale:

In reply to your recent letter:

In order to qualify for vesting under the new vesting provisions for this Plan and to preserve previous Credited Service:

a. A participant must work in Covered Employment for which contributions were paid for at least 375 hours during the calendar years 1974 or 1975 or 1976. If not, he will lose all of the Credited Service he accumulated prior to January 1, 1977;

BUT

b. If a Participant's Credited Service is cancelled because he failed to comply with (a) above, he can reinstate all of his previous Credited Service if he works at least 750 hours in Covered Employment for which contributions were paid in any calendar year after 1976;

AND

c. In order that service credit which he accumulated before January 1, 1971 can be counted toward the new vesting provisions for this Plan, a Participant must also have worked at least 750 hours in Covered Employment for which contributions were paid in each of three years on and after January 1, 1971.

We regret to advise you are not eligible any benefits from this Fund.

Very truly yours,

Margaret Hurst, Supervisor
Pension Department

MH/mm
cc: Local 671