UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS E. TYNDALL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NEW ENGLAND TEAMSTERS & TRUCKING )<br>INDUSTRY PENSION FUND, )<br>DAVID W. LAUGHTON, PAUL V. WALSH, )<br>ANTHONY S. BUONPANE, GEORGE W. )<br>CASHMAN, J. LEO BARRY, JOHN J. )<br>MCCARTHY, JR., WILLIAM M. VAUGHN III, )<br>and J. DAWSON CUNNINGHAM, )<br>)<br>Defendants. ) | Case No. 3:03cv194(CFD) |

## **LOCAL RULE 56(a)1 SUPPLEMENTAL STATEMENT OF FACTS**

Pursuant to Local Rule 56(a)1 of the Local Civil Rules of the United States District Court for the District of Connecticut, some of the following are supplemental material facts as to which there is a genuine issue to be tried.

1. Agree

2. Disagree

    Mrs. Hurst did indeed send a letter (which proved to be misinformation). Mrs. Hurst also sent along a copy of the 1979 Pension Plan which states that if an application for pension is denied then the Fund should advise the denied applicant how said applicant can correct the defects in his or hers application. Page 32, 1979 Pension Plan (sent to the Court in previous papers).

    In line with the Pension Plan, ERISA also states the same in Section 503 Claims Procedure:

Sec. 503. In accordance with regulations of the Secretary, every 29 USC employee benefit plan shall –

>    (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

>    (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim. (copy enclosed)

3. Agree

4. Agree

5. Agree

6. Disagree

    Another misstatement by the Defendant. Mr. Tyndall was granted one (1) credit for employment in covered employment in 1976. (Copy included.) Tyndall also worked in covered employment in 1984. (copy enclosed)

7. Agree

8. Agree

9. Agree

10. Agree, but it should be explained that the Pension was awarded not because of any disability, but because the applicant had been told false and misleading information for about 14 years by Pension Fund Management.

11. Perhaps here in the statement of facts, Plaintiff does want to raise the issue that this supplemental application for Summary Judgment should be denied because it is time barred by the rules of court sent to both parties at the commencement of this instant case by Kevin Rowe, Clerk of the Court for the Second District, New Haven, CT (a copy of

this rule is included). Also the court should look at the time element of the first application for Summary Judgment as that filing took place (9) nine months after Judge Wolf of the First District accepted this instant case into the Federal Court System and also transferred it from First District, Boston, Mass to 2nd District, Hartford, Conn. Judge Wolf transferred this case on November 29, 2002 and Motion for Summary Judgment was filed on July 11, 2003. From November 2002 to July 2003 is (9) nine months, 2 months over the time limit set by the rules of the Court issued by Kevin Rowe, Clerk of Court, 2nd District, Connecticut. (copy of Court Rules Included) Copy of Judge Wolf's Acceptance and Transfer also included.

Dated this ___ day of May, 2005.

Respectfully submitted,
By the Plaintiff, Pro-Se,

_____
Thomas E. Tyndall

## CERTIFICATE OF SERVICE

I, Thomas E. Tyndall, pro se plaintiff, certify that I caused a copy of the foregoing to be served to the following by ____HAND____ on May __2__, 2005.

Thomas M. Brockett, Local Counsel for the Defendants
Robert M. Cheverie & Associates, P.C.
333 East River Drive
East Hartford, CT 06108

United States District Court for the District of Connecticut
Abraham Ribicoff Building
Main Street
Hartford, CT

Plaintiff Pro-Se,

_____
Thomas E. Tyndall

# Certificate of Award

In recognition of your long years of employment, the Board of Trustees, on behalf of your Local Union and your Employer, take great satisfaction in providing you with this document which certifies the pension benefits awarded to you under the Rules and Regulations of the Pension Plan.

