UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

THOMAS E. TYNDALL, )
               Plaintiff, )
)
v. )
)
NEW ENGLAND TEAMSTERS & TRUCKING )
INDUSTRY PENSION FUND, )  Case No. 3:03cv194(CFD)
DAVID W. LAUGHTON, PAUL V. WALSH, )
ANTHONY S. BUONPANE, GEORGE W. )
CASHMAN, J. LEO BARRY, JOHN J. )
MCCARTHY, JR., WILLIAM M. VAUGHN III, )
and J. DAWSON CUNNINGHAM, )
)
               Defendants. )

## AFFIDAVIT OF THOMAS TYNDALL

I, Thomas Tyndall, under oath and based on my personal knowledge, hereby depose and state the following:

1. My name is Thomas Tyndall and am presently retired and living on Social Security and a very small pension from the New England Teamsters and Trucking Industry Fund (Fund).

2. The Fund is a defined benefit multi-employer pension plan located at 535 Boylston Street, Boston, Mass 02116. This Fund is governed by the ERISA Law of 1974.

3. The Fund was established pursuant to the rules and regulations of the 1958 National Master Freight Agreement, which was agreed to by the Teamsters Union and by the Trucking Industry Representatives dated April 11, 1958.

4. Contributions are contributed to the Fund based upon the work by participants and are paid by the employers to be set aside for future benefits for the participants. I am one of those participants.

5. In 1951 I started working at a Union Trucking Company in what is called covered employment the company I worked for was Trudon and Platt Motor Lines (T&P), Church Street, Bristol, Connecticut.

6. In 1955 I changed jobs and started working at Trans American Freight Lines (TA), Stanley Street, New Britain, Connecticut. Again this was covered work as this company was under Union jurisdiction and union contract.

7. I continued to work for Trans American (TA) until the early 1970's and when I left TA to work elsewhere I figured I had at least 20 years pension credits, both credits before the contribution and after the contribution years. The contributory years started in 1958.

8. In the year 1980 being I was 52 years old and a participant could retire on an early pension at that age, I traveled to Boston to check up on what I could retire on.

9. Upon being interviewed by one of the fund interviewers I was told that I could not put in an application because I had a break in service. There was no mention about the six (6) months after 49 years old.

10. A few weeks later I received a letter from the Fund dated June 23, 1980 in which the Pension Department Supervisor, Margaret Hurst stated that I had a nine (9) year break which cancels all credited service prior to 1971. This letter proved later on to not be true. But at the time it was devastating. All of my life's work down the drain.

11. Being I had a family, a mortgage, and all the other problems that a family man had I did not pursue this matter for about 10 years until I was 62 years old when I asked for an application. I received another letter again from Margaret Hurst, Supervisor, dated March 7, 1990 which stated, "We regret to advise you are not eligible any benefits from this fund." Again, this letter proved to not be true."

12. Undaunted, I proceeded to file a proper application for a <u>reduced</u> pension. Now I receive another letter dated July 12, 1990 which stated at the bottom of the page "Cancelled because of break in service – 17 years, 1 month." This letter was signed by Fund Manager, Helen Debreceni. Again, I was lost, bewildered, devastated and frustrated. How could the Fund Manager not know that if a participant had over 15 years credits and was older than 52 years old that the participant was fully vested. Simple I guess just write the type of letter she did and hope the Sap receiving the letter would believe it and go away. But this participant did not go away. Instead I requested copies of the pension plans i.e. 1958 through 1994. After receiving the copies of the plans I had requested. Now with these plans I discovered that all my rejection letters were false, nothing but *lies*. I then filed an appeal, dated October 21, 1994. This appeal brought pleasant results. I was awarded a <u>reduced pension</u> effective February 1, 1995. Here I must say this was a <u>reduced pension</u>, not a disability pension as Council for Defense is trying to promote in his memorandum. (Again more lies.) (Copies of all 3 letters included.)

In summing up this Affidavit for 25 years since the first rejection letter of 1980 I have been trying to get my <u>proper</u> pension benefit. I did the work – my employers paid into the Fund based on my work as they were required to do. But what do I get from the Fund – lies, lies and more lies starting from 1980 to this present day. Defense Council is trying to tell the Court that the pension in question is a disability pension that is not true – that is a <u>lie</u>.

