**RESPONSE TO FOOTNOTE – PAGE 2**
**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
**SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT.**

Plaintiff goes to great lengths to point out that he was not disabled in 1990, and that Defendants are somehow attempting to distort the record by alleging that he was disabled. (Plaintiff's Request for a Denial and Rejection of Defendants' Supplemental Motion for Summary Judgment, p. 2; Memorandum of Law by Plaintiff Requesting a Denial of Defendants' Supplemental Motion for Summary Judgment, p. 5). Plaintiff misinterprets Defendants' arguments. Defendants agree with Mr. Tyndall that he was *not* disabled in August 1990. Defendants are simply pointing out that Article V, Section 5.02(b) of the 1985 Plan provides that if a participant does not have six months of Pension Credit after age 49 *if the Participant was disabled and could not earn Pension Credit for that reason."* (Emphasis added). As it is undisputed that Plaintiff was *not* disabled when he applied for a Pension in 1990, had he appealed the Fund's 1990 denial, the Trustees would have been under no obligation to waive the six months after age 49 requirement.

**RESPONSE:**

This footnote goes to great lengths to try to get the Court to ignore the fact that Attorney Jonathan Conti, Council for the Defendant's tried to slip in the word <u>DISABLED</u> into this instant case and now with a small amount of double talk hopes to dodge this issue.

Attorney Conti now in this footnote states that he was well aware that Plaintiff Tyndall was <u>NOT DISABLED</u> while all along he should be aware that Plaintiff Tyndall did state his disability was incurred during his service with the United States Army during the Second World War, before Defense Council was born.

Would this footnote by Defense Council J. Conti not also be <u>misinformation</u> being presented to this Court.

The truth of this matter is explained very plainly in the Trustees findings of the Trustee's meetings of 1995 and 2001 wherein they awarded the Pension because of the continual misinformation (lies) presented to them previously by the Fund Supervisor Hurst and also Fund Manager Debricini (copies included). (Copies of 1995, 2001 Trustee's meetings plus analysis by Langone included.)

Dated this 2 day of May, 2005.

Respectfully submitted,
By the Plaintiff, Pro-Se,

_____
Thomas E. Tyndall

## CERTIFICATE OF SERVICE

I, Thomas E. Tyndall, Pro Se Plaintiff, certify that I caused a copy of the foregoing to be served to the following by ___HAND___ on May __2__, 2005.

Thomas M. Brockett, Local Counsel for the Defendants
Robert M. Cheverie & Associates, P.C.
333 East River Drive
East Hartford, CT  06108

United States District Court for the District of Connecticut
Abraham Ribicoff Building
Main Street
Hartford, CT

Plaintiff Pro-Se,

_____
Thomas E. Tyndall

# Certificate of Award

In recognition of your long years of employment, the Board of Trustees, on behalf of your Local Union and your Employer, take great satisfaction in providing you with this document which certifies the pension benefits awarded to you under the Rules and Regulations of the Pension Plan.

## This is to certify that

THOMAS E. TYNDALL

having retired from employment after the requisite years of employment and having met the qualifications established by the Trustees of the Pension Fund for eligibility is entitled to retirement benefits as specified below:

Date of Award   March 9, 1995          Certificate No.   36548

Effective Date of Benefits      FEBRUARY 1, 1995

Pension Type                    REDUCED

_____       _____
Chairman of Employer Trustees   Chairman of Union Trustees

_____       _____
Employer Trustee                Union Trustee

_____       _____
Employer Trustee                Union Trustee

_____       _____
Employer Trustee                Union Trustee

**NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND**

<u>FOR THE JANUARY 1995 TRUSTEE MEETING</u>

## APPEAL

<u>THOMAS TYNDALL</u>                             S.S. #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

Present Age: 66
Date of Birth: 1/31/28                          Local Union: 671
                                                Last Employer: Transamerican Frt.

---

<u>ISSUE</u>: Reconsideration of service requirements for a pension.

This 66 year old former participant accumulated over 17 years of credited service (12 years/10 months of contributory credit) from 1958 to 1976. A summary of the hours reported on his behalf is attached. As shown, he had continuous service in the Plan through 1970, 5 months of credit in 1972 and 1 month of credit in 1976.

Because he did not earn 6 months of pension credit after age 49, he did not meet the eligibility requirements to a regular-type pension. Because he did not complete 3 years of vesting service after 1970 and did not earn at least 375 hours in 1974, 1975 or 1976, he did not meet the service requirements to a Statutory Pension.

