UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS E. TYNDALL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NEW ENGLAND TEAMSTERS & TRUCKING )<br>INDUSTRY PENSION FUND, )<br>DAVID W. LAUGHTON, PAUL V. WALSH, )<br>ANTHONY S. BUONPANE, GEORGE W. )<br>CASHMAN, J. LEO BARRY, JOHN J. )<br>MCCARTHY, JR., WILLIAM M. VAUGHN III, )<br>and J. DAWSON CUNNINGHAM, )<br>)<br>Defendants. )<br>) | Case No. 3:03cv194(CFD) |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
THEIR MOTION FOR LEAVE TO FILE A
SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT**

On February 11, 2005, Defendants New England Teamsters and Trucking Industry Pension Fund, et al, filed a Motion for Leave to File a Supplemental Motion for Summary Judgment concerning the issue of whether Plaintiff Thomas Tyndall is owed interest on the lump sum payment of benefits he received in October 2001. On May 2, 2005, Plaintiff filed a Special Motion to Deny Defendant's Supplemental Motion for Summary Judgment. Defendants hereby file this brief Reply in support of Their Motion for Leave.

I.   Rule 56(b) Permits the Filing of a Motion for Summary Judgment at Any Time.

Rule 56(b) of the Federal Rules of Civil Procedure permits a Defending Party to move, "at any time, with or without supporting affidavits for a summary judgment in the

party's favor upon all or any part thereof." Defendants filed their Motion for Leave on February 18, 2005, following mediation before Hon. Thomas P. Smith on the remaining issue of interest on the lump sum payment.

II.     The Court Has Discretion to Deviate from the Standing Order.

Plaintiff argues that the Standing Order on Pretrial Deadlines issued by Order of the Court and Clerk of Court Kevin F. Rowe on January 2, 2003, prevents the filing of a summary judgment motion "within seven months after the filing of the complaint, the filing of a petition for removal, or the date of transfer from another District."

While the Standing Order clearly exists, it is within the Court's discretion to set a date later than seven months after the filing of the complaint, the petition for removal, or the date of transfer for the filing of summary judgment motions. This is evidenced by the fact that the Court approved the parties' proposal of a dispositive motion filing date of July 11, 2003 for Defendants' first Motion for Summary Judgment (concerning whether the Defendants reduction of Plaintiff Thomas E. Tyndall's monthly pension benefit altered, modified, or changed the Plan), even though this date was more than seven months after the case had been transferred to this Court.

In addition, granting a party Motion for Leave to file a Supplemental Motion for Summary Judgment to address remaining claims is not uncommon. See: *Duncan v. Town of Brookfield,* 2003 U.S. Dist. LEXIS 15953, [*15] (D. Conn.) (August 22, 2003) (Court granted defendant leave to file a supplemental motion for summary judgment on the issue of whether the plaintiff was disabled within the meaning of the Americans with Disabilities Act).

III.  **Summary Judgment is the Appropriate Procedure for Resolving the Only Remaining Issue.**

As noted in Defendants' initial Motion for Leave, there are no material facts in dispute. The only remaining issue is whether Plaintiff is entitled to interest on the lump sum payment of benefits he received in October 2001 following the granting of his request to change his effective retirement date from February 1995 to August 1990. In addition, case law which was decided after the time in which the parties agreed to submit their initial Motions for Summary Judgment has shed new light on the issue, specifically *Dobson v. Hartford Financial Services Group, Inc.*, 389 F.3d 386 (2nd Cir. 2004), and *Campanella v. Mason Tenders' District Council Pension Plan*, 299 F.Supp.2d 274 (S.D.N.Y., 2004).

Furthermore, permitting Defendants to File a Supplemental Motion for Summary Judgment is in accordance with "the very mission of the summary judgment procedure," which is "to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." Fed.R.Civ.P. 56, 1963 amendment, subdivision (e).

IV.  **Conclusion**

For all of the foregoing reasons, Defendants respectfully request that the Court grant Defendants Leave to File a Supplemental Motion for Summary Judgment.

Dated: May __11__, 2005.                Respectfully submitted

                                        For the Defendants
                                        By their attorneys,

                                        _____
                                        Jonathan M. Conti
                                        Federal Bar No. ct24593
                                        Feinberg, Campbell & Zack, P.C.
                                        177 Milk Street
                                        Boston, MA 02109
                                        (617) 338-1976
                                        www:jmc@fczlaw.com


                                        By Local Counsel,

                                        _____
                                        Thomas M. Brockett,
                                        Federal Bar No. ct10873
                                        Robert M. Cheverie & Associates, P.C.
                                        333 East River Drive, Suite 101
                                        East Hartford, CT 06108]
                                        (860) 290-9610
                                        www:CheverieAndAssoc@AOL.com


## CERTIFICATE OF SERVICE

I, Jonathan M. Conti, hereby certify that I caused a copy of the foregoing to be served on pro se plaintiff Thomas E. Tyndall by depositing a copy thereof by certified mail with the United States Postal Service on May __11__, 2005 addressed to Thomas E. Tyndall, P.O. Box 6041, Wolcott, CT 06716.

                                        _____
                                        Jonathan M. Conti