UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS E. TYNDALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NEW ENGLAND TEAMSTERS & TRUCKING | ) |
| INDUSTRY PENSION FUND, | )   Case No. 3:03cv194(CFD) |
| DAVID W. LAUGHTON, PAUL V. WALSH, | ) |
| ANTHONY S. BUONPANE, GEORGE W. | ) |
| CASHMAN, J. LEO BARRY, JOHN J. | ) |
| MCCARTHY, JR., WILLIAM M. VAUGHN III, | ) |
| and J. DAWSON CUNNINGHAM, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT
OF PLAINTIFF'S SPECIAL MOTION TO DENY DEFENDANT'S
SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT**

Defendant's Motion for Leave to File a Supplemental Motion for Summary Judgment is definitely time barred by the Order on Pretrial Deadlines rule issued by Kevin F. Rowe, Clerk of the Second (2) District, District of Connecticut, 141 Church Street, New Haven, Connecticut 06510.

Rule (e) states that all Motions for Summary Judgment be submitted within seven (7) months after the filing of the complaint, filing a petition for removal or the date of transfer from another district. The Motion for Summary Judgment should be denied, as being time barred.

The previous Application for Summary Judgment on July 11, 2003 which was filed 2 months after the seven (7) month deadline should also be voided and vacated not only because it violated the time deadline but because if left to stand the Court will have given the New England Teamsters and Trucking Industry Pension Fund (Fund) the right to violate Public Law 93-406 –

93rd Congress, H.R.2, September 2, 1974 (better known as the ERISA Law) Section 204 (G) and all its ramifications.

To allow the Fund to <u>violate</u> the law with <u>impunity</u> is unthinkable, and the ruling of April 29, 2004 should be vacated.

I.   Defense cites Rule 56(b) of the Federal Rules of Civil Procedure and totally attempts to ignore the rules issued at the inception of this instant case by Kevin F. Rowe, Clerk of the Court – Defense Council should read the second (2) paragraph of the <u>Notice to Counsel and Pro Se Parties</u> all the way through I, quote, "Counsel and Pro Se parties are required to become familiar with and abide by the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure for the District of Connecticut and standing orders regarding scheduling in civil cases and the filing of trial memoranda.

Part II  "<u>The Court has Discretion to Deviate from the Standing Order.</u>"

Yes, the Court has the discretion to deviate from the standing order but why should the Court change the rules that have been in effect all the way throughout this case when all it does is get the Defense Council off the hook for his dalliance and neglect to adhere to the rules set by the Clerk of the Court, Kevin F. Rowe, 2nd District, District of Connecticut.

Reading the final paragraph on page 2 shows why the Defendants attempted to slip the word DISABLED into their previous briefs and then attempted to disavow their mentioning of the word <u>Disabled</u>.

III.  "<u>Summary Judgment is the Appropriate Procedure for Resolving the Only Remaining Issue.</u>"

Pro Se Plaintiff disputes the foregoing because there is a genuine issue in dispute as to whether interest is due on a long overdue payment. Benefits due in 1995 and not paid until 2001.

For all of the foregoing reasons Plaintiff does request the Court deny Defendant's Motion for Leave to File a Supplemental Motion for Summary Judgment.

In conclusion Plaintiff does cite the final paragraph of the <u>Notice To Counsel and Pro Se Parties</u>:

Counsel and Pro Se parties are further advised that they may request a referral of their case to a United States Magistrate Judge for disposition. See 28 U.S.C. 636 and rule 4 of the Local Rules for United States Magistrate Judges.

At the hearing on March 4, 2005 the Court asked both parties if the Honorable Judge Thomas P. Smith would be agreeable to hear this instant case. Plaintiff was in the affirmative then and also is now. Please anything to expedite this case, as the Plaintiff is not getting any younger, 77 and gaining.

Dated this 25 day of May, 2005.

                                           Respectfully submitted,
                                           By the Plaintiff, Pro-Se,

                                           Thomas E. Tyndall

## CERTIFICATE OF SERVICE

I, Thomas E. Tyndall, Pro Se Plaintiff, certify that I caused a copy of the foregoing to be served to the following by HAND on May 25, 2005.

