UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

THOMAS E. TYNDALL,                           )
                                             )
            Plaintiff,                       )
                                             )
v.                                           )
                                             )
NEW ENGLAND TEAMSTERS & TRUCKING             )
INDUSTRY PENSION FUND,                       )   Case No. 3:03cv194(CFD)
DAVID W. LAUGHTON, PAUL V. WALSH,            )
ANTHONY S. BONPANE, GEORGE W.                )
CASHMAN, J. LEO BARRY, JOHN J.               )
MCCARTHY, JR., WILLIAM M. VAUGHN III,        )
and J. DAWSON CUNNINGHAM,                    )
                                             )
            Defendants.                      )

## AFFIDAVIT OF THOMAS TYNDALL

I, Thomas Tyndall, under oath and based on my personal knowledge, hereby depose and state the following:

1. My name is Thomas Tyndall and I am presently retired and living on Social Security and a very small pension from the New England Teamsters and Trucking Industry Fund (Fund).

2. The Fund is a defined benefit multi-employer pension plan located at 1 Wall Street, Burlington, MA 01803-4768. This Fund is governed by the ERISA Law of 1974.

3. The Fund was established pursuant to the rules and regulations of the 1958 National Master Freight Agreement, which was agreed to by the Teamsters Union and by the Trucking Industry Representatives dated April 11, 1958.

4. Funds are contributed to the Fund based upon the work by participants and are paid by the employers to be set aside for future benefits for the participants. I am one of those participants.

5. In 1951 I started working at a Union Trucking Company in what is called covered employment. The company I worked for was Trudon and Platt Motor Lines (T & P), Chuch Street, Bristol, Connecticut. T & P was under contract with Local #677, Waterbury, Connecticut.

6. In 1955 I changed jobs and started working at Trans American Freight Lines (TA), Stanley street, New Britain, Connecticut. Again this was covered work as this company was under Union jurisdiction and union contract with Local 671 Hartford, Connecticut.

7. I continued to work for Trans American (TA) until the early 1970's and when I left TA to work elsewhere I figured I had at least 20 years pension credits, both credits before the contribution and after the contribution years. The contributory years started in 1958. My credits started in 1951 through 1970, 20 years.

8. In the year 1980 being I was 52 years old and a participant could retire on an early pension at that age, I traveled to Boston to check up on what I could retire on.

9. Upon being interviewed by one of the fund interviewers I was told that I could not put in an application because I had a break in service.

10. A few weeks later I received a letter from the Fund dated June 23, 1980 in which the Pension Department Supervisor, Margaret Hurst stated that I had a nine (9) year break which cancels all credited service prior to 1971. This letter proved later on not to be true. but at the time it was devastating. All of my life's work seemed to go down the drain.

11. Being I had a family, a mortgage and all the other problems that a family man had I did not pursue this matter for about 10 year until I was 62 years old, and did retire on Social Security. When I asked for an application, I received another letter again from Margaret Hurst, Supervisor, dated March 7, 1990 which stated, "We regret to advise you are not eligible for any benefits from this fund." Again, this letter proved not to be true.

12. Undaunted, I proceeded to file a proper application for a *reduced* pension. Now I received another letter dated July 12, 1990 which stated at the bottom of the page, "Cancelled because of break in service—17 years, 1 month." This letter was signed by Fund Manager, Helen Debrecini. Again, I was lost, bewildered, devastated and frustrated. How could the Fund Manager not know that if a participant had over 15 years credits and was older than 52 years old that the participant was fully vested. I requested copies of the pension plans, 1958 through 1994. After receiving the copies of the plans I had requested. With these plans I discovered that all my rejection letters were false, misinformation. I then filed an appeal, dated October 21, 1994. This appeal brought pleasant results. I was awarded a *reduced pension* effective February 1, 1995. Here I must say this was a *reduced pension*, not a disability pension as Counsel for Defense is trying to promote in his memorandum. (Copies of all 3 letters and appeal included.)

In summing up this Affidavit for 25 years since the first rejection letter of 1980 I have been trying to get my proper pension benefit. I did the work—my employers paid into the Fund based on my work as they were required to do. But what do I get from the Fund are rejection letters that are not true, and other misinformation and fraudulent statements, starting from 1980 to this

present day. Defense Counsel is trying to tell the Court that the pension in question is a disability pension that is not true—that is fraudulent misinformation.

This pro se plaintiff not understanding all the ins and outs of the law is just hoping to have this case tried in open court and not in paperwork where defendants' counsel can twist words and meanings and bring forth cases from other courts that may resemble the situation in this case, but when I read these other cases I do not detect any fraud which abounds in this instant case. Defense attempted to bring in the word "disabled" and now tries to refute the word "disabled." See Footnote Page 2, Reply Memorandum of Law in Support of Defendant's Supplemental Motion for Summary Judgment. Defense also uses the word "requested" regarding plaintiff's letter of March 30, 2001. Wherein there was no mention or request to have my Pension inception date changed from 1995 to 1990, I was just asking to be paid from my Pension application (2 months after my application) date until and through January 1995 which would be the proper way.

Before I conclude I make a request that if Your Honor does allow for summary judgment to commence that the plaintiff be allowed to have a month or two of discovery. The reason for this is that I have requested certain papers from the Fund that are not forthcoming even after 3 requests.

For this Affidavit and other papers submitted I trust I have defeated Defense's Application for Supplemental Summary Judgment.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 8th DAY OF AUGUST, 2005.

_____
THOMAS TYNDALL

    Then personally appeared the above-named Thomas Tundall and acknowledged the foregoing instrument to be his free act and deed, before me,

_____
Notary Public

**VINCENT S. LENTINI**
*State of Connecticut Notary Public*
**My Commission Expires Nov. 30, 2005**

Dated this 9 day of August, 2005.

                                        Respectfully submitted,
                                        By the Plaintiff, Pro-Se,

                                        Thomas E. Tyndall

## CERTIFICATE OF SERVICE

I, Thomas E. Tyndall, pro se plaintiff, certify that I caused a copy of the foregoing to be served to the following by MAIL on August 9, 2005.

    Thomas M. Brockett, Local Counsel for the Defendants
    Robert M. Cheverie & Associates, P.C.
    333 East River Drive
    East Hartford, CT 06108

    United States District Court for the District of Connecticut
    Abraham Ribicoff Building
    Main Street
    Hartford, CT

                                          Plaintiff Pro-Se,

                                          Thomas E. Tyndall