UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS E. TYNDALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NEW ENGLAND TEAMSTERS & TRUCKING | ) |
| INDUSTRY PENSION FUND, | ) Case No. 3:03cv194(CFD) |
| DAVID W. LAUGHTON, PAUL V. WALSH, | ) |
| ANTHONY S. BONPANE, GEORGE W. | ) |
| CASHMAN, J. LEO BARRY, JOHN J. | ) |
| MCCARTHY, JR., WILLIAM M. VAUGHN III, | ) |
| and J. DAWSON CUNNINGHAM, | ) |
| | ) |
| Defendants. | ) |

STATEMENT OF FACTS IN SUPPORT OF MOTION TO STRIKE ALL DOCUMENTS
FILED ON JULY 19, 2005 AS NOT BEING SERVED IN COMPLIANCE WITH FEDERAL
DISTRICT COURT RULES, I.E. #5

1.      My name is Thomas E. Tyndall and I am both a participant in the New England

Teamsters and Trucking Industry Pension Fund ("Fund") and I am also the pro se plaintiff in this

lawsuit, case No. 3:03CV194(CFD).

2.      In the year 1980, I was 52 years old, and a participant in the Fund could retire at that age.

I inquired as to my status in the pension plan. On June 23, 1980 I received a letter from

Margaret Hurst, Supervisor of the Pension Department, stating that I had a nine (9) year break in

service which cancels all credited service prior to 1971. (Copy of this letter attached.)

3.      I again approached the Fund in the year 1990 and received a letter dated March 7, 1990

from Margaret Hurst, Supervisor of the Pension Department. This time Mrs. Hurst stated, "We

regret to advise you are not eligible any benefits from this fund." Please note the reason I was

not eligible for any benefits from this fund was for a different reason than the 1980 rejection

letter. (Copy of letter attached.)


4.      Between March 7, 1990 and July 12, 1990 I again approached the Fund. I received

another rejection letter dated July 12, 1990. This time the rejection letter was from Helen

Debrecini, Fund Manager. This letter stated "Cancelled because of break in service – 17 years, 1

month." (Copy attached.)


4a.     During the interview at the Fund Office in May or June of 1990, I was again told I had

lost all my credits because I had not received any credits in 1971, '72 or '73. The interviewer

said that because of a break in service, I had lost all of my pension credits.

        Soon after the May/June 1990 interview, I received a letter dated July 12, 1990 which

reaffirmed what the interviewer had stated to me. The July 12th letter stated that I had seventeen

years and one month credits which were cancelled because of a break in service. Obviously

neither the interviewer nor the letter writer were aware of Article 4 Section 4.04(c) of the 1979

Plan booklet which clearly states, "A participant who has attained age 52 and has fifteen pension

credits shall not thereafter be subject to this Break in Service Rule." This statement is also in the

1985 booklet in Article IV Section 4.04(b).

        In line with what the 1979 and 1985 booklets say about vesting, the 1974 booklet says it

better in Article V Section 28, "A covered employee who has attained age 52 and has 15 years of

credited service in covered employment shall have a vested right to a pension if and when he

applies for benefits and retires in accordance with the provisions of the Pension Plan. Once a

covered employee has a vested right as provided in this section, he shall not be subject thereafter to the continuity of Future Service Rule in Article IV, Section 3."

5.    During the interview at the Fund Office in May or June of 1990, I was again told I had lost all my credits because I had not received any credits in 1971-72-73. The interviewer said that because of a break in service, I had lost all of my pension credits.

Soon after the May/June 1990 interview, I received a letter dated July 12, 1990 which reaffirmed what the interviewer had stated to me. The July 12th letter stated that I had seventeen years and one month credits which were cancelled because of a break in service. Obviously neither the interviewer nor the letter writer were aware of Article 4 Sectin 4.04(c) of the 1979 Plan booklet which clearly states, and I quote **"A participant who has attained Age 52 and has fifteen pension credits shall not thereafter be subject to this Break in Service Rule."** This statement is also in the 1985 bookelt in Article IV Section 4.04(b).

