UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS E. TYNDALL,<br><br>Plaintiff,<br><br>vs.<br><br>NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND, DAVID W. LAUGHTON, PAUL V. WALSH, ANTHONY S. BUONPANE, GEORGE W. CASHMAN, J. LEO BARRY, JOHN J. MCCARTHY, JR., WILLIAM M. VAUGHN III, and J. DAWSON CUNNINGHAM,<br><br>Defendants. | Case No. 3:03cv194(CFD) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE
ALL DOCUMENTS FILED ON JULY 19, 2005**

I.  Introduction.

On August 9, 2005, Plaintiff filed a Motion to Strike From the Record All Documents Filed on 7/19/2005 as Not Being Served Properly, and supporting documentation. Plaintiff maintains that although the certificate of service states that Defendants' Reply Memorandum of Law in Support of Defendants' Supplemental Motion for Summary Judgment; Local Rule 56(a)(1) Supplemental Statement of Facts; and Supplemental Affidavit of Charles Langone (with Exhibits A-D), were served via certified mail on June 30, 2005, the envelope shows a July 5, 2005 postmark, and that he did not receive the package until July 7, 2005.

Defendants did place the package of documents addressed to Thomas Tyndall in the mail on June 30, 2005, but on July 5, 2005, the package was returned for insufficient postage. Defendants therefore placed the proper postage on the package, and sent it to Plaintiff on July 5, 2005. Plaintiff was not prejudiced in any way by having received the package of documents on July 7, 2005.

II. Argument.

A. The Package of Documents was Placed in the Outgoing Mail on June 30, 2005.

On Thursday, June 30, 2005, Plaintiff's counsel sent the documents in question via UPS overnight mail to local counsel Thomas M. Brockett. (Affidavit of Jonathan M. Conti, ¶ 6). That same day, Defendants' counsel's secretary prepared a package of the same documents to be served via certified mail on Plaintiff at his P.O. Box address in Wolcott, Connecticut. Plaintiff has refused to provide Defendants with any other address. (Conti Aff., ¶ 5).

On Tuesday, July 5, 2005, counsel was informed that the package addressed to Thomas Tyndall had been returned by the post office because it had insufficient postage. (Conti Aff., ¶ 8). The package was therefore placed in the outgoing mail on July 5, 2005. Defendants did not alter the documents sent to Mr. Tyndall at that time because the originals had already been sent to local counsel. (Conti Aff., ¶ 8).

Thus, the package of documents was indeed placed in the mail on June 30, 2005, but, when it was returned by the post office on July 5, 2005 for insufficient postage, the postage issue was cured and the package was mailed out that same day.[1]

---

[1] UPS does not deliver overnight packages to a P.O. Box address. (Conti Aff., ¶ 11). Since Plaintiff refuses to provide Defendants with any other address other than P.O. Box 6041, Wolcott, Connecticut

2

B.  There Was No Deadline for the Filing of Defendants' Reply Memorandum in Support of Their Motion for Summary Judgment.

On June 28, 2005, the Court issued an Order granting Defendants' Motion for Leave to File a Supplemental Motion for Summary Judgment. The Court did not set a deadline for the submission of Defendant's Reply Memorandum in Support of their Supplemental Motion for Summary Judgment, however.[2] (Conti Aff., ¶ 4). Plaintiff filed its Reply Memorandum with the Court on July 1, 2005, a mere three days after the Court granted Defendants' Motion for Leave to File a Supplemental Motion for Summary Judgment. (Conti Aff., ¶ 7). Thus, Plaintiff's claim that Defendants did not file the package of documents with the Court is a complete falsehood, as evidenced by its presence on the docket.

In addition, Mr. Tyndall received, on July 7, 2005, Defendants' Reply Memorandum of Law in Support of Defendants' Supplemental Motion for Summary Judgment, Local Rule 56(a)1 Supplemental Statement of Facts, and the Supplemental Affidavit of Charles Langone, with Exhibits A through D, the same documents filed with the Court.

