UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS E. TYNDALL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NEW ENGLAND TEAMSTERS & TRUCKING )<br>INDUSTRY PENSION FUND, )<br>DAVID W. LAUGHTON, PAUL V. WALSH, )<br>ANTHONY S. BONPANE, GEORGE W. )<br>CASHMAN, J. LEO BARRY, JOHN J. )<br>MCCARTHY, JR., WILLIAM M. VAUGHN III, )<br>and J. DAWSON CUNNINGHAM, )<br>)<br>Defendants. ) | Case No. 3:03cv194(CFD) |

**AFFIDAVIT OF THOMAS TYNDALL IN RESPONSE TO THE QUASI, PHONY AFFIDAVIT FILED INTO THE DOCKET ON AUGUST 17, 2005 BY DEFENSE ATTORNEY JONATHAN M. CONTI, ESQ.**

The above "Affidavit" by Jonathan M. Conti, Esq. is not a true affidavit in many ways because of untruths stated by Attorney Conti plus the fact it was never certified by, Notary Public, Court Officer or any one else. See final sentence Page 3.

The first four (4) paragraphs are accepted by Plaintiff Thomas Tyndall as being okay, however, Plaintiff disputes the number five (5) paragraph that either Conti or his secretary did sent by Certified Mail to Plaintiff Thomas Tyndall in as much as Conti did not exhibit copies of the certification receipt P.S. Form 3800 of this mailing nor did Conti send a copy of P.S. Form 3811 that would have had to be signed by someone (receptionist) upon the return of said package of documents. Conti is well aware of these forms, see paragraph number nine (9) attached Exhibit #1 of affidavit of Jonathan M. Conti.

Paragraph Number Six (6) is accepted by Plaintiff but please note that final sentence which states, "with Exhibits A through D".

Paragraph Number Seven (7)

Plaintiff agrees that Attorney Brockett did present to the Court on July 1, 2005 the documents sent by Defense Council Conti but herein is the quirk that Plaintiff disagrees with. Conti mentions Exhibits A through D but in the Court filing there are at least twenty-seven (27) exhibits attached to that filing. These twenty-seven exhibits were never filed with Plaintiff. Plaintiff Thomas Tyndall when appearing at the Federal Court Clerks Office at 450 Main Street, Hartford, CT to look at the Docket did note the differenced between that which had been mailed to him and that which is in the docket. Plaintiff Thomas Tyndall did request of the Court Clerk to weigh on their mailing scale the difference in their weight. The weight of the Docket Filings #43-44-45-46 scaled out at four and one-half pounds (4.5). The weight of the documents received by Plaintiff scaled out at a little less than one (1) pound. The weighing was done by Court Clerk Linda K.

Paragraph Number Eight (8)

In this paragraph Mr. Conti does state that the Post Office did return to his office the aforementioned documents due to a lack of sufficient postage if indeed this return had truly taken place then Form #3811 would have had to be signed by the receiver and would have been taken back to the Post Office where it would have been entered into the Post Office computer and then been mailed back to Jonathan M. Conti's office and Jonathan M. Conti would have copied this form and entered it as an Exhibit to prove that this farce which he has sworn to actually did happen. Also in Paragraph Eight (8) Conti states that the documents presented to the Court and

the documents mailed to Plaintiff were the same. See Paragraph #8 above – (4.5 pound package and less than one (1) pound package the same)???

Paragraph Number Nine (9)

Agreed, Please Note Exhibit #1

Paragraph Number Ten (10)

Plaintiff when visiting Federal Court Clerk's Office did inquire of Court Clerk Linda K. about the time element of documents presented to the Clerks' Office on July 1 and not filed until July 19. Court Clerk Linda K. did give Plaintiff sufficient reason why.

Paragraph Number Eleven (11)

Attorney J. M. Conti states that UPS does not deliver overnight packages to Post Office boxes. When Conti speaks of UPS does he mean United Parcel Service or does he speak of United States Postal Service which indeed does accept overnight packages to Post Office boxes.

Just another ploy perpetrated on the Court and the Plaintiff.

In summation of this Affidavit, I, Thomas Tyndall, Plaintiff Pro Se do again request the Court do strike from the Docket all documents filed on July 1, 2005 and entered on the Docket on July 19, 2005 as not being filed properly with identical copies to the Court and to the Plaintiff as stated in the Rules of Federal Court Procedure.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 9th DAY OF September, 2005.

_____
THOMAS TYNDALL

Then personally appeared the above-named Thomas Tundall and acknowledged the foregoing instrument to be his free act and deed, before me,

_____
Notary Public
Marie J. Listro
My Commission Expires: 1-31-06