# FEINBERG, CAMPBELL & ZACK, P.C.

Attorneys at Law

177 Milk Street, Suite 300 • Boston, Massachusetts 02109

617-338-1976

Fax 617-338-7070   Toll Free 800-338-6004

2005 SEP 29 A 10: 55

MICHAEL A. FEINBERG
maf@fczlaw.com

CATHERINE M. CAMPBELL
cmc@fczlaw.com
Also admitted in California

ARTHUR G. ZACK
agz@fczlaw.com

CHRISTOPHER F. [illegible]
U.S. DISTRICT JUDGE

JONATHAN M. CONTI
jmc@fczlaw.com
Also admitted in Connecticut
and Wisconsin

September 27, 2005

Hon. Christopher F. Droney
United States District Court Judge
450 Main Street
Hartford, CT 06103

  Re:  **Tyndall v. New England Teamsters & Trucking Industry Pension Fund, et al**
       **Case No. 3:03cv194(CFD)**

Dear Judge Droney:

   I am writing this letter on behalf of the Defendants, New England Teamsters and Trucking Industry Pension Fund, et al, to ask the Court to clear up a problem that has arisen concerning the docket.

   On February 18, 2005, Defendants filed a Motion for Leave to File a Supplemental Motion for Summary Judgment, a Supplemental Motion for Summary Judgment, and various supporting documents. Plaintiff Thomas Tyndall responded to both the Motion for Leave as well as the Motion for Summary Judgment on March 18, 2005.

   Defendants then sought to file a Reply Memorandum of Law in Support of Their Motion for Summary Judgment on April 7, 2005. This was rejected by the Court, however, because the Court had not yet granted Defendants' Motion for Leave to File a Supplemental Motion for Summary Judgment.

   After Plaintiff responded to Defendants' initial (and ultimately rejected) Reply Memorandum, I wrote a letter to your Honor dated June 9, 2005 in which I attempted to explain the confusion with the docket, and also requested that the Court allow Defendants to file a Reply Memorandum of Law in Support of Their Supplemental Motion for Summary Judgment.

[Handwritten marginal order:] So ordered. The Clerk shall docket this letter and include it in the Court's file. The Clerk is further directed to file Defendants' Reply Memorandum of Law in Support of their Supplemental Motion for Summary Judgment, Defendants' Supplemental Statement of Facts, and Supplemental Affidavit of Charles Langone, including Exhibits A through D.

Christopher F. Droney
United States District Judge
11/2/05

On June 28, 2005, the Court entered an Order granting Defendants' Motion for Leave to File a Supplemental Motion for Summary Judgment.

On July 5, 2005, Defendants filed, through Local Counsel Thomas Brockett, a Reply Memorandum of Law in Support of Their Supplemental Motion for Summary Judgment, along with a Local Rule 56(a)1 Supplemental Statement of Facts and a Supplemental Affidavit of Charles Langone with exhibits A through D. The top page of this submission was time-stamped by the Court as having been received on July 5, 2005.

Subsequent to the filing of Defendants' Reply Memorandum, Plaintiff filed several documents alleging that he had not been served with the same pleadings as were entered on the docket on July 19, 2005, and that I had filed a "quasi phony affidavit."

I originally believed that the July 19, 2005 docket entry, as listed on PACER, was Defendants' Reply Memorandum of Law in Support of Their Supplemental Motion for Summary Judgment, since Defendants filed that document with the Court on July 5, 2005. Upon closer inspection of the docket following Mr. Tyndall's accusations, however, it appears that on July 19, 2005, the Clerk of Court entered Defendants' *original* Motion for Summary Judgment and supporting documents that had been originally filed with the Court on February 18, 2005 (but were not docketed at that time because the Court's approval of Defendants' Motion for Leave to file a Supplemental Motion for Summary Judgment was still pending).

While Defendants have a time-stamped copy of the Reply Memorandum of Law in Support of Their Supplemental Motion for Summary Judgment and supporting documentation showing that they were indeed filed on July 5, 2005, the Clerk of Court has indicated that they have no record of this document ever having been filed by Defendants' local counsel. Defendants have no doubt that this document was filed with the Court on July 5, 2005, however, as evidenced by the attached time-stamped letter.

As the Clerk's office has seemingly misplaced Defendants' Reply Memorandum of Law, Supplemental Statement of Facts, and Supplemental Affidavit of Charles Langone that were filed on July 5, 2005, Defendants respectfully request that they be permitted to immediately re-file those documents with the Court.

Allowing the re-filing of these documents will also clear up some of the Plaintiff's confusion that has led him to accuse me of filing inconsistent documents. Defendants' Reply Memorandum and supporting documents that were filed with the Court on July 5, 2005, are the same ones that were mailed to Plaintiff.

Thus, Defendants hereby request permission to re-file Their Reply Memorandum of Law in Support of Their Supplemental Motion for Summary Judgment, Supplemental Statement of Facts, and Supplemental Affidavit of Charles Langone, with exhibits A through D.

Thank you for your attention to this matter.

Very truly yours,

Jonathan M. Conti

cc:    Thomas Tyndall
        Thomas Brockett, Esq.