UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2005 NOV -3 A 9:42

| | |
|---|---|
| THOMAS E. TYNDALL,<br><br>        Plaintiff,<br><br>v.<br><br>NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND, DAVID W. LAUGHTON, PAUL V. WALSH, ANTHONY S. BUONPANE, GEORGE W. CASHMAN, J. LEO BARRY, JOHN J. MCCARTHY, JR., WILLIAM M. VAUGHN III, and J. DAWSON CUNNINGHAM,<br><br>        Defendants. | Case No. 3:03cv194(CFD) |

## LOCAL RULE 56(a)1 SUPPLEMENTAL STATEMENT OF FACTS

Pursuant to Local Rule 56(a)1 of the Local Civil Rules of the United States District Court for the District of Connecticut, the following are supplemental material facts as to which there is no genuine issue to be tried.

1. On June 23, 1980, New England Teamsters and Trucking Industry Pension Fund Supervisor Margaret Hurst responded to inquires from Plaintiff Thomas Tyndall concerning his pension eligibility with a letter in which she stated that it "would appear that you do not meet the General Eligibility Requirements" for a pension due to a break in service. Ms. Hurst concluded her letter by writing:

   > All statements concerning eligibility, credits and status contained in this letter are subject to review at any time hereafter. Approval of all pensions is subject to a vote of approval by the Board of Trustees of the Fund as well as the employer's continued compliance with the Rules and Regulations of the Fund. (Supplemental Affidavit of Charles Langone, ¶ 4; Exhibit A).

2. At the time that Ms. Hurst wrote her June 23, 1980 letter to Mr. Tyndall, the 1979 Pension Plan, attached hereto as Exhibit B, was in effect. Ms. Hurst included a copy of the Pension Plan booklet in her letter to Mr. Tyndall. (Supplemental Langone Aff., ¶ 5; Exhibit B).

3. Mr. Tyndall did not file a formal pension application with the Fund in 1980, nor did he appeal Ms. Hurst's determination at that time. The next time Tyndall inquired with the Fund about a pension was in 1990. (Supplemental Langone Aff., ¶ 6).

4. Mr. Tyndall turned 49 years of age on January 31, 1977. Mr. Tyndall worked a total of 98 hours in covered employment in 1977, but did not earn any pension credit. (Supplemental Langone Aff., ¶ 7).

5. Mr. Tyndall failed to work a single hour of covered employment in 1978, 1979, and 1980. (Supplemental Langone Aff., ¶ 8).

6. On June 1, 1994, Mr. Tyndall sent a letter to the Fund asking to meet with the Trustees "to discuss my loss of pension." (Supplemental Langone Aff., ¶ 9; Exh. C).

7. In a letter dated August 30, 1994, I advised Mr. Tyndall that he was not eligible for a Reduced Pension because he did not have at least six months of pension credit after attaining age 49. (Supplemental Langone Aff., ¶ 10; Exh. D).

8. On October 21, 1994, Mr. Tyndall filed an appeal of the denial of his pension application with the Trustees. (Supplemental Langone Aff., ¶ 11; Exh. 7,

attached to Langone's initial Affidavit filed with Defendants' Motion for Summary Judgment).

9. In January 1995, the Trustees awarded Mr. Tyndall a pension effective February 1, 1995. (Supplemental Langone Aff., ¶ 12).

Dated this 30th day of June, 2005.

Respectfully submitted,

For the Defendants
By their Attorneys

_____
Jonathan M. Conti
Federal Bar No. ct24593
Feinberg, Campbell & Zack, P.c.
177 Milk Street
Boston, Ma 02109
(617) 338-1976
www:jmc@fczlaw.com

By Local counsel,

_____
Thomas M. Brockett
Federal Bar No. ct10873
Robert M. Cheverie & Associates, P.C.
333 East River Drive, Suite 101
East Hartford, CT 06108]
(860) 290-9610
www:CheverieAndAssoc@AOL.com

3

## CERTIFICATE OF SERVICE

I, Jonathan M. Conti, hereby certify that I caused a copy of the foregoing to be served on pro se plaintiff Thomas E. Tyndall by sending a copy thereof by certified mail on June 30, 2005 addressed to Thomas E. Tyndall, P.O. Box 6041, Wolcott, CT 06716.

Jonathan M. Conti