UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

THOMAS E. TYNDALL,

        Plaintiff,

v.

NEW ENGLAND TEAMSTERS & TRUCKING
INDUSTRY PENSION FUND,
DAVID W. LAUGHTON, PAUL V. WALSH,
ANTHONY S. BUONPANE, GEORGE W.
CASHMAN, J. LEO BARRY, JOHN J.
MCCARTHY, JR., WILLIAM M. VAUGHN III,
and J. DAWSON CUNNINGHAM,

        Defendants.

Case No. 3:03cv194(CFD)

## SUPPLEMENTAL AFFIDAVIT OF CHARLES LANGONE

I, Charles Langone, under oath and based on my personal knowledge, hereby depose and state the following:

1. My name is Charles Langone and I am the Fund Manager for the New England Teamsters & Trucking Industry Pension Fund (hereinafter "Pension Fund" or "Fund"). I have been the Fund Manager since October 1990. The Pension Fund has its principal place of business at 535 Boylston Street, Boston, Massachusetts 02116.

2. As Fund Manager, I am responsible for the day-to-day administration of the Fund and the maintenance and oversight of all Fund records. Specifically, I ensure that contributions from contributing employers to the Fund are properly processed, that pension credit of Fund participants is accurately calculated and that pension benefits

are paid in compliance with the Fund's Trust Agreement and Pension Plan, and in accordance with the directions, policies and procedures of the Fund's Board of Trustees. In addition, I process all appeals of participants and present these appeals to the Board of Trustees.

3. In the performance of my duties, I have personal knowledge of those documents governing the administration of the Fund including but not limited to the Trust Agreement, the Pension Plan, the relevant collective bargaining agreements, as well as any interpretative guidelines set forth by the Fund's Board of Trustees regarding Plan administration.

4. On June 23, 1980, Pension Fund Supervisor Margaret Hurst responded to inquiries from Thomas Tyndall concerning his pension eligibility with a letter, attached hereto as Exhibit A, in which she stated that it "would appear that you do not meet the General Eligibility Requirements" for a pension due to a break in service. Ms. Hurst concluded her letter by writing:

> All statements concerning eligibility, credits and status contained in this letter are subject to review at any time hereafter. Approval of all pensions is subject to a vote of approval by the Board of Trustees of the Fund as well as the employer's continued compliance with the Rules and Regulations of the Fund.

5. At the time that Ms. Hurst wrote her June 23, 1980 letter to Mr. Tyndall, the 1979 Pension Plan, attached hereto as Exhibit B, was in effect. Ms. Hurst included a copy of the Pension Plan booklet with her letter to Mr. Tyndall.

6. Mr. Tyndall did not file a formal pension application with the Fund in 1980, nor did he appeal Ms. Hurst's determination at that time. The next time Tyndall inquired with the Fund about a pension was in 1990.

7. Mr. Tyndall turned 49 years of age on January 31, 1977. Mr. Tyndall worked a total of 98 hours in covered employment in 1977, but earned no pension credit.

8. Mr. Tyndall failed to work a single hour of covered employment in 1978, 1979, and 1980.

9. On June 1, 1994, Mr. Tyndall sent a letter to the Fund, attached hereto as Exhibit C, asking to meet with the Trustees "to discuss my loss of pension."

10. In a letter dated August 30, 1994, attached hereto as Exhibit D, I advised Mr. Tyndall that he was not eligible for a Reduced Pension because he did not have at least six months of pension credit after attaining age 49.

11. On October 21, 1994, Mr. Tyndall filed an appeal of the denial of his pension application with the Trustees. A copy of that appeal is attached to my initial affidavit filed with Defendants' Motion for Summary Judgment as Exhibit 7.

12. In January 1995, the Trustees awarded Mr. Tyndall a pension effective February 1, 1995.

SIGNED UNDER THE PENALTIES OF PERJURY THIS _29th_ DAY OF _June_, 2005.

_____
CHARLES LANGONE

Then personally appeared the above-named Charles Langone and acknowledged the foregoing instrument to be his free act and deed, before me,

_____
Notary Public

Joanne L. Mason
Notary Public
My Commission Expires
November 20, 2009

3