UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS E. TYNDALL, | ) |
|         Plaintiff, | ) |
| v. | ) |
| NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND, DAVID W. LAUGHTON, PAUL V. WALSH, ANTHONY S. BONPANE, GEORGE W. CASHMAN, J. LEO BARRY, JOHN J. MCCARTHY, JR., WILLIAM M. VAUGHN III, and J. DAWSON CUNNINGHAM, | ) Case No. 3:03cv194(CFD) |
|         Defendants. | ) |

**REQUEST FOR SUMMARY JUDGMENT BY PLAINTIFF.**

    Pursuant to Rule 56 of the Federal Rules of Court and the Local Rule 56 of the Local Court System, Plaintiff Thomas E. Tyndall Pro Se does request the right to file for Summary Judgment in the above named lawsuit. [3:03cv194(CFD)].

    This lawsuit is a two (2) part lawsuit, first part being a complaint by Plaintiff that the New England Teamsters and Trucking Industry Pension Fund (Fund or Plan) had reduced Plaintiff's Pension Benefit in Violation of the Plan Rules. The first portion was decided in favor of the Fund by a ruling sent down on April 29, 2004 by Judge Christofer F. Droney and now Plaintiff does request Summary Judgment on the remaining portion that Plaintiff was denied interest on the back payment awarded to the Plaintiff in October 2001 by the Trustee's of the Fund. In response to an inquiry by Plaintiff in March 2001 about payments due Plaintiff from August 1990, the date of his application to the time it took for the Trustee's to award the pension in January 1995, effective February 1, 1995. Pro Se Plaintiff Thomas E. Tyndall hereby does request this honorable court to enter judgment in the Plaintiff's favor as a matter of law.

    The Supreme Court issued a finding –
"Everyone who contracts to pay money on a certain day knows that, if he fails to fulfill his contract he must pay the established rate of interest for his non-performance. Hence it may be said that such is the implied contract of the parties." Spaulding v Mason 161 US 375,396 (1896).

    More recently, the Supreme Court noted that "Prejudgment Interest traditionally has been considered part of compensation due plaintiff" Osterneck v Ernst Whinney, 489 U.S. 169, 175 (1989).

                                                    **(Oral Argument is Requested)**

      In support of Plaintiff's Motion for Summary Judgment Plaintiff submits the attached memorandum of Law, Local Rule 56(A)(1) Statement of Facts, Affidavit of Thomas E. Tyndall, all supported by Exhibits 1 thru 13 and Letters A thru _____.

Respectfully submitted,

                                      By the Plaintiff, Pro-Se.

                                      _____
                                      Thomas E. Tyndall

Dated this 12 day of November, 2005.

Respectfully submitted,<br>
By the Plaintiff, Pro-Se

*[signature]*
Thomas E. Tyndall

## CERTIFICATE OF SERVICE

I, Thomas E. Tyndall, Pro Se Plaintiff, certify that I caused a copy of the foregoing to be served to the following by CERTIFIED MAIL on November 12, 2005.

Thomas M. Brockett, Local Counsel for the Defendants
Robert M. Cheverie & Associates, P.C.
333 East River Drive
East Hartford, CT 06108

United States District Court for the District of Connecticut
Abraham Ribicoff Building
Main Street
Hartford, CT

Plaintiff Pro-Se,

*[signature]*
Thomas E. Tyndall