EXHIBIT 11

1985-



## Section 7.10. Christmas Benefit.

a. **Eligibility — Initial.**

(1) A member who retires on a pension from the Fund and who has received pension payments for 60 months will be eligible to receive a Christmas Benefit in December of the calendar year in which he has received such 60th monthly pension payment, provided he is eligible for pension benefits at December 1 of such year.

(2) Notwithstanding the provision of paragraph a.(1) of this Section, effective December 1, 1987, a person who retired on a pension and who has received pension payments for 12 months will be eligible to receive a Christmas Benefit in December of the calendar year in which he has received such twelfth monthly pension payment provided he is eligible for pension benefits at December 1 of such year.

(3) In the event a pensioner's monthly benefit is suspended because of Disqualifying Employment and he is subsequently reinstated, for purposes of initial eligibility he will be required to have received at least the same number of pension checks as set forth in subparagraph (1) or (2) above before qualifying for the Christmas Benefit.

(The Christmas Benefit does not apply to pensioners who retired from certain other pension funds which later merged with this Pension Fund.)

b. **Eligibility — Continuing.**

The Christmas Benefit will continue to be paid each December thereafter for the pensioner's lifetime and will thereupon cease in respect of all pensioners who first receive the Christmas Benefit in 1985 and thereafter.

c. **Amount of Benefit.**

The amount of the Christmas Benefit for an eligible Participant is as follows:

(1) 1983 recipients of the Christmas Benefit will receive a benefit of $400 in December, 1984, and each year thereafter.

(2) Persons who first become eligible for the Christmas Benefit in years after 1983 and who retire on and after April 1, 1982 on a pension based on a collective bargaining agreement providing a minimum hourly sequence of hourly contribution rates of $1.30, $1.41 and $1.56 will be eligible to receive a Christmas Benefit in the same amount as their current monthly pension, subject to a minimum of $400.

(3) Persons who first become eligible for the Christmas Benefit after 1983 and who do not qualify under (2) above, will be eligible for a $400 benefit.

(4) Limitations: Anything herein to the contrary notwithstanding the following limitations in the amount of the Christmas Benefit apply to persons who first become eligible for the Christmas Benefit in years after 1984:

(a) In the event a Christmas Benefit is payable to a partial reciprocal pensioner, the benefit amount will be calculated on the ratio of the years of Pension Credit to which he is entitled in this Fund to the total years of combined Pension Credit under the reciprocal agreement.

(b) In the event a Christmas Benefit is payable to a pensioner who has less than 15 Pension Credits, the amount of the Christmas Benefit shall not exceed the amount of the monthly pension he is receiving.

(c) In the event a pensioner's monthly benefit was commuted to a lump-sum payment, such pensioner will be entitled to the Christmas Benefit from year to year, but only if he (i) keeps the Fund Office advised of his current address and (ii) either personally appears at the Fund Office or Local Union each year to receive the benefit or provides an affidavit to the Fund Office or Local Union attesting that he is alive at December 1 of the applicable calendar year.

## Article VIII. Applications, Benefit Payments, Retirement, and Benefit Suspensions

### Section 8.01. Applications.

To receive any benefit under this Plan, an eligible Participant must complete in writing and file two forms in the style prescribed by the Trustees:

a. A Pension Application must be filed with Trustees at least two calendar months in advance of the requested effective date of the pension; and

b. A Notice of Retirement which gives the last day the Participant worked in Covered Employment must be filed with the Trustees in advance of the effective date of the pension.

### Section 8.02. Information and Proof.

Every claimant for benefits shall furnish, at the request of the Trustees, any information or proof reasonably required to determine his benefit rights. If the claimant makes a willfully false statement material to his application or furnishes fraudulent information or proof material to his claim, benefits not vested under this Plan (as defined in Section 8.09) may be denied, suspended, or discontinued. The Trustees shall have the right to recover, through legal proceedings or offsetting against future benefits any benefits paid in reliance on any false statement, information, or proof submitted by a claimant (including withholding of material fact) plus interest and costs, including attorney fees, without limitation by recovery through offset of benefit payments as permitted by this Section. Further, in the

