UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS E. TYNDALL, | ) |
|       Plaintiff, | ) |
| v. | ) |
| NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND, DAVID W. LAUGHTON, PAUL V. WALSH, ANTHONY S. BONPANE, GEORGE W. CASHMAN, J. LEO BARRY, JOHN J. MCCARTHY, JR., WILLIAM M. VAUGHN III, and J. DAWSON CUNNINGHAM, | ) Case No. 3:03cv194(CFD) |
|       Defendants. | ) |

### Plaintiffs Reply to Defendants Opposition to Plaintiffs Request for Summary Judgment

Pursuant to Rule 56 of the Rules of Civil Procedure Paragraph B a party against whom a Claim, Counterclaim, or Cross-claim is asserted or a Declatory Judgment is sought may, at any time move with or without supporting affidavits for Summary Judgment in the party's favor as to all or any part there of.

There is a time element involved in this Application, Plaintiff has waited in excess of 30 day before submitting this application for Summary Judgment so the time element of Rule 56 of Civil Procedure has been met.

Defendants cite their Supplemental Motions for Summary Judgment, Memorandum of Law in support of Defendant's Motion for Summary Judgment and Defendant's reply Memorandum of Law all of which have been served on the Court in support of their opposition to Plaintiff's Motions for Summary Judgment. However, Plaintiff still contends these papers

12.08.05

plus the flawed affidavit of Charles Langone were all served on the Court with an excessive amount of exhibits which were never served upon the Plaintiff to this very day (December 8). Defendants have certified that these papers were served upon all parties manually. This is a false certification and Plaintiff challenges defense to produce a signed receipt acknowledging that this really happened.

Plaintiff has noted above the flawed Affidavit of Charles Langone which was entered upon the Docket (number 46) which is part and parcel of Defendant's Motions for Supplemental Motion for Summary Judgment. The flawed portion of Charles Langone's Affidavit is the address he gave the Court and the Plaintiff of the Pension Fund which Plaintiff plainly pointed out to the Court was no longer valid.

Dated this 8th day of December, 2005.

> Respectfully submitted,
> By the Plaintiff, Pro-Se,
>
> _____
> Thomas E. Tyndall

12.08.05