## This is to certify that

THOMAS E. TYNDALL

having retired from employment after the requisite years of employment and having met the qualifications established by the Trustees of the Pension Fund for eligibility is entitled to retirement benefits as specified below:

Date of Award     March 9, 1995            Certificate No.    36548

Effective Date of Benefits        FEBRUARY 1, 1995

Pension Type                      REDUCED

_____          _____
Chairman of Employer Trustees           Chairman of Union Trustees

_____          _____
Employer Trustee                        Union Trustee

_____          _____
Employer Trustee                        Union Trustee

_____          _____
Employer Trustee                        Union Trustee

**NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND**

Obtain a statement telling him whether he has a right to receive a pension at Normal Retirement Age (age 64, or, if later, his age on the tenth aniversary of his plan participation) and, if so, what his benefits would be at Normal Retirement Age if he stopped working under the Plan now. If an employee does not have a right to a pension, the statement will advise him how many more years he has to work to get a right to a pension. This statement must be requested in writing and is not required to be given more than once a year. The Plan will provide this statement free of charge. The Plan will provide this information to the extent it is able to, based on available records.

For more information on the PBGC insurance protection and its limitations, employees should ask the Plan Administrator (Fund Office) or the PBGC. Inquiries to the PBGC should be addressed to the Office of Communications, PBGC, 2020 K Street, N.W., Washington, D.C. 20006. The PBGC Office of Communications may also be reached by calling (202) 254-4817.

## Employee Rights Under the Employee Retirement Income Security Act of 1974 (ERISA)

This Pension Plan was established as the result of Collective Bargaining Agreements and its purpose is to improve the security and well-being of the employees and their beneficiaries. The Trustees, the Employers, and the Union want an employee as a participant in the Plan to receive the full benefits to which he is entitled. This booklet describes the Plan and tells the employee and his beneficiary how to get more information. The description of the claims and appeals procedure explains how to apply for benefits and how to follow up, if necessary.

However, in addition to what the Trustees, the Employers and the Union have done to see that the Plan's benefits are fulfilled, federal regulations require the following summary of rights and protections to which every participant in the Plan is entitled under the law (ERISA):

ERISA provides that an employee, as a plan participant, shall be entitled to:

Examine, without charge, at the Plan Administrator's office and specified locations, such as qualified worksites and union halls, all plan documents, including insurance contracts, Collective Bargaining Agreements and copies of all documents filed by the plan with the U.S. Department of Labor, such as detailed annual reports and plan descriptions.

Obtain copies of all plan documents and other plan information upon written request to the Plan Administrator. The Administrator may make a reasonable charge for the copies.

Receive a summary of the Plan's annual financial report. The Plan Administrator is required by law to furnish each participant with a copy of this summary annual report.

In addition to creating rights for plan participants, ERISA imposes duties upon the people who are responsible for the operation of the employee benefit plan. The people who operate the Plan, called "fiduciaries" of the Plan, have a duty to do so prudently and in the interest of employees and other plan participants and beneficiaries. No one, including an employee's Employer, his Union, or any other person, may fire him or otherwise discriminate against him in any way to prevent him from obtaining a pension benefit or exercising his rights under ERISA.

Under ERISA, there are steps an employee can take to enforce the above rights. For instance, if he requests material from the Plan and does not receive it within 30 days, he may file suit in a federal court. In such a case, the court may require the Plan Administrator to provide the materials and pay the employee up to $100 a day until he receives the materials, unless the materials were not sent because of reasons beyond the control of the Administrator. If an employee has a claim for benefits which is denied or ignored, in whole or in part, he may file suit in a state or federal court. If it should happen that plan fiduciaries misuse the Plan's money, or if he is discriminated against for asserting his rights, he may seek assistance from the U.S. Department of Labor, or he may file suit in a federal court. The court will decide who should pay court costs and legal fees. If the employee is successful, the court may order the person he has sued to pay these costs and fees. If he loses, the court may order him to pay these costs and fees, for example, if it finds his claim frivolous.

If an employee has questions about the Plan, or his rights, or this statement, he should contact the Fund Office. He may also direct any such questions to the nearest Office of the U.S. Labor-Management Services Administration, Department of Labor.