    This Pro Se Plaintiff not understanding all the ins and outs of the Law is just hoping to have this case tried in open Court and not in paperwork where Defendant's Council can twist words and meanings and bring forth cases from other Courts that <u>may resemble</u> the situation in

this instant case but when I read these other cases I do not detect any fraud which abounds in this instant case. Defense attempted to bring in the word disabled and now tries to refute the word disabled. See Footnote Page 2 Reply Memorandum of Law in Support of Defendant's Supplemental Motion for Summary Judgment. Defense also uses the word REQUESTED regarding Plaintiff's letter of March 30, 2001. Where in there was no mention or request to have my Pension inception date changed from 1995 to 1990, I was just asking to be paid from my Pension application (2 months after my application) date until and through January 1995 which would be the proper way.

In conclusion, please note that this Application for Summary Judgment is barred by the order on pretrial deadlines, paragraph E – by order of the Court, Kevin F. Rowe, Clerk (copy enclosed).

For this Affidavit and other papers submitted I trust I have defeated Defense's Application for Supplemental Summary Judgment.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 29th DAY OF MARCH, 2005.

_____
THOMAS TYNDALL

Then personally appeared the above-named Thomas Tyndall and acknowledged the foregoing instrument to be his free act and deed, before me,

_____
Notary Public

VINCENT S. LENTINI
State of Connecticut Notary Public
My Commission Expires Nov. 30, 2005

# Certificate of Award

In recognition of your long years of employment, the Board of Trustees, on behalf of your Local Union and your Employer, take great satisfaction in providing you with this document which certifies the pension benefits awarded to you under the Rules and Regulations of the Pension Plan.

## This is to certify that

THOMAS E. TYNDALL

having retired from employment after the requisite years of employment and having met the qualifications established by the Trustees of the Pension Fund for eligibility is entitled to retirement benefits as specified below:

Date of Award    March 9, 1995          Certificate No.    36548

Effective Date of Benefits    FEBRUARY 1, 1995

Pension Type    REDUCED

_____    _____
Chairman of Employer Trustees    Chairman of Union Trustees

_____    _____
Employer Trustee    Union Trustee

_____    _____
Employer Trustee    Union Trustee

_____    _____
Employer Trustee    Union Trustee

**NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND**

RECEIVED June 23, 1980

S. S. 048 20 8034
Date of Birth: January, 1928

MAR -2 1990

Mr. Thomas E. Tyndall PENSION FUND
60 Lakeview Drive
Wolcott, Ct. 06716

Dear Mr. Tyndall:

In reply to your letter of May 27, 1980, and your recent visit to our office.

It would appear that you do not meet the General Eligibility Requirements. Article IV, Section 4.04 (b) of our Rules states that if a Covered Employee fails to earn at least eight months of Future Service in any one of six consecutive calendar years it shall be considered a Break in Covered Employment, and all previous Credited Service shall be cancelled. You did not work at least eight months in any year from 1971 through 1979; therefore, you have a 9 year Break in Service, which cancels all Credited Service prior to 1971.

Our records indicate the following contributions were made on your behalf.

| Year | Hours | Months |
|---|---|---|
| 1958 | 1223 | 8 |
| 1959 | 2092 | 12 |
| 1960 | 2022 | 12 |
| 1961 | 2051 | 12 |
| 1962 | 2123 | 12 |
| 1963 | 1943 | 12 |
| 1964 | 2071 | 12 |
| 1965 | 2079 | 12 |
| 1966 | 2062 | 12 |
| 1967 | 2070 | 12 |
| 1968 | 2066 | 12 |
| 1969 | 2020 | 12 |
| 1970 | 1320 | 8 |
| 1971 | 23 | 0 |
| 1972 | 751 | 5 |
| 1973 | 40 | 0 |
| 1974-1975 | 0 | 0 |
| 1976 | 152 | 0 |
| 1977 | 98 | 0 |
| 1978-1980 | 0 | 0 |

Because of the Break in Service, you do not have 15 years of Credited Service as required in Article V, Section 5.07 of our Pension Plan Booklet, which is enclosed.