In 1980 and on a number of occasions thereafter, we advised Mr. Tyndall that he had incurred a break in service. However, in response to another inquiry in 1994, it was determined that he had <u>not</u> incurred a Statutory break in service (as defined in Section 6.03 of the Plan) because he had accumulated over 15 years of pension credit and had attained age 52 before incurring a break in service (Section 4.04 of the Plan). Therefore, he was advised that his ineligibility to a pension was due to his failure to meet the above service requirements and not the result of the cancellation of his pension credit due to a break in service.

Mr. Tyndall has appealed the rejection of his claim for a pension. As stated on the attached letter, he is now 66 years old and is not able to return to covered employment. He claims that he would have been able to earn the additional 6 months of pension credit necessary to qualify him to a pension if he had been properly advised of this fact in 1980 rather than being told that he had lost all of his credit due to a break in service.

If the Trustees waive the 6-month after age 49 requirement, he would qualify for a benefit of approximately $256 per month payable at Normal Retirement Age (age 64).

---

<u>QUESTIONS</u>:

    1. Is there any basis to award Mr. Tyndall a pension benefit?

<u>RECOMMENDATION</u>:

    1. YES - incorrect information regarding break in service.

---

<u>TRUSTEES' DECISION</u>: Agree ✓ ____ Disagree ____ Change ____ Table ____

65

FOR THE AUGUST 2001 TRUSTEE MEETING

THOMAS TYNDALL                                S.S. #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

Present Age: 73                               Last Employer: Spector Frt.
Date of Birth: 1/31/28                        Local Union: 671

---

ISSUE: Request for earlier effective date and additional credit.

The Board of Trustees reviewed Mr. Tyndall's claim to a pension benefit at the January 1995 meeting. The Trustees agreed to award him a Regular Pension commencing February 1, 1995 on the basis that he had received prior information from the Fund Office regarding a break in service which was later found to be inaccurate. In awarding him a Regular Pension, the Trustees agreed to waive the 6-month after age 49 credit requirement on the basis that he could have earned the necessary 6 months of credit if he was properly advised that his prior 16 years of credit had not been canceled.

His benefit amount payable at Normal Retirement Age (age 64 = 2/1/1992) was $256.25. Since he was awarded a pension benefit commencing February 1, 1995, his benefit amount was subject to an actuarial increase of $80.71 per month. Since he elected the Husband and Wife form of payment, he received a pension benefit of $287 per month.

As stated on the attached letter, Mr. Tyndall is claiming that his pension should have been payable retroactive to August 1, 1990 based on the fact that his application was filed on May 25, 1990.

In addition, he is also claiming that he should have been granted past service credit for his employment with Trudon & Platt Motor Lines in the early 1950's. The basis of his claim is set forth on pages 2 and 3 of his letter. According to our records, this Company was not approved in Locals 671 and 677 for past service credit.

---

QUESTIONS:

1. Is there any basis to change Mr. Tyndall's pension commencement date to August 1, 1990?

2. Is there any basis to grant Mr. Tyndall past service credit for his employment with Trudon & Platt Motor Lines?

RECOMMENDATION:

1. YES; 2. NO

---

TRUSTEES' DECISION:   Agree _____   Disagree _____   Change _____   Table _____

12

Lombard Bros Inc

Certificate No. 36543
Application No. 34422

Name _Tyndall_ _Thomas_ _E._
        Last       First      Middle

Address RR 1 - Box 65B - Thetford Center, Vt 05075

Social Security No. 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   Local Union No. 671-016

Date of Birth 1 - 31 - 25
              Month  Day  Year

Date Application Received 5/25/90    Last Day of Employment 1984

Age Attained on Retirement Date _____

Nature of Proof of Age  Births & Marriage

## SUMMARY OF ANALYSIS

Thomas E. Tyndall, qualified for a Reduced Pension of $287 effective 2/1/95 under Benefit Type #375

Options Selected: Husband & wife 50%

Christmas Benefit: $400 (12/96)   ($144)

Date Approved Feb 9, 1995

                                   Fund Manager

_____ did NOT qualify for a Pension because:

Date Rejected _____

                                   Fund Manager

ACTION BY TRUSTEES (if any): awarded pension at 1/95 mtg based on incorrect information given him re break-

SUMMARY SENT 2/10/95

Revised 1/92

17-1
2-10  $337

Act Adj 2/92 - 1/95
3 yrs = $80.72 +/mo