    Thomas M. Brockett, Local Counsel for the Defendants
    Robert M. Cheverie & Associates, P.C.
    333 East River Drive
    East Hartford, CT  06108

    United States District Court for the District of Connecticut
    Abraham Ribicoff Building
    Main Street
    Hartford, CT

                                           Plaintiff Pro-Se,

                                           Thomas E. Tyndall

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| 141 CHURCH STREET<br>NEW HAVEN, CT 06510<br>(203) 773-2140 | 450 MAIN STREET<br>HARTFORD, CT 06103<br>(860) 240-3200 | 915 LAFAYETTE BLVD<br>BRIDGEPORT, CT 06604<br>(203) 579-5861 | 14 COTTAGE PLACE<br>WATERBURY, CT 06702<br>(203) 597-6311 |

NOTICE TO COUNSEL AND PRO SE PARTIES

THE ATTACHED CASE HAS BEEN ASSIGNED TO DISTRICT JUDGE CHRISTOPHER F. DRONEY WHO SITS IN HARTFORD. COUNSEL AND PRO SE PARTIES SHOULD FILE ALL FUTURE PLEADINGS OR DOCUMENTS IN THIS MATTER WITH THE CLERK'S OFFICE IN HARTFORD. ANY ATTEMPT TO FILE PLEADINGS OR OTHER DOCUMENTS RELATED TO THIS ACTION IN ANY OF THE OTHER SEATS OF COURT WILL RESULT IN THOSE PLEADINGS OR DOCUMENTS BEING REFUSED AT THE COURT OR BEING RETURNED TO YOUR OFFICE. SEE D.CONN. L. CIV. R. 7(a).

COUNSEL AND PRO SE PARTIES ARE REQUIRED TO BECOME FAMILIAR WITH AND ABIDE BY THE FEDERAL RULES OF CIVIL PROCEDURE, THE LOCAL RULES OF CIVIL PROCEDURE FOR THE DISTRICT OF CONNECTICUT AND STANDING ORDERS REGARDING SCHEDULING IN CIVIL CASES AND THE FILING OF TRIAL MEMORANDA.

COUNSEL AND PRO SE PARTIES ARE HEREBY NOTIFIED THAT FAILURE TO FILE AND SERVE A MEMORANDUM IN OPPOSITION TO A MOTION, WITHIN 21 DAYS AFTER THE MOTION IS FILED, MAY BE DEEMED SUFFICIENT CAUSE TO GRANT THE MOTION. FAILURE TO FILE AND SERVE A MEMORANDUM IN OPPOSITION TO A MOTION TO DISMISS WITHIN 21 DAYS AFTER THE MOTION IS FILED MAY BE DEEMED SUFFICIENT CAUSE TO GRANT THE MOTION, EXCEPT WHERE THE PLEADINGS PROVIDE SUFFICIENT GROUNDS TO DENY THE MOTION. SEE D.CONN. L. CIV. R. 9(a)1

COUNSEL AND PRO SE PARTIES ARE FURTHER NOTIFIED THAT THEY ARE REQUIRED TO COMPLY WITH REQUIREMENTS RELATING TO MOTIONS FOR SUMMARY JUDGMENT AS SET FORTH IN FED. R. CIV. P. 56 AND D. CONN. L. CIV. R. 9(C). A PARTY MAY MOVE FOR SUMMARY JUDGMENT WHEN THAT PARTY BELIEVES THERE IS NO GENUINE ISSUE OF MATERIAL FACT REQUIRING TRIAL AND THE PARTY IS ENTITLED TO JUDGMENT AS A MATTER OF LAW. THE MOTION MAY BE DIRECTED TOWARD ALL OR PART OF A CLAIM OR DEFENSE AND IT MAY BE MADE ON THE BASIS OF THE PLEADINGS OR OTHER PORTIONS OF THE RECORD IN THE CASE OR IT MAY BE SUPPORTED BY AFFIDAVITS AND OTHER MATERIALS OUTSIDE THE PLEADINGS.