In line with what the 1979 and 1985 booklets say about vesting, the 1974 booklet says it better in Article V Section 28 and again I quote **"A covered employee who has attained age 52 and has 15 years of credit service in covered employment shall have a vested right to a pension if and when he applies for benefits and retires in accordance with the provisions of the Pension Plan. Once a covered employee has a vested right as provided in this section, he shall not be subject thereafter to the continuity of Future Service Rule in Article IV, Section 3.**

6.    On August 11, 1994 I again approached the Fund about my pension.  I received another rejection letter this time from Pension Fund Manager Charles Langone, again for a different reason.  (Copy attached.)

7.    On October 21, 1994 I filed a proper appeal, not to the Fund management but directly to the trustees of the fund.  (Copy of letter of appeal dated October 21, 1994 attached.)

8.    At the January 1995 Trustees meeting the Trustees awarded a pension to this pro se plaintiff, participant in spite of all the rejection letters of Margaret Hurst, Helen Debrecini and also Charles Langone.

9.    The Trustees, in awarding this pension (Certificate No. 36548) to participant Thomas E. Tyndall, did waive the six (6) months after forty-nine (49) condition because of the fact that all the rejection letters received by this participant from 1980 to 1994 were false, misleading and fraudulent.

10.    Now the defense attorney Jonathan M. Conti has attempted to mislead the court by suggesting that the pension was awarded because of a disability.  Nowhere in the application for pension is the word "disabled" mentioned.  This is a figment of Atty. Conti's imagination.  See Footnote, page 2 of Reply Memorandum of Law in Support of Defendant's Supplemental Motion for Summary Judgment. (Copy attached.)

11.    A few years after receiving my pension it dawned on me that I was entitled to have been collecting pension payments from my original and only application date in 1990. The benefit payments did not start until February, 1995, therefore I was entitled to receive back payments for the 54 months between my application date and the inception date arrived at by the Trustees' and/or the pension fund management.

12.    The amount of benefits denied the Plaintiff calculated at this $218.00 per month benefit for the period of 54 months equals $11,772.00. Now maybe this was just an error on the part of the Fund Management of was it a coolly calculated theft? Did someone figure as long as they sent misinformation and got away with it for 14 years why not try to fleece this participant out of these back payments and see how it goes? $218.00 x 54 = $11,772.00.

13.    It did not go well for whoever figured out how to fleece this participant because on March 30, 2001, I again wrote to the Trustee's about "Back Payments Due Me". I explained to the Trustee's about the back payments, explained that I was due payments from August 1, 1990 thru January 1995. In this letter dated March 30, 2001 I explained just why I was due back payments. In this letter nowhere did I **REQUEST** a change of my pension inception date, I merely asked for the back payments I was due. The Trustee's much to their credit at their next meeting did agree with my seeking theses funds and they were very prompt to pay not the sum I asked for but a proper calculation of the funds due. However, they denied interest on these funds. That is the reason for this portion of this lawsuit.

Many years ago the Supreme Court of the United State of America stated "Everyone who contracts to pay money on a certain day knows that, if he fails to fulfill his contract he must pay the established rate of interest for his nonperformance. Hence it may be said that such is the implied contract of the Parties." Spaulding v Mason 161 U.S. 375, 396 (1896)

14.    At the Settlement Hearing in font of Honorable Judge Thomas Smith on December 3, 2004 at 450 Main Street, Hartford, Connecticut the Defendant's legal council Jonathan M. Conti, did a the very start for the hearing offer the Plaintiff a sum of money to cover the value of the interest the Plaintiff is claiming and also to have Plaintiff sign certain papers which would deny the Plaintiff from further lawsuits against the Fund, this sum offered by Defense Council was Five Hundred ($500.00).

The interest amount calculated by the Plaintiff based on the Articles of the 1985 Pension Plan, Article VIII-Section 8.02 dealing with Misinformation, false and fraudulent statements on Applications for Pension and by the Articles of the Trust Agreement governing the Pension Plans and Funds and it's set interest rate of twelve (12%) percent on funds owed to the Pension Plan. The interest on the $218.00 benefit plus Christmas bonuses = $12,278.40 if the positions of the Pension Fund and the Plaintiff were reversed and it was the Pension Fund who made false statements, fraudulent information and proof material to the Plaintiff's application for Pension as has happened in this instant application should not the Pension Fund be subject to the same set of rules that they would apply to the Plaintiff Applicant had the Plaintiff submitted false and misleading information.