---

(Conti Aff., ¶ 11), Defendants were not able to overnight the package of documents to Plaintiff on June 30, 2005, as it did to local counsel.

[2] At the time that Defendants filed their Motion for Leave to File a Supplemental Motion for Summary Judgment on February 23, 2005, Defendants also filed, and the Court accepted, Defendants' Motion for Supplemental Summary Judgment, as well as their initial Memorandum of Law and other supporting documents. (Conti Aff., ¶ 2). When Defendants attempted to file a Reply Memorandum of Law in Support of their Supplemental Motion for Summary Judgment on April 7, 2005, the clerk's office rejected the filing at that time because the Court had not yet granted Defendants' Motion for Leave to File a Supplemental Motion for Summary Judgment. (Conti Aff., ¶ 3). Another Reply Memorandum of Law in Support of Defendants' Motion for Supplemental Summary Judgment and supporting documents were eventually filed on July 1, 2005, and entered on the docket on July 19, 2005, following the Court's June 28, 2005 Order granting Defendants' Motion to Leave to File Supplemental Motion for Summary Judgment. That July 19, 2005 filing is the package of documents which Plaintiff now seeks to strike.

    C.    <u>Plaintiff Was Not Prejudiced By Having Received the Package of Documents on July 7, 2005.</u>

Plaintiff states that because he did not receive the package of documents until July 7, 2005, it made it a "very difficult task" to respond to Defendants' documents by August 9, 2005. This argument is completely without merit.

First, Plaintiff has no specific right under either the Local Rules or the Federal Rules of Civil Procedure, to respond to a Reply Memorandum of Law. Moreover, Plaintiff has not filed a Motion for Leave to File a Sur-Reply. Thus, whether Plaintiff received the Reply Memorandum of Law in Support of Defendants' Motion for Summary Judgment and supporting documents on July 7, 2005, rather than July 2, 2005, is irrelevant.

In any event, the Court did not enter Defendants' July 1, 2005 filings on the docket until July 19, 2005. Based upon that July 19, 2005 entry, the Court set any response from Plaintiff for August 9, 2005. Even if Plaintiff had a right to file a Sur-Reply, he cannot argue that he is entitled to more than the twenty-one (21) days the Court provided him in which to respond.

Lastly, if Plaintiff was unable to respond by August 9, 2005, he could have asked the Court for additional time in which to do so. Plaintiff never requested such an extension of time to Defendants' knowledge.

III.    <u>Conclusion.</u>

As Plaintiff received Defendants' Reply Memorandum of Law in Support of Their Supplemental Motion for Summary Judgment and supporting documents on July 7, 2005, twelve days prior to July 19, 2005, the date the Court entered the documents on the

4

docket, and as Plaintiff was in no way prejudiced in having received the documents on July 7, 2005, his Motion to Strike Defendants' documents should be denied.

Dated this 15th day of August, 2005.            Respectfully submitted,

                                                For the Defendants
                                                By their attorneys,

                                                _____
                                                Jonathan M. Conti
                                                Federal Bar No. ct24593
                                                Feinberg, Campbell & Zack, P.C.
                                                177 Milk Street
                                                Boston, MA  02109
                                                (617) 338-1976
                                                www:jmc@fczlaw.com


                                                By Local Counsel,

                                                _____
                                                Thomas M. Brockett,
                                                Federal Bar No. ct10873
                                                Robert M. Cheverie & Associates, P.C.
                                                333 East River Drive, Suite 101
                                                East Hartford, CT 06108]
                                                (860) 290-9610
                                                www:CheverieAndAssoc@AOL.com


## CERTIFICATE OF SERVICE

I, Jonathan M. Conti, hereby certify that I caused a copy of the foregoing to be served on pro se plaintiff Thomas E. Tyndall by sending a copy thereof via certified mail on August  15 , 2005 addressed to Thomas E. Tyndall, P.O. Box 6041, Wolcott, CT 06716.

                                                _____
                                                Jonathan M. Conti

5