50

# NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION PLAN 1985

Effective October 1, 1976 As Amended Through October 30, 1985

## Article VIII. Applications, Benefit Payments, Retirement, and Benefit Suspensions

PAGE 50

### Section 8.02 Information and Proof.

Every claimant for benefits shall furnish at the request of the Trustees, any information or proof reasonably required to determine his benefit rights. If the claimant makes a willfully false statement material to his application or furnishes fraudulent information or proof material to his claim, benefits not vested under this Plan (as defined in Section 8.09) may be denied, suspended, or discontinued. The Trustees shall have the right to recover, through legal proceedings or offsetting against future benefits any benefits paid in reliance of any false statement, information, or proof submitted by a claimant (including withholding of material fact<u>) *plus interest and costs, including attorney fees, without limitation*</u> by recovery through offset of benefit payments as permitted by this Section. Further, in the administration of these rules concerning suspension of benefits, the Trustees may require of the Pensioner that he furnish evidence from the Social Security Administration concerning his employment history during a specified period of time.

administration of these rules concerning suspension of benefits, the Trustees may require of the Pensioner that he furnish evidence from the Social Security Administration concerning his employment history during a specified period of time.

## Section 8.03. Action of Trustees.

The Trustees shall be the judges of the standard of proof required in any case and of the application and interpretation of this Plan, and the decisions of the Trustees shall be final and binding on all parties, subject to appeal under Section 8.04.

Wherever in the Plan the Trustees are given discretionary powers, they shall exercise such powers in a uniform and non-discriminatory manner. The Trustees shall process a claim for benefits as diligently as is feasible, consistent with the need for adequate information and proof necessary to determine the claimant's rights to benefits and to commence the payment of benefits. If circumstances cause a delay in processing a claim for benefits, and the claimant has fulfilled all of the conditions for entitlement to benefits in accordance with Section 8.05(b), the Trustees shall approve retroactive payment of benefits for any month for which benefits are due and payable in accordance with such Section.

## Section 8.04. Right of Appeal.

A claimant whose application for benefits under this Plan has been denied, in whole or in part, is to be provided with adequate notice in writing setting forth the specific reasons for such denial. He shall have the right to appeal the decision by written request which shall set forth the facts and arguments therefor and which shall be filed with the Trustees within ninety (90) days after receipt of such notice. The appeal shall be considered by the Trustees or by a person or committee designated by the Trustees. No claimant shall have the right to bring suit for benefits under this Plan unless he shall have first exhausted the procedures for appeal established under this Section.

## Section 8.05. Benefit Payments Generally.

a. A Participant who is eligible to receive benefits under this Plan and who makes application in accordance with the rules of the Pension Plan shall be entitled upon retirement to receive the monthly benefits for the remainder of his life, subject to the other provisions of this Article and of any other applicable provisions of the Plan.

b. Pension benefits shall be payable commencing with the month following the month in which the claimant has fulfilled all the conditions for entitlement to benefits, including retirement and the requirements of Section 8.01 for the filing of the pension application and the Notice of Retirement with the Trustees. The first day of such first month is what is meant by the "effective date" of the pension.

The pension shall last be payable for the month in which the death of the Pensioner occurs except as provided in accordance with a survivor's pension option or any other provision of this Plan for payments after the death of the Pensioner.

c. Payment of the benefits may begin sooner but shall begin no later than 60 days after the last of the following dates:

  (i) The end of the calendar year in which the Participant attained Normal Retirement Age (as defined in Section 1.16);

  (ii) The end of the calendar year in which the Participant retired;

  (iii) The date the Participant filed the pension application for benefits; and

  (iv) The date the Participant filed the Notice of Retirement.

In any event, the Trustees need not make payment before they are first able to ascertain entitlement to, or the amount of, the pension, nor before such later date as the Participant has elected to receive benefits, in writing and filed with the Trustees.

## Section 8.06. Retirement.

a. To be considered retired, whether or not he has attained his Normal Retirement Age, a Participant must have completed his last day of work in Covered Employment unless this Plan shall otherwise provide.

b. A Participant who has retired from previous employment as defined in paragraph (a) and who attains his Normal Retirement Age shall thereafter be considered retired notwithstanding subsequent employment or reemployment in Covered Employment for less than 40 hours in any month.