32

# PUBLIC LAW 93-406
# 93RD CONGRESS, H.R.2
# SEPTEMBER 2, 1974
# ALSO KNOWN AS ERISA LAW

## Claims Procedure

Sec. 503. In accordance with regulations of the Secretary, every 29 USC 1133, employee benefit plan shall –

(1)     provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

(2)     afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

# NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND

535 Boylston Street                                              Boston, Mass. 02116
                                                                 (617) 266-8900

DATE- 3/05/90      TIME- 9:03:23                    RE: TOTAL CREDIT

T TYNDALL
60 LAKEVIEW DR                                      S.S.#. 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
WOLCOTT      CT 06716

*1951*
*1952*
*1953*
*1954*
*1955*
*1956*
*1957*

PER YOUR REQUEST, BELOW IS A LIST OF HOURS REPORTED ON YOUR BEHALF
BY YOUR EMPLOYER(S) AND THE TRANSLATION OF THESE HOURS INTO CREDITS
YOU HAVE WITH THIS PENSION FUND:

| YEAR | HOURS | CR | YEAR | HOURS | CR | YEAR | HOURS | CR | YEAR | HOURS | CR |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1958 | 1,223 | 8 | 1966 | 2,062 | 12 | 1974 | | | 1982 | | |
| 1959 | 2,092 | 12 | 1967 | 2,070 | 12 | 1975 | | | 1983 | | |
| 1960 | 2,022 | 12 | 1968 | 2,066 | 12 | 1976 | 152 | 1 | 1984 | 16 | |
| 1961 | 2,051 | 12 | 1969 | 2,020 | 12 | 1977 | 98 | | 1985 | | |
| 1962 | 2,123 | 12 | 1970 | 1,320 | 8 | 1978 | | | 1986 | | |
| 1963 | 1,943 | 12 | 1971 | 23 | | 1979 | | | 1987 | | |
| 1964 | 2,071 | 12 | 1972 | 751 | 5 | 1980 | | | 1988 | | |
| 1965 | 2,079 | 12 | 1973 | 40 | | 1981 | | | 1989 | | |
| | | | | | | | | | 1990 | | |

CONTRIBUTORY SERVICE=> 12 YEARS  10 MONTHS

"ADVICE ABOUT CLAIMS, BENEFITS, ELIGIBILITY OR STATUS OF PARTICIPANTS IS BASED ON
THE PRESENT RULES OF THE FUND WHICH ARE SUBJECT TO CHANGE WITHOUT NOTICE."

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

*Check w/ Clerk 12/27 or later*

THOMAS E. TYNDALL,

    Plaintiff,

vs.

NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND,
DAVID W. LAUGHTON, PAUL V. WALSH, ANTHONY S. BUONPANE, GEORGE W. CASHMAN, J. LEO BARRY, JOHN J. MCCARTHY, JR., WILLIAM M. VAUGHN III, and J. DAWSON CUNNINGHAM,

    Defendants.

Case No. 02-BV-12090MLW

12/9/02

DOCKETED

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO TRANSFER CASE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

I.   BACKGROUND

On October 18, 2002, Defendants filed a Notice of Removal to remove the complaint filed by the Plaintiff in the Waterbury Superior Court of the State of Connecticut, *Thomas E. Tyndall vs. New England Teamsters & Trucking Industry Pension Fund, David W. Laughton, Paul V. Walsh, Anthony S. Buonpane, George W. Cashman, J. Leo Barry, John J. McCarthy, Jr., William M. Vaughn III, and J. Dawson Cunningham*, Docket No. CV-02-0174343-S, to this Court pursuant to 28 U.S.C. §1441(a) and (b) and 28 U.S.C. §1446. Defendants removed the case based upon the fact that Plaintiff's cause of action arises under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), a civil action over which the federal district courts have original jurisdiction.

*As this case was properly removed to federal court and the parties agree the District of Connecticut is the most appropriate federal venue, this case is hereby transferred to the District of Connecticut. MGF:D 11/29/02*