---

**NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND**



535 Boylston Street
Boston, Massachusetts 02116
617-266-8900

"Advice about claims, benefits, eligibility or status of participants is based on the present rules of the Fund which are subject to change without notice."

```
```

Thomas E. Tyndall     - 2 -     June 23, 1980

RECEIVED
MAR -2 1990
PENSION FUND

All statements concerning eligibility, credits and status contained in this letter are subject to further verification and are subject to review at any time hereafter. Approval of all pensions is subject to a vote of approval by the Board of Trustees of the Fund as well as the employer's continued compliance with the Rules and Regulations of the Fund.

                                                     Very truly yours,

MH/ces  
Local #671  
Enclosure

                                                Margaret Hurst, Supervisor  
                                                    Pension Department

**NEW ENGLAND
TEAMSTERS &
TRUCKING INDUSTRY
PENSION FUND**



535 Boylston Street
Boston, Massachusetts 02116-3770
Tel. 617-266-8900
Fax 617-247-8188

Toll Free Telephone Nos.
Mass. Only  800-322-1216
Out of State 800-447-7709

"Advice about claims, benefits, eligibility or status of participants is based on the present rules of the Fund which are subject to change without notice."

March 7, 1990

Thomas Tyndale
86 Forest Road
Millis, MA 02054

R:  SS#  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

Dear Mr. Tyndale:

In reply to your recent letter:

In order to qualify for vesting under the new vesting provisions for this Plan and to preserve previous Credited Service:

a. A participant must work in Covered Employment for which contributions were paid for at least 375 hours during the calendar years 1974 or 1975 or 1976. If not, he will lose all of the Credited Service he accumulated prior to January 1, 1977;

BUT

b. If a Participant's Credited Service is cancelled because he failed to comply with (a) above, he can reinstate all of his previous Credited Service if he works at least 750 hours in Covered Employment for which contributions were paid in any calendar year after 1976;

AND

c. In order that service credit which he accumulated before January 1, 1971 can be counted toward the new vesting provisions for this Plan, a Participant must also have worked at least 750 hours in Covered Employment for which contributions were paid in each of three years on and after January 1, 1971.

We regret to advise you are not eligible any benefits from this Fund.

Very truly yours,

Margaret Hurst

Margaret Hurst, Supervisor
Pension Department

MH/mm
cc: Local 671

July 12, 1990

**NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND**

535 Boylston Street
Boston, Massachusetts 02116-3770
Tel. 617-266-8900
Fax 617-247-8188

Toll Free Telephone Nos.
Mass. Only 800-322-1216
Out of State 800-447-7709

"Advice about claims, benefits, eligibility or status of participants is based on the present rules of the Fund which are subject to change without notice."

Mr. Thomas E. Tyndall
86 Forest Road
Millis, MA 02054

Dear Mr. Tyndall:

We have completed processing your file and regret to advise you that your application for a Reduced Pension has been rejected. You left Covered Employment before attaining Vested Status. Starting with 1971, you failed to earn at least eight (8) months of pension credit in any of six (6) consecutive calendar years and by 1980, when you reached age fifty-two, you were out more than nine (9) years (Sections 4.04 and 6.03b). Furthermore, you do not meet the requirements for a Statutory Pension (Article VI).

As a result of this rejection, any option you elected on the application is null and void.

Before the Break, you were credited with the following years:

Prior to Contribution Period
1953, 1955-3/58                                    4 years, 3 months
During Contribution Period

| Year | Hours | Months Credit |
|---|---|---|
| 1958 | 1,223 | 8 |
| 1959 | 2,092 | 12 |
| 1960 | 2,022 | 12 |
| 1961 | 2,051 | 12 |
| 1962 | 2,123 | 12 |
| 1963 | 1,943 | 12 |
| 1964 | 2,071 | 12 |
| 1965 | 2,079 | 12 |
| 1966 | 2,062 | 12 |
| 1967 | 2,070 | 12 |
| 1968 | 2,066 | 12 |
| 1969 | 2,020 | 12 |
| 1970 | 1,320 | 8 |
| 1971 | 23 | 0 |
| 1972 | 751 | 5 |
| 1973 | 40 | 0 |
| 1974 | 0 | 0 |
| 1975 | 0 | 0 |
| 1976 | 152 | 1 |
| 1977 | 98 | 0 |
|  | 24206 | 154 = 12 years, 10 months |

Cancelled because of Break in Service - 17 years, 1 month

Mr. Thomas E. Tyndall           -2-              July 12, 1990

Three (3) years of Vesting Service earned after December 31, 1970, are required to make the credit earned prior to 1971 acceptable toward Years of Vesting Service. You earned only one (1) year of Vesting Service Credit (750 hours) in 1972 - Section 6.02.