WHEN A PARTY SEEKING SUMMARY JUDGMENT (THE "MOVING PARTY") FILES A SUPPORTING AFFIDAVIT, THE PARTY OPPOSING SUMMARY JUDGMENT MUST FILE AN AFFIDAVIT, OR OTHER DOCUMENTARY EVIDENCE, CONTRADICTING THE MOVING PARTY'S SUBMISSIONS TO DEMONSTRATE THAT THERE ARE FACTUAL ISSUES REQUIRING A TRIAL. FACTS ASSERTED IN THE AFFIDAVIT(S) OF THE MOVING PARTY WILL BE TAKEN AS TRUE IF NOT CONTROVERTED BY COUNTER-AFFIDAVITS OR OTHER DOCUMENTARY EVIDENCE.

LOCAL CIVIL RULE 9(C) REQUIRES THE PARTY SEEKING SUMMARY JUDGMENT TO FILE A DOCUMENT ENTITLED " LOCAL RULE 9(C)1 STATEMENT," WHICH SETS FORTH IN SEPARATELY NUMBERED PARAGRAPHS A CONCISE STATEMENT OF EACH MATERIAL FACT AS TO WHICH THE MOVING PARTY CONTENDS THERE IS NO GENUINE ISSUE TO BE TRIED. THE MATERIAL FACTS SET FORTH IN THIS STATEMENT SHALL BE DEEMED ADMITTED UNLESS CONTROVERTED BY THE "LOCAL RULE 9(C)2 STATEMENT" REQUIRED TO BE SERVED BY THE OPPOSING PARTY. THE PARAGRAPHS IN THE 9(C)2 STATEMENT SHALL CORRESPOND TO THE PARAGRAPHS IN THE 9(C)1 STATEMENT AND SHALL STATE WHETHER THE FACTS ASSERTED BY THE MOVING PARTY ARE ADMITTED OR DENIED. THE LOCAL RULE 9(C)2 STATEMENT MUST ALSO INCLUDE IN A SEPARATE SECTION A LIST OF EACH ISSUE OF MATERIAL FACT AS TO WHICH IT IS CONTENDED THERE IS A GENUINE ISSUE TO BE TRIED.

(Turn Over)

(Rev 1/2/03)

COUNSEL AND PRO SE PARTIES ARE ALERTED TO THE REQUIREMENTS OF FED. R. CIV. P. 26(f) AND LOCAL CIVIL RULE 38, WHICH REQUIRE THAT THE PARTIES CONDUCT A CASE MANAGEMENT PLANNING CONFERENCE AND PREPARE AND FILE A REPORT OF THE CONFERENCE ON FORM 26(f) WHICH APPEARS IN THE APPENDIX TO THE LOCAL RULES.

COUNSEL AND PRO SE PARTIES ARE FURTHER ADVISED THAT THEY MAY REQUEST A REFERRAL OF THEIR CASE TO A UNITED STATES MAGISTRATE JUDGE FOR DISPOSITION. SEE 28 U.S.C. 636 AND RULE 4 OF THE LOCAL RULES FOR UNITED STATES MAGISTRATE JUDGES.

KEVIN F. ROWE, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ORDER ON PRETRIAL DEADLINES

Unless otherwise ordered by the Judge to whom this is case is assigned, the parties shall adhere to the following deadlines:

(a) In accordance with Local Civil Rule 26(e), within thirty days of the appearance of a defendant, the parties shall confer for the purposes described in Fed. R.Civ. P. 26(f). Within ten days thereafter, the parties shall jointly file a report on Form 26(f), which appears in the Appendix to the Local Civil Rules.

(b) All motions relating to joinder of parties, claims or remedies, class certification, and amendment of the pleadings shall be filed within 60 days after filing of the complaint, the filing of a petition for removal, or the transfer of an action from another District.

(c) All motions to dismiss based on the pleadings shall be filed within 90 days after the filing of the complaint, the filing of a petition for removal, or the transfer of an action from another District. The filing of a motion to dismiss shall not result in the stay of discovery or extend the time for completing discovery.

(d) Formal discovery pursuant to the Federal Rules of Civil Procedure may not commence until the parties have conferred as required by Fed. R. Civ. P. 26(f) and Local Civil Rule 26(e) but parties may commence formal discovery immediately thereafter without waiting entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). Informal discovery by agreement of the parties is encouraged and may commence at anytime. Unless otherwise ordered, discovery shall be completed within 6 months after the filing of the complaint, the filing of a petition for removal, or the date of transfer of an action from another District.