Plaintiff cites the letters aforementioned in this Statement of Facts from:

#1 Supervisor Margaret Hurst, June 23, 1980

#2 Supervisor Margaret Hurst, March 7, 1990

#3 Fund Manager Helen Debrecini, July 12, 1990

#4 Fund Manager Charles Langone, August 30, 1994

as all being false, misleading and fraudulent.


For this statement of facts and previously submitted papers I humbly ask that the court reject any application for summary judgment and proceed to trial before the summer is over.

Dated this 9 day of August, 2005.

Respectfully submitted,
By the Plaintiff, Pro-Se,

Thomas E. Tyndall

## CERTIFICATE OF SERVICE

I, Thomas E. Tyndall, pro se plaintiff, certify that I caused a copy of the foregoing to be served to the following by MAIL _____ on August 9 ____, 2005.

Thomas M. Brockett, Local Counsel for the Defendants
Robert M. Cheverie & Associates, P.C.
333 East River Drive
East Hartford, CT 06108

United States District Court for the District of Connecticut
Abraham Ribicoff Building
Main Street
Hartford, CT

Plaintiff Pro-Se,

Thomas E. Tyndall

June 23, 1980

S. S. 048 20 8034
Date of Birth: January, 1928

Mr. Thomas E. Tyndall
60 Lakeview Drive
Wolcott, Ct. 06716

Dear Mr. Tyndall:

In reply to your letter of May 27, 1980, and your recent visit to our office.

It would appear that you do not meet the General Eligibility Requirements. Article IV, Section 4.04 (b) of our Rules states that if a Covered Employee fails to earn at least eight months of Future Service in any one of six consecutive calendar years it shall be considered a Break in Covered Employment, and all previous Credited Service shall be cancelled. You did not work at least eight months in any year from 1971 through 1979; therefore, you have a 9 year Break in Service, which cancels all Credited Service prior to 1971.

Our records indicate the following contributions were made on your behalf.

| Year | Hours | Months |
|------|-------|--------|
| 1958 | 1223 | 8 |
| 1959 | 2092 | 12 |
| 1960 | 2022 | 12 |
| 1961 | 2051 | 12 |
| 1962 | 2123 | 12 |
| 1963 | 1943 | 12 |
| 1964 | 2071 | 12 |
| 1965 | 2079 | 12 |
| 1966 | 2062 | 12 |
| 1967 | 2070 | 12 |
| 1968 | 2066 | 12 |
| 1969 | 2020 | 12 |
| 1970 | 1320 | 8 |
| 1971 | 23 | 0 |
| 1972 | 751 | 5 |
| 1973 | 40 | 0 |
| 1974-1975 | 0 | 0 |
| 1976 | 152 | 0 |
| 1977 | 98 | 0 |
| 1978-1980 | 0 | 0 |

Because of the Break in Service, you do not have 15 years of Credited Service as required in Article V, Section 5.07 of our Pension Plan Booklet, which is enclosed.

**NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND**



535 Boylston Street
Boston, Massachusetts 02116
617-266-8900

"Advice about claims, benefits, eligibility or status of participants is based on the present rules of the Fund which are subject to change without notice."

Thomas E. Tyndall          -  2  -              June 23, 1980

All statements concerning eligibility, credits and status
contained in this letter are subject to further verification
and are subject to review at any time hereafter.  Approval
of all pensions is subject to a vote of approval by the Board
of Trustees of the Fund as well as the employer's continued
compliance with the Rules and Regulations of the Fund.

                              Very truly yours,

MH/ces                        Margaret Hurst, Supervisor
Local #671                       Pension Department
Enclosure

March 7, 1990

Thomas Tyndale
86 Forest Road
Millis, MA 02054

R: SS#  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

**NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND**



535 Boylston Street
Boston, Massachusetts 02116-3770
Tel. 617-266-8900
Fax 617-247-8188

Toll Free Telephone Nos.
Mass. Only  800-322-1216
Out of State 800-447-7709

*"Advice about claims, benefits, eligibility or status of participants is based on the present rules of the Fund which are subject to change without notice."*

Dear Mr. Tyndale:

In reply to your recent letter:

In order to qualify for vesting under the new vesting provisions for this Plan and to preserve previous Credited Service:

a.  A participant must work in Covered Employment for which contributions were paid for at least <u>375 hours</u> during the calendar years <u>1974 or 1975 or 1976.</u>  If not, he will lose all of the Credited Service he accumulated prior to January 1, 1977;

BUT

b.  If a Participant's Credited Service is cancelled because he failed to comply with (a) above, <u>he can reinstate all</u> of his previous Credited Service if he works at least 750 hours in Covered Employment for which contributions were paid <u>in any calendar year</u> <u>after 1976;</u>

AND

c.  In order that service credit which he accumulated before January 1, 1971 can be counted toward the new vesting provisions for this Plan, a Participant must <u>also have</u> worked at least 750 hours <u>in Covered Employment</u> for which contributions were paid in <u>each of three years</u> <u>on and after January 1, 1971.</u>

We regret to advise you are not eligible any benefits from this Fund.

Very truly yours,

*Margaret Hurst*

Margaret Hurst, Supervisor
Pension Department

MH/mm
cc: Local 671

July 12, 1990

Mr. Thomas E. Tyndall
86 Forest Road
Millis, MA 02054

Dear Mr. Tyndall:

We have completed processing your file and regret to advise you that your application for a Reduced Pension has been rejected. You left Covered Employment before attaining Vested Status. Starting with 1971, you failed to earn at least eight (8) months of pension credit in any of six (6) consecutive calendar years and by 1980, when you reached age fifty-two, you were out more than nine (9) years (Sections 4.04 and 6.03b). Further- more, you do not meet the requirements for a Statutory Pension (Article VI).

As a result of this rejection, any option you elected on the application is null and void.

Before the Break, you were credited with the following years:

Prior to Contribution Period
1953, 1955-3/58                              4 years,  3 months
During Contribution Period

| Year | Hours | Months Credit |
|------|-------|---------------|
| 1958 | 1,223 | 8 |
| 1959 | 2,092 | 12 |
| 1960 | 2,022 | 12 |
| 1961 | 2,051 | 12 |
| 1962 | 2,123 | 12 |
| 1963 | 1,943 | 12 |
| 1964 | 2,071 | 12 |
| 1965 | 2,079 | 12 |
| 1966 | 2,062 | 12 |
| 1967 | 2,070 | 12 |
| 1968 | 2,066 | 12 |
| 1969 | 2,020 | 12 |
| 1970 | 1,320 | 8 |
| 1971 | 23 | 0 |
| 1972 | 751 | 5 |
| 1973 | 40 | 0 |
| 1974 | 0 | 0 |
| 1975 | 0 | 0 |
| 1976 | 152 | 1 |
| 1977 | 98 | 0 |
| | 154 = | 12 years, 10 months |

Cancelled because of Break in Service - <u>17 years,  1 month</u>

---

**NEW ENGLAND
TEAMSTERS &
TRUCKING INDUSTRY
PENSION FUND**



535 Boylston Street
Boston, Massachusetts 02116-3770
Tel. 617-266-8900
Fax 617-247-8188

Toll Free Telephone Nos.
Mass. Only  800-322-1216
Out of State 800-447-7709

*"Advice about claims, bene-
fits, eligibility or status of
participants is based on the
present rules of the Fund
which are subject to change
without notice."*

Mr. Thomas E. Tyndall          -2-          July 12, 1990

Three (3) years of Vesting Service earned after December 31, 1970, are required to make the credit earned prior to 1971 acceptable toward Years of Vesting Service. You earned only one (1) year of Vesting Service Credit (750 hours) in 1972 - Section 6.02.

Claim Procedures adopted by the Trustees require that the Fund Office advise you that you have the right to appeal this ruling within the time limit. Copy of these Procedures is enclosed.

Very truly yours,

Helen Debreceni
Fund Manager

HD:B
Enclosure

cc: Local Union 671

RECEIVED
1990
5-25

MAY 25 1990

PENSION FUND

# NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY
## PENSION FUND

**535 Boylston Street       Boston, MA 02116       Telephone (617) 266-8900**

| PENSION APPLICATION # | 34422 |
|---|---|

**INSTRUCTIONS** — Please read all questions carefully and print all answers. Be sure to sign and date this application. Mail the completed application to the Fund Office with proof of age for yourself and, if applicable, for your spouse, together with proof of the date of your marriage. If the Fund's acknowledgment receipt of your application is not in your hands ten days after mailing date, contact the Fund immediately.