## Section 8.07. Suspension of Benefits.

a. **General Rule.** Payment of pension benefits to which a Pensioner is otherwise entitled shall be suspended:

  (i) For any month in which a Pensioner who attains his Normal Retirement Age works in "Normal Disqualifying Employment" for at least 40 hours; or

  (ii) For any month in which a Pensioner who has not attained his Normal Retirement Age works in "Early Disqualifying Employment" for one or more hours.

b. "Normal Disqualifying Employment" means employment or self-employment that is:

  (i) In an industry covered by the Plan when the Participant's pension payments began; and

  (ii) In the geographic area covered by the Plan when the Participant's pension payments began; and

51

# NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND

535 Boylston Street   Boston, MA 02116   Telephone (617) 266-8900

EXHIBIT 12

APPLICATION EXPIRES 12 MONTHS AFTER DATE OF RECEIPT BY THE FUND OFFICE

RECEIVED 1970 5-25 MAY 25 1990 PENSION FUND

#12

**PENSION APPLICATION #** 34422

**INSTRUCTIONS** — Please read all questions carefully and print all answers. Be sure to sign and date this application. Mail the completed application to the Fund Office with proof of age for yourself and, if applicable, for your spouse, together with proof of the date of your marriage. If the Fund's acknowledgment receipt of your application is not in your hands ten days after mailing date, contact the Fund immediately.

## PERSONAL DATA

1. Name: TYNDALL (LAST)   THOMAS (FIRST)   E (MIDDLE)

2. Address: 86 FOREST RD. (NO. and STREET)   MILLIS, MASS. (CITY, STATE)   02054 (ZIP CODE)

   Telephone: 508/376-4113 (AREA CODE)

3. Local Union No. 671        Social Security No. 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

4. Date of Birth: 1/31/28 (MO./DAY/YEAR)    Place of Birth: Nyack, N.Y.

5. Are you married?  ✓ Yes ___ No.   If "Yes", complete the following:

   Name of Spouse: Paulle

   Date of Marriage: 4/19/52    Spouse's Date of Birth: 1/6/32

6. Did you leave Covered Employment to enter Military Service and return to Covered Employment after your discharge? Yes ☐  No ☒
   If yes, submit legible photostatic copies of your military discharge papers with this Pension Application.

7. Your last day in Covered Employment was/will be: 1984

8. Intended Retirement Date: 7-1-90

9. Regardless of the type of pension you elect, give answers to the following:

   |  | Yes | No |
   |---|---|---|
   | Are you receiving weekly Health & Welfare Benefit? | ☐ | ☒ |
   | Do you have a claim pending for workers' compensation benefit? | ☐ | ☒ |
   | Are you receiving weekly workers' compensation benefit? | ☐ | ☒ |

I UNDERSTAND THAT FINAL COMPLETION OF MY APPLICATION REQUIRES ME TO FILE A NOTICE OF RETIREMENT AND THE EFFECTIVE DATE OF MY PENSION CANNOT PRECEDE THE DATE SUCH NOTICE IS RECEIVED BY THE FUND.

I ALSO UNDERSTAND THAT THIS APPLICATION IS VALID FOR 12 MONTHS AFTER IT IS RECEIVED BY THE FUND AND AUTOMATICALLY EXPIRES THEREAFTER.

Revised 1/85

—1—

10. **TYPE OF PENSION** — If eligible, I want to retire on a (check appropriate type):

| | | |
|---|---|---|
| _____ | Regular Pension | Age 60 or older with at least 25 years of Pension Credit. |
| ✓ | Reduced Pension | Age 60 or older with at least 15 but less than 25 years of Pension Credit. |
| _____ | Early Retirement Pension | Age 52 or more but less than age 60 with at least 15 years of Pension Credit. (Starting date of pension may be deferred if so requested.) |
| _____ | Minimum 30-Year Service Pension | No age requirement with at least 30 years of Pension Credit. |
| _____ | Special Pension | Age 65 or older with 25 or more years of Pension Credit and at least 30 months of Pension Credit after age 60 under $500 or higher benefit level. |
| _____ | Disability Pension | No age requirement with 15 or more years of Pension Credit when totally and permanently disabled. |
| _____ | Minimum Disability Pension | No age requirement with at least 10 years of Pension Credit when totally and permanently disabled. |