Claim Procedures adopted by the Trustees require that the Fund Office advise you that you have the right to appeal this ruling within the time limit. Copy of these Procedures is enclosed.

Very truly yours,

Helen Debreceni
Fund Manager

HD:B
Enclosure

cc: Local Union 671

October 21, 1994

OCT 27 1994

PENSION FUND

Trustees
New England Teamsters & Trucking
    Industry Pension Fund
535 Boylston Street
Boston, Massachusetts 02116-3770

Gentlemen:

I would like to appeal the rejection of Pension Application #34422. Every time I have approached the Pension Fund for information about my credits for pension, I have received a rejection letter.

Starting with June 23, 1980 the response I received was that I had a break... which to quote "Cancels all credited service prior to 1971." I again attempted to apply for my pension with my letter of February 23, 1990, in which I explained that I had worked in the craft in union companies since 1951. I again received a negative response..."We regret to advise you are not eligible for any benefits from this fund."

However, this rejection did not dampen my spirits and I put in a formal application for my pension again on May 18, 1990. This time I went to the Boston office of the Pension Fund and was interviewed. The interviewer told me that I had lost all my credits and that even if I worked and got my six months after age forty-nine, I still would have nothing. He stated that I had lost all my previous credits because I did not work during the three years after 1970.

I received a letter from the Pension office dated July 12, 1990 reaffirming exactly what the interviewer had told me. The letter stated that my application for Reduced Pension was rejected. This time the rejection was because, "You left covered employment before attaining vested status." At the bottom of the page following the list of my years of credited service, there was a notation stating "Cancelled because of Break in Service - 17 years, 1 month." Also in that same letter the writer mentioned that three years of vesting service after 1970 is necessary to keep my previous years credit. In essence, Gentlemen, the writer stated that I had lost everything.

Now, after brooding over these rejection letters for a few years, I again addressed the Pension Fund in a letter dated June 1, 1994. To this date, I have not received a reply to this request for information.

Not to be put off, I again wrote to the Pension Fund Office on August 11, 1994. A response, dated August 30, 1994, was positive for the first time in this lengthy quest. In the letter of August 30th, I was told that I am not eligible for any benefits from this fund, but in the fourth paragraph, the letter states

Pension - Page 2

that if I earn six months contributory credits I will qualify for a Reduced Pension. My question is why was I not advised of this eligibility prior to this letter of August 30, 1994?

In the fourteen years since 1980, I was told everything negative and nothing positive. Had I been advised of this six month requirement, I would have had little trouble attaining the six months credits.

The following examines the facts of this case: The letter, dated June 23, 1980, speaks of Article IV, Section 4.04 (b) of the 1979 Pension Plan booklet. Had the writer read Article IV, Section 4.04 (c), she could have called Local 671, East Hartford, CT to verify that I had previous credits dating back to 1951 which would have proved enough credits for my vesting. Article III, Section 301 suggests in the main heading and also in Paragraph A that this verification could be made with the Local Union. This was also pointed out in the Rules of the 1974 Plan booklet in Article III, Section 2. Had this rule been reviewed, then Article V, Section 28 of the 1974 booklet would have cleared all confusion. This Rule states that anyone with fifteen years of Credited Service cannot suffer a break in service.

The letter received from the Fund office and dated March 7, 1990 deals only with the rules of the Statutory Pension and again overlooks the fact that I have well over fifteen years of Credited Service.

During the interview at the Fund Office in May or June of 1990, I was again told I had lost all my credits because I had not received any credits in 1971-72-73. The interviewer said that because of a break in service, I had lost all of my pension credits.

Soon after the May/June 1990 interview, I received a letter dated July 12, 1990 which reaffirmed what the interviewer had stated to me. The July 12th letter stated that I had seventeen years and one month credits which were cancelled because of a break in service. Obviously neither the interviewer nor the letter writer were aware of Article 4 Section 4.04(c) of the 1979 Plan booklet which clearly states, and I quote "A participant who has attained Age 52 and has fifteen pension credits shall not thereafter be subject to this Break in Service Rule." This statement is also in the 1985 booklet in Article IV Section 4.04(b).