(e) Unless otherwise ordered, all motions for summary judgment shall be filed within 7 months after the filing of the complaint, the filing of a petition for removal, or the date of transfer from another District.

Unless specifically ordered by the Court, an extension of time to comply with any one of the time limits in this Order does not automatically extend the time to comply with subsequent time limits.

Counsel for plaintiff or removing defendant shall be responsible for serving a copy of this order on all parties to the action.

By Order of the Court
Kevin F. Rowe, Clerk

---

This Order is issued pursuant to the Standing Order on Scheduling In Civil Cases, which appears in the Appendix to the Local Civil Rules

(Rev. 1/2/03)

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

## ORDER RE: DISCLOSURE STATEMENT

ANY NONGOVERNMENTAL CORPORATE PARTY TO AN ACTION IN THIS COURT SHALL FILE A STATEMENT IDENTIFYING ALL ITS PARENT CORPORATIONS AND LISTING ANY PUBLICLY HELD COMPANY THAT OWNS 10% OR MORE OF THE PARTY'S STOCK. A PARTY SHALL FILE THE STATEMENT WITH ITS INITIAL PLEADING FILED IN THE COURT AND SHALL SUPPLEMENT THE STATEMENT WITHIN A REASONABLE TIME OF ANY CHANGE IN THE INFORMATION. COUNSEL SHALL APPEND A CERTIFICATE OF SERVICE TO THE STATEMENT IN COMPLIANCE WITH LOCAL RULE 5(b).

COUNSEL FOR PLAINTIFF OR REMOVING DEFENDANT SHALL BE RESPONSIBLE FOR SERVING A COPY OF THIS ORDER UPON ALL PARTIES TO THE ACTION.

BY ORDER OF THE COURT
KEVIN F. ROWE, CLERK

Revised 1/2/03

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NOTICE TO COUNSEL
FOR CASES REMOVED FROM SUPERIOR COURT

STANDING ORDER

All parties removing actions to this Court pursuant to 28 U.S.C. §1441 shall, no later than five (5) days after filing a notice of removal, file and serve a signed statement that sets forth the following information:
1. The date on which each defendant first received a copy of the summons and complaint in the state court action.
2. The date on which each defendant was served with a copy of the summons and complaint, if any of those dates are different from the dates set forth in item 1.
3. In diversity cases, whether any defendant who has been served is a citizen of Connecticut.
4. If removal takes place more than thirty (30) days after any defendant first received a copy of the summons and complaint, the reasons why removal has taken place at this time.
5. The name of any defendant served prior to the filing of the notice of removal who has not formally joined in the notice of removal and the reasons why any such defendant did not join in the notice of removal.

At the time a removal notice is filed with the Clerk of this Court, the removing party shall also file with the Clerk a separate notice, entitled "Notice of Pending Motions," specifying any pending motions that require action by a Judge of this Court and attaching a true and complete copy of each such motion and all supporting and opposition papers.

The removing party shall list in its certificate of service immediately below the name and address of counsel the name of the party or parties represented by said counsel and all parties appearing pro se.

NOTICE TO COUNSEL RE LOCAL RULE 5(a)

To ensure that our records are complete and to ensure that you receive notice of hearings and any court rulings, PLEASE FILE AN APPEARANCE with this office in accordance with Local Rule 5(a) of the Local Rules of Civil Procedure for the District of Connecticut.

NOTICE RE PLANNING CONFERENCE AND REPORT

Pursuant to Fed. R. Civ. P. 26 and Local Civil Rule 26(e) counsel and pro se parties must conduct a case management conference within 30 days of the appearance of the opposing party and must jointly file a planning conference report within 10 days thereafter using Form 26(f), which appears in the Appendix to the Local Rules.

Counsel for the removing defendant(s) is responsible for immediately serving a copy of this notice on all counsel of record and all unrepresented parties at their last known address.

KEVIN F. ROWE
CLERK OF COURT

(Revised 1/2/03)