## PERSONAL DATA

1. Name ___TYNDALL___ ___THOMAS___ ___E___
   LAST                    FIRST                    MIDDLE

2. Address ___86 FOREST RD.___ ___MILLIS, MASS. 02054___
   NO. and STREET          CITY      STATE      ZIP CODE

   Telephone ___508/376.4113___
   AREA CODE

3. Local Union No. ___671___     Social Security No. ___048·20·8304___

4. Date of Birth ___1___ / ___31___ / ___08___     Place of Birth ___Nyack, N.Y.___
   MO.   DAY   YEAR                    (Attach proof of age, see instructions)

5. Are you married? ___✓___ Yes _____ No.   If "Yes", complete the following:

   Name of Spouse ___Paulle___

   Date of Marriage ___4 / 19 52___     Spouse's Date of Birth ___1 / 6 / 32___
   (Attach Proof)                         (Attach Proof)

6. Did you leave Covered Employment to enter Military Service and return to Covered Employment after your discharge?      Yes ☐   No ☒
   If yes, submit legible photostatic copies of your military discharge papers with this Pension Application.

7. Your last day in Covered Employment was/will be: ___1984___

8. Intended Retirement Date: ___7.1.90___

9. Regardless of the type of pension you elect, give answers to the following:

   |  | Yes | No |
   |---|---|---|
   | Are you receiving weekly Health & Welfare Benefit? | ☐ | ☒ |
   | Do you have a claim pending for workers' compensation benefit? | ☐ | ☒ |
   | Are you receiving weekly workers' compensation benefit? | ☐ | ☒ |

   I UNDERSTAND THAT FINAL COMPLETION OF MY APPLICATION REQUIRES ME TO FILE A **NOTICE OF RETIREMENT** AND THE EFFECTIVE DATE OF MY PENSION CANNOT PRECEDE THE DATE SUCH NOTICE IS RECEIVED BY THE FUND.

   I ALSO UNDERSTAND THAT THIS APPLICATION IS VALID FOR 12 MONTHS AFTER IT IS RECEIVED BY THE FUND AND AUTOMATICALLY EXPIRES THEREAFTER.

Revised 1/85

## 10. TYPE OF PENSION — If eligible, I want to retire on a (check appropriate type)

| | | |
|---|---|---|
| | Regular Pension | Age 60 or older with at least 25 years of Pension Credit. |
| ✓ | Reduced Pension | Age 60 or older with at least 15 but less than 25 years of Pension Credit. |
| | Early Retirement Pension | Age 52 or more but less than age 60 with at least 15 years of Pension Credit. (Starting date of pension may be deferred if so requested.) |
| | Minimum 30-Year Service Pension | No age requirement with at least 30 years of Pension Credit. |
| | Special Pension | Age 65 or older with 25 or more years of Pension Credit and at least 30 months of Pension Credit after age 60 under $500 or higher benefit level. |
| | Disability Pension | No age requirement with 15 or more years of Pension Credit when totally and permanently disabled. |
| | Minimum Disability Pension | No age requirement with at least 10 years of Pension Credit when totally and permanently disabled. |

NOTE:   If you are applying for a Disability or Minimum Disability Pension, give the first date and nature of disability:_____

_____

| | | |
|---|---|---|
| | Statutory Pension | Age 64 with at least 10 years of Vesting Service or with less than 10 years of Vesting Service at the 10th Anniversary of the commencement of participation while still a participant, or age 52 with 15 years of Pension Credit (must include 10 years of Vesting Service). |

---

**IMPORTANT** — Whether or not you are married, you must complete and sign Section 11. Otherwise, this Pension Application will be returned to you and could delay the payment of your pension.

## 11. HUSBAND AND WIFE PENSION  (Upon Actual Retirement)

Pensions to a married applicant will be paid in the form of a Husband and Wife Pension unless rejected on Page 3.

The Husband and Wife Pension amount is reduced to 85% of the applicant's benefit otherwise calculated except for Disability Pension, which is reduced to 70% of the benefit otherwise payable.

Under the Husband and Wife form of pension, following the death of the pensioner, a surviving spouse will receive a portion of the benefit the pensioner was receiving.