NOTE: If you are applying for a Disability or Minimum Disability Pension, give the first date and nature of disability: _____

| | | |
|---|---|---|
| _____ | Statutory Pension | Age 64 with at least 10 years of Vesting Service or with less than 10 years of Vesting Service at the 10th Anniversary of the commencement of participation while still a participant, or age 52 with 15 years of Pension Credit (must include 10 years of Vesting Service). |

**IMPORTANT** — Whether or not you are married, you must complete and sign Section 11. Otherwise, this Pension Application will be returned to you and could delay the payment of your pension.

11. **HUSBAND AND WIFE PENSION** (Upon Actual Retirement)

Pensions to a married applicant will be paid in the form of a Husband and Wife Pension unless rejected on Page 3.

The Husband and Wife Pension amount is reduced to 85% of the applicant's benefit otherwise calculated except for Disability Pension, which is reduced to 70% of the benefit otherwise payable.

Under the Husband and Wife form of pension, following the death of the pensioner, a surviving spouse will receive a portion of the benefit the pensioner was receiving.

You must check the appropriate item below:

A ✓ I want the Husband and Wife form of pension. Sign below and skip to Item 13 on page 4.

B _____ I am married; but I do not want to receive my pension benefits in the form of the Husband and Wife Pension. (**You and your spouse** must complete the Employee and Spouse Statements on page 3 before a Notary Public.)

C _____ I am not married. (**You** must complete the Employee Statement on page 3 before a Notary Public.)

If you want the Husband and Wife form of payment, you may elect to receive it in combination with the Lump Sum Readjustment Allowance Option. Please check Item D below if you wish to elect this Option.

D _____ I elect the Husband and Wife Pension in COMBINATION with the Lump Sum Readjustment Allowance. (**Your spouse** must complete the Spouse Statement on Page 3 before a Notary Public.)

APPLICANT'S SIGNATURE: _____[signature]_____   DATE: 5·18·90

-2-

I. **EMPLOYEE REJECTION STATEMENT**

I, _____ do not wish to receive my pension benefits in the
   (name of applicant)
standard form of Husband and Wife Pension. I understand rejection of this type of pension means that no benefits will be paid to my spouse after my death, unless (s)he is beneficiary of Option elected under Item 12.

(check one)

___ I hereby swear that I am not legally married at this time and will submit proof upon request.

___ I hereby swear that I am unable to locate my spouse at this time and will submit proof upon request.

___ I hereby swear that the person co-signing this document below is my current legal spouse.

Employee's Signature: _____ Date:_____

State of _____  }
County of _____  } SS:

On the _____ day of _____, 19___ before me came _____
to me known and known to me to be the person described in and who executed the foregoing statement and (s)he duly acknowledged to me that (s)he executed the same.

_____ Notary Public

---

II. **SPOUSE CONSENT STATEMENT**

(check one)

I swear that I am the legal spouse of the applicant described above and hereby consent to:

___ My spouse's rejection of the Husband and Wife Pension. I understand that as a result I will not be paid a pension from the Pension Plan after my spouse's death (unless other type of benefit is payable under another provision of the Plan). I further recognize that because of this rejection the pension paid to my spouse while (s)he is living will be 15% (or 30% if Disability) higher than it would be if I had the survivor protection.

___ My spouse's election of the Husband and Wife Pension in combination with the Lump Sum Readjustment Option. I understand that because of this front-end Lump Sum Payment, the pension paid to my spouse, or to me after his/her death, will be less than it would be without this option.

Spouse Signature: _____ Date:_____
Spouse Social Security Number: _____

State of _____  }
County of _____  } SS:

On the _____ day of _____, 19___ before me came _____
to me known and known to me to be the person described in and who executed the foregoing statement and (s)he duly acknowledged to me that (s)he read the above Spouse Statement and has executed the same on her/his free act and deed.

_____ Notary Public

12. **OPTIONS YOU MAY ELECT IF YOU REJECTED OR ARE NOT ELIGIBLE FOR THE HUSBAND AND WIFE FORM OF PENSION**

If you are applying for other than Disability, Minimum Disability or Vested Pension, you may elect one of the options listed below.