In line with what the 1979 and 1985 booklets say about vesting, the 1974 booklet says it better in Article V Section 28 and again I quote "A covered employee who has attained age 52 and has 15 years of credited service in covered employment shall have a vested right to a pension if and when he applies for benefits and retires in accordance with the provisions of the Pension Plan. Once a covered employee has a vested right as provided in this section, he shall not be subject thereafter to the continuity of Future Service Rule in Article IV, Section 3.

To continue, your letter dated August 30, 1994 states in Paragraph 4 that because of my failure to earn six months of contributary credit after age forty

Pension - Page 3

nine, I am still disqualified for a pension. Gentlemen, this paragraph should have been written fourteen years ago. It should have been in the letter of June 23, 1980 and in all subsequent letters. The same information should have been explained to me by the interviewer rather than by his denial that this option existed.

In summing up this appeal, I put forth some of the obstacles I now face.
1. There are less job opportunities due to deregulation and the closing of a great number of Union Trucking Companies.

2. Because of all the rejection letters received from the Pension Fund, I felt there was no reason to apply for my Commercial Drivers License (CDL). As it stands now, I will have to go to school to regain my right to drive heavy equipment...a right I had since Class One Licenses were instituted.

3. My age and physical condition. I am now sixty-six years and nine months old and I suffer from an arthitic degenerative spine for which I am now being treated for at a VA Hospital.

All in all, Gentlemen, I do not think I was treated fairly and I now appeal to you to right this wrong.

Sincerely,

Thomas E. Tyndall

Thomas E. Tyndall
RR #1  Box 65B
Thetford Center, VT  05075


Encs.

cc: Harold Kastle

March 30, 2001

Board of Trustees
New England Teamsters & Trucking Industry
Pension Fund
535 Boylston Street
Boston, MA 02116

Re:   *Thomas E. Tyndall*
      *Pension Number 34422*

Gentlemen,

 My name is Thomas E. Tyndall, and I am presently receiving a pension from the New England Teamsters pension fund. I am writing to apprise you of two concerns I have regarding my pension benefit, and ask that you address these at your upcoming meeting tentatively scheduled for May, 2001. My concerns are as follows:

*I. Back Payments Due Me*

 I formally applied for my pension on May 25, 1990, and herewith enclose a copy of my application receipt. By letter of May 29, 1990 addressed to me by Margaret Hurst, pension department supervisor (a copy of which is enclosed), I was advised that I would receive a response after my social security records were received and examined. The response I received was that my application for a reduced pension was denied.

 The denial of benefits was due to an alleged break in service during the term of my employment. Specifically, this decision was based upon a failure to satisfy the provisions of sections 404 and 6.03B of the regulations as codified in the pension fund booklet, wherein it is stated that a break in service occurs when a participant fails to earn eight months of pension credit during a six year period.

 Through my own research, I was able to determine that this decision was in error. In fact, it is further defined in both regulations that when a participant has accumulated at least 5,000 hours of service paid into the fund, there will be no break in service. As you will note from the enclosed letter, my hours of service totaled 26,206. Furthermore, it is stated in sections 404B and 404C that a participant with at least 15 pension credits who is 52 years of age or older, cannot suffer a break in service. These requirements had already been satisfied. I enclose herewith a copy of a letter from Helen Debreceni, pension fund manager, dated July 12, 1990, stating that prior to any alleged break in service, I was credited with seventeen years and one month of service, from 1953-1977.

Board of Trustees
March 30, 2001
Page 2

Due to this error, my pension application was not granted until February 1, 1995. Although nearly five years had passed, this was granted based upon the information provided in my application of May 25, 1990. Had my application been properly reviewed and researched when made, it should have been granted as of August, 1990. I believe, therefore, that I am entitled to receive pension benefits for the period of August 1, 1990 through February 1, 1995. But for the error on the part of the pension fund staff, and the misleading information on which its decision at the time was predicated, I would have received pension benefits for this period.