You must check the appropriate item below:

A ____✓____ I want the Husband and Wife form of pension.  Sign below and skip to Item 13 on page 4.

B _____ I am married; but I do not want to receive my pension benefits in the form of the Husband and Wife Pension.  **(You and your spouse** must complete the Employee and Spouse Statements on page 3 before a Notary Public.)

C _____ I am not married. **(You** must complete the Employee Statement on page 3 before a Notary Public.)

If you want the Husband and Wife form of payment, you may elect to receive it in **combination** with the Lump Sum Readjustment Allowance Option.  Please check Item D below if you wish to elect this Option.

D _____ I elect the Husband and Wife Pension in COMBINATION with the Lump Sum Readjustment Allowance. **(Your spouse** must complete the Spouse Statement on Page 3 before a Notary Public.)

APPLICANT'S SIGNATURE: _____     DATE: 5·18·90

—2—

**I.   EMPLOYEE REJECTION STATEMENT**

I, _____ do not wish to receive my pension benefits in the
(name of applicant)

standard form of Husband and Wife Pension. I understand rejection of this type of pension means that
no benefits will be paid to my spouse after my death, unless (s)he is beneficiary of Option elected under
Item 12.

(check one)

_____ I hereby swear that I am not legally married at this time and will submit proof upon request.

_____ I hereby swear that I am unable to locate my spouse at this time and will submit proof upon
request.

_____ I hereby swear that the person co-signing this document below is my current legal spouse.

Employee's Signature: _____ Date: _____

State of _____ }
County of _____ } SS:

On the _____ day of _____, 19____ before me came _____
to me known and known to me to be the person described in and who executed the foregoing statement
and (s)he duly acknowledged to me that (s)he executed the same.

_____ Notary Public

---

**II.   SPOUSE CONSENT STATEMENT**

(check one)

I swear that I am the legal spouse of the applicant described above and hereby consent to:

_____ My spouse's rejection of the Husband and Wife Pension. I understand that as a result I will not be
paid a pension from the Pension Plan after my spouse's death (unless other type of benefit is
payable under another provision of the Plan). I further recognize that because of this rejection the
pension paid to my spouse while (s)he is living will be 15% (or 30% if Disability) higher than it
would be if I had the survivor protection.

_____ My spouse's election of the Husband and Wife Pension in combination with the Lump Sum Read-
justment Option. I understand that because of this front-end Lump Sum Payment, the pension paid
to my spouse, or to me after his/her death, will be less than it would be without this option.

Spouse Signature: _____ Date: _____

Spouse Social Security Number: _____

State of _____ }
County of _____ } SS:

On the _____ day of _____, 19____ before me came _____
to me known and known to me to be the person described in and who executed the foregoing statement
and (s)he duly acknowledged to me that (s)he read the above Spouse Statement and has executed the
same on her/his free act and deed.

_____ Notary Public

—3—

12. **OPTIONS YOU MAY ELECT IF YOU REJECTED OR ARE NOT ELIGIBLE FOR THE HUSBAND AND WIFE FORM OF PENSION**

If you are applying for other than Disability, Minimum Disability or Vested Pension, you may elect one of the options listed below.

____ 120 Certain Payments Option*

____ Lump Sum Readjustment Allowance Option

____ Combination: Lump Sum Readjustment Allowance Option and 120 Certain Payments Option*

(* — Complete and return the enclosed Designation of Beneficiary Form.)

APPLICANT'S SIGNATURE: _____ DATE: _____

13. **EMPLOYMENT HISTORY** — List below, starting with your most recent employment, the names and addresses of all employers having Teamster Contracts for whom you ever worked. Show job classifications and dates as exactly as possible. (Attach additional sheets if you need more space.)

| Name-Address of Employer | Terminal | Local Union # | Job Classification | From Month — Year | To Month — Year |
|---|---|---|---|---|---|
| Spector Frt. | Farmington | 671 | Driver | 1983 | 1984 |
| See attached Social Security reports from 1951 thru 1977 '77' should be after fund reports | | | | | |

I hereby apply for a pension. The above statements are true to the best of my knowledge and belief. I understand that a false statement may disqualify me for pension benefits, and that the Trustees will have the right to recover any payments made to me because of a false statement.