____ 120 Certain Payments Option*

____ Lump Sum Readjustment Allowance Option

____ Combination: Lump Sum Readjustment Allowance Option and 120 Certain Payments Option*

(* — Complete and return the enclosed Designation of Beneficiary Form.)

APPLICANT'S SIGNATURE: _____ DATE: _____

13. **EMPLOYMENT HISTORY** — List below, starting with your most recent employment, the names and addresses of all employers having Teamster Contracts for whom you ever worked. Show job classifications and dates as exactly as possible. (Attach additional sheets if you need more space.)

| Name-Address of Employer | Terminal | Local Union # | Job Classification | From Month — Year | To Month — Year |
|---|---|---|---|---|---|
| Spector Frt. | Farmington | 671 | Driver | 1983 | 1984 |
| See attached Social Security reports from 1951 thru 1977 after '77' should be fund reports | | | | | |

I hereby apply for a pension. The above statements are true to the best of my knowledge and belief. I understand that a false statement may disqualify me for pension benefits, and that the Trustees will have the right to recover any payments made to me because of a false statement.

I understand that this application expires 12 months after it is received by the Plan. If I defer my retirement, I will be required to file a new application.

I understand that in advance of the effective date of my pension, I have to file a "Notice of Retirement" which will show my last day in Covered Employment.

I further understand that as a pensioner, I am obligated to notify the Plan within 15 days if I am engaged in any kind of work. If the Plan notifies me that such work is "Disqualifying" and I do not cease such work immediately, my pension will be suspended for each month I was so engaged plus any additional months as is described in Article VIII of the Pension Plan.

APPLICANT'S SIGNATURE: _[signature]_ DATE: 5/18/90

An application must be submitted at least two full months in advance of the date when the pension is to become effective and must be made on this official form of the Pension Fund. You will be notified in writing that your application has been received by the Fund Office; however, if you do not receive an acknowledgment within ten business days, you must notify this office.

Any OPTION selected on this application may be changed or revoked before the pension is actually paid but will become effective after the first pension check has been cashed.

**APPLICATION EXPIRES 12 MONTHS AFTER DATE OF RECEIPT.**

—4—

**FOOTNOTE – PAGE 2 REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT.**

Plaintiff goes to great lengths to point out that he was not disabled in 1990, and that Defendants are somehow attempting to distort the record by alleging that he was disabled. (Plaintiff's Request for a Denial and Rejection of Defendants' Supplemental Motion for Summary Judgment, p. 2; Memorandum of Law by Plaintiff Requesting a Denial of Defendants' Supplemental Motion for Summary Judgment, p. 5). Plaintiff misinterprets Defendants' arguments. Defendants agree with Mr. Tyndall that he was *not* disabled in August 1990. Defendants are simply pointing out that Article V, Section 5.02(b) of the 1985 Plan provides that if a participant does not have six months of Pension Credit after age 49 ***if the Participant was disabled and could not earn Pension Credit for that reason.*** " (Emphasis added). As it is undisputed that Plaintiff was *not* disabled when he applied for a Pension in 1990, had he appealed the Fund's 1990 denial, the Trustees would have been under no obligation to waive the six months after age 49 requirement.

**RESPONSE:**

This footnote goes to great lengths to try to get the Court to ignore the fact that Attorney Jonathan Conti, Council for the Defendant's tried to slip in the word <u>DISABLED</u> into this instant case and now with a small amount of double talk hopes to dodge this issue.

Attorney Conti now in this footnote states that he was well aware that Plaintiff Tyndall was <u>NOT DISABLED</u> while all along he should be aware that Plaintiff Tyndall did state his disability was incurred during his service with the United States Army during the Second World War, before Defense Council was born.

Would this footnote by Defense Council J. Conti not also be <u>misinformation</u> being presented to this Court.

The truth of this matter is explained very plainly in the Trustees findings of the Trustee's meetings of 1995 and 2001 wherein they awarded the Pension because of the continual misinformation (lies) presented to them previously by the Fund Supervisor Hurst and also Fund Manager Debricini (copies included). (Copies of 1995, 2001 Trustee's meetings plus analysis by Langone included.)