The total sum I am seeking for this period is $15,336.00. The period consists of 54 months, times my monthly benefit rate of $284.00. Please consider this issue at your upcoming meeting scheduled in May.

## II. *Credits Denied Me*

My second concern is the denial to allow me pension credits for my service years of 1951, 1952 and 1954. During those years I was an employee of Trudon & Platt Motor Lines of Bristol, Connecticut. In a letter dated April 6, 1995, pension fund manager Charles Langone stated that *"employment with Trudon & Platt Motor Lines is not recognized for past service credit purposes since this company did not sign an agreement with Local 677 after 1954 and never became a contributing employer in this fund."* A copy of this letter is attached.

First, I question whether Trudon & Platt Motor Lines failed to sign the collective bargaining agreement in 1958 that introduced the pension fund for teamster members. It is my understanding that a National Master Freight Agreement was signed by Trudon & Platt in New York in 1958, and that the agreement with Local 677 was essentially the same in content. Trudon & Platt trucks continued to service Waterbury and other points in Connecticut, something that Jimmy Hoffa, Sr., and other union officials would not have allowed without the signing of the local collective bargaining agreement. In that era, no company operated union on one end and non-union on the other, as its freight would have been considered "hot cargo", and would have been refused.

Second, as a signatory of the National Master Freight Agreement, Trudon & Platt did contribute to a pension fund on behalf of its teamster employees. This was the criteria necessary to receive retroactive pension credit for service years pre-dating the 1958 agreement. I enclose herewith a copy of a letter from Local 707 Road Carriers Welfare & Pension Fund evidencing such contributions by Trudon & Platt. Under these circumstances, I believe all Trudon & Platt employees who, as I, were Teamsters during the years retroactive pension credit is sought, should be treated equally in the application of these credits for pension purposes.

Board of Trustees
March 30, 2001
Page 3

    Finally, as a Trudon & Platt employee in 1955 I participated in a work stoppage called by Local 677 against Trudon & Platt for its failure to pay wages in accordance with the collective bargaining agreement then in effect. Before the issue could be presented at arbitration, I and two of my colleagues were fired. In November, 1955, the arbitrator ruled in favor of the union, and ordered that the striking workers be returned to work, and be paid all back wages and past due benefits. Trudon & Platt refused to honor the arbitrator's decision, and the union filed a lawsuit to enforce the award in Superior Court (docket no: 83756, New Haven Superior Court, the Honorable Raymond Devlin presiding).

    The Superior Court upheld the arbitrator's decision, and Trudon & Platt unsuccessfully appealed that decision. In November, 1958, the Connecticut Supreme Court upheld Judge Devlin's ruling, and mandated that the orders be placed in effect (146 Conn. 17, 1958). This decision was rendered eight months after the inception of the Teamsters pension fund. The Court's mandate of making the workers whole, would have included at that time the payment of pension benefits accruing since the pension fund began, and the retroactive application of pension credits for applicable past years of service.

    For the aforementioned reasons, I believe I am entitled to pension credits for my years of service as a Teamster member and Trudon & Platt employee in 1951, 1952 and 1954. I calculate this benefit to be $9,878.40, based upon the following:

- $337.00 total present monthly pension benefit rate
- $4,444.00 annual benefit rate (includes $400.00 Christmas benefit)
- 205 months total pension credits (17 years 1 month)
- $21.678 monthly benefit rate ($4,444.00 divided by 205)
- $78.40 monthly rate due me ($21.678 x 36 months, for 1951, 1952, 1954)
- $9,878.40 total due for August 1, 1990 through February 1, 2001

    The total due for the satisfaction of both pending issues is $25,214.40, plus a continued increase in my monthly benefit of $78.40 for March 1, 2001 and thereafter. Once again, I ask that you seriously consider my concerns, and afford them your sincere attention at the upcoming May, 2001 meeting of the Board.

Board of Trustees
March 30, 2001
Page 4

      Should you have any questions, please do not hesitate to contact me. I look forward to your prompt response. Thank you for your attention and consideration.

Sincerely,

Thomas E. Tyndall
Pension #34422
P.O. Box 23
Burgess, VA 22432
(804) 761-3561

TET/
Encs.
cc:    Harold Kastle, Pension Assistance Project
       Gerontology Institute
       100 Morrissey Boulevard
       Boston, MA 02125