I understand that this application expires 12 months after it is received by the Plan. If I defer my retirement, I will be required to file a new application.

I understand that in advance of the effective date of my pension, I have to file a "Notice of Retirement" which will show my last day in Covered Employment.

I further understand that as a pensioner, I am obligated to notify the Plan within 15 days if I am engaged in any kind of work. If the Plan notifies me that such work is "Disqualifying" and I do not cease such work immediately, my pension will be suspended for each month I was so engaged plus any additional months as is described in Article VIII of the Pension Plan.

APPLICANT'S SIGNATURE: _____ DATE: 5/18/90

An application must be submitted at least two full months in advance of the date when the pension is to become effective and must be made on this official form of the Pension Fund. You will be notified in writing that your application has been received by the Fund Office; however, if you do not receive an acknowledgment within ten business days, you must notify this office.

Any OPTION selected on this application may be changed or revoked before the pension is actually paid but will become effective after the first pension check has been cashed.

**APPLICATION EXPIRES 12 MONTHS AFTER DATE OF RECEIPT.**

—4—

October 21, 1994


Trustees
New England Teamsters & Trucking
    Industry Pension Fund
535 Boylston Street
Boston, Massachusetts 02116-3770

Gentlemen:

I would like to appeal the rejection of Pension Application #34422. Every time I have approached the Pension Fund for information about my credits for pension, I have received a rejection letter.

Starting with June 23, 1980 the response I received was that I had a break... which to quote "Cancels all credited service prior to 1971." I again attempted to apply for my pension with my letter of February 23, 1990, in which I explained that I had worked in the craft in union companies since 1951. I again received a negative response..."We regret to advise you are not eligible for any benefits from this fund."

However, this rejection did not dampen my spirits and I put in a formal application for my pension again on May 18, 1990. This time I went to the Boston office of the Pension Fund and was interviewed. The interviewer told me that I had lost all my credits and that even if I worked and got my six months after age forty-nine, I still would have nothing. He stated that I had lost all my previous credits because I did not work during the three years after 1970.

I received a letter from the Pension office dated July 12, 1990 reaffirming exactly what the interviewer had told me. The letter stated that my application for Reduced Pension was rejected. This time the rejection was because, "You left covered employment before attaining vested status." At the bottom of the page following the list of my years of credited service, there was a notation stating "Cancelled because of Break in Service - 17 years, 1 month." Also in that same letter the writer mentioned that three years of vesting service after 1970 is necessary to keep my previous years credit. In essence, Gentlemen, the writer stated that I had lost everything.

Now, after brooding over these rejection letters for a few years, I again addressed the Pension Fund in a letter dated June 1, 1994. To this date, I have not received a reply to this request for information.

Not to be put off, I again wrote to the Pension Fund Office on August 11, 1994. A response, dated August 30, 1994, was positive for the first time in this lengthy quest. In the letter of August 30th, I was told that I am not eligible for any benefits from this fund, but in the fourth paragraph, the letter states

that if I earn six months contributory credits I will qualify for a Reduced Pension. **My question is why was I not advised of this eligibility prior to this letter of August 30, 1994?**

In the fourteen years since 1980, I was told everything negative and nothing positive. Had I been advised of this six month requirement, I would have had little trouble attaining the six months credits.

The following examines the facts of this case: The letter, dated June 23, 1980, speaks of Article IV, Section 4.04 (b) of the 1979 Pension Plan booklet. Had the writer read Article IV, Section 4.04 (c), she could have called Local 671, East Hartford, CT to verify that I had previous credits dating back to 1951 which would have proved enough credits for my vesting. Article III, Section 301 suggests in the main heading and also in Paragraph A that this verification could be made with the Local Union. This was also pointed out in the Rules of the 1974 Plan booklet in Article III, Section 2. Had this rule been reviewed, then Article V, Section 28 of the 1974 booklet would have cleared all confusion. This Rule states that anyone with fifteen years of Credited Service cannot suffer a break in service.

The letter received from the Fund office and dated March 7, 1990 deals only with the rules of the Statutory Pension and again overlooks the fact that I have well over fifteen years of Credited Service.

During the interview at the Fund Office in May or June of 1990, I was again told I had lost all my credits because I had not received any credits in 1971-72-73. The interviewer said that because of a break in service, I had lost all of my pension credits.

Soon after the May/June 1990 interview, I received a letter dated July 12, 1990 which reaffirmed what the interviewer had stated to me. The July 12th letter stated that I had seventeen years and one month credits which were cancelled because of a break in service. Obviously neither the interviewer nor the letter writter were aware of Article 4 Section 4.04(c) of the 1979 Plan booklet which clearly states, and I quote **"A participant who has attained Age 52 and has fifteen pension credits shall not thereafter be subject to this Break in Service Rule."** This statement is also in the 1985 booklet in Article IV Section 4.04(b).

In line with what the 1979 and 1985 booklets say about vesting, the 1974 booklet says it better in Article V Section 28 and again I quote **"A covered employee who has attained age 52 and has 15 years of credited service in covered employment shall have a vested right to a pension if and when he applies for benefits and retires in accordance with the provisions of the Pension Plan. Once a covered employee has a vested right as provided in this section, he shall not be subject thereafter to the continuity of Future Service Rule in Article IV, Section 3.**

To continue, your letter dated August 30, 1994 states in Paragraph 4 that because of my failure to earn six months of contributary credit after age forty

Pension - Page 3

nine, I am still disqualified for a pension. Gentlemen, this paragraph should have been written fourteen years ago. It should have been in the letter of June 23, 1980 and in all subsequent letters. The same information should have been explained to me by the interviewer rather than by his denial that this option existed.

In summing up this appeal, I put forth some of the obstacles I now face.

1. There are less job opportunities due to deregulation and the closing of a great number of Union Trucking Companies.

2. Because of all the rejection letters received from the Pension Fund, I felt there was no reason to apply for my Commercial Drivers License (CDL). As it stands now, I will have to go to school to regain my right to drive heavy equipment...a right I had since Class One Licenses were instituted.

3. My age and physical condition. I am now sixty-six years and nine months old and I suffer from an arthitic degenerative spine for which I am now being treated for at a VA Hospital.

All in all, Gentlemen, I do not think I was treated fairly and I now appeal to you to right this wrong.

Sincerely,

Thomas E. Tyndall

Thomas E. Tyndall
RR #1   Box 65B
Thetford Center, VT   05075


Encs.

cc:  Harold Kastle

**Footnote – Page 2  Reply Memorandum of Law in Support of Defendant's**

**Supplemental Motion for Summary Judgment.**

Plaintiff goes to great lengths to point out that he was not disabled in 1990, and that Defendants are somehow attempting to distort the record by alleging that he was disabled. (Plaintiff's Request for a Denial and Rejection of Defendants' Supplemental Motion for Summary Judgment, p. 2; Memorandum of Law by Plaintiff Requesting a Denial of Defendants' Supplemental Motion for Summary Judgment, p. 5). Plaintiff misinterprets Defendants' arguments. Defendants agree with Mr. Tyndall that he was *not* disabled in August 1990. Defendants are simply pointing out that Article V, Section 5.02(b) of the 1985 Plan provides that if a participant does not have six months of Pension Credit after age 49 *if the Participant was disabled and could not earn Pension Credit for that reason."* (Emphasis added). As it is undisputed that Plaintiff was *not* disabled when he applied for a Pension in 1990, had he appealed the Fund's 1990 denial, the Trustees would have been under no obligation to waive the six months after age 49 requirement.

This footnote goes to great lengths to try to get the Court to ignore the fact that Attorney Jonathan Conti, Council for the Defendant's tried to slip in the word <u>DISABLED</u> into this instant case and now with a small amount of double talk hopes to dodge this issue.

Attorney Conti now in this footnote states that he was well aware that Plaintiff Tyndall was <u>NOT DISABLED</u> while all along he should be aware that Plaintiff Tyndall did state his disability was incurred during his service with the United States Army during the Second World War, before Defense Council was born.

Would this footnote by Defense Council J. Conti not also be <u>misinformation</u> being presented to this Court.

The truth of this matter is explained very plainly in the Trustees findings of the Trustee's meetings of 1995 and 2001 wherein they awarded the Pension because of the continual misinformation (lies) presented to them previously by the Fund Supervisor Hurst and also Fund Manager Debricini (copies included). (Copies of 1995, 2001 Trustee's meetings plus analysis by Langone included.)