UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

THOMAS E. TYNDALL,                        )
                                          )
                 Plaintiff,               )
                                          )
v.                                        )
                                          )
NEW ENGLAND TEAMSTERS & TRUCKING          )
INDUSTRY PENSION FUND,                     )        Case No. 3:03cv194(CFD)
DAVID W. LAUGHTON, PAUL V. WALSH,         )
ANTHONY S. BONPANE, GEORGE W.             )
CASHMAN, J. LEO BARRY, JOHN J.            )
MCCARTHY, JR., WILLIAM M. VAUGHN III,     )
and J. DAWSON CUNNINGHAM,                 )
                                          )
                 Defendants.              )

## MEMORANDUM OF FACTS IN SUPPORT OF PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

1.  Fact:  In January 1995, Plaintiff was awarded a pension by the Trustee's of the New
    England Teamsters and Trucking Industry Pension Fund (Fund-Plan) Pension Number
    36548. (Copy Included).

2.  Fact: The effective date of benefits of the pension was set as February 1, 1995,

3.  Fact: This pension was granted pursuant to an application for pension which was dated 05-
    25-1990 with a possible inception date of 07-01-1990. (Copy of Pension Application
    Included).

4.  Fact: A time period of fifty-four (54) months went by before the Trustee's granted at their
    January 1995 meeting the pension application dated 05-25-1990. Application Number
    34422.

5.  Fact: During the time period of fifty-four (54) months between the application and the
    inception of the pension Plaintiff received no benefits.

6.  Fact: The monetary amount of the benefits Plaintiff did not receive during this 54 month
    time period is 54 x $218.00 = $11,772.00.

MEMO 12.02.05

7.  Fact: In a letter dated March 30, 2001 Plaintiff did apprise the Board of Trustee's of the Fund about the loss of benefits for this 54 month period.

8.  Fact: At the very next Trustees meeting the Trustees agreed with Plaintiff about his loss of benefits and immediately acted to correct this breach of contract.

9.  Fact: When correcting this breach of payments the Trustees neglected to pay interest on these long overdue funds. (Copy of Checks Included)

10. Fact: Due to the fact that the Fund had the use of these funds which rightfully belonged to Plaintiff for a period of fifty-four (54) months and did use these funds to enrich the Pension Fund constitutes unjust enrichment to the Pension Fund.

11. Fact: In the year 1896 the Supreme Court of the United States issued a ruling "Everyone who contracts to pay money on a certain day knows that, if he fails to fulfill his contract, he must pay the established rate of interest for his non-performance. Hence it may be said that such is the implied contract of the parties." Spaulding v Mason 161 U.S. 375-396 (1896).

12. Fact: It is a definite fact that this Pension Plan, Fund, and Plaintiff are parties to a Contract so the ruling in Fact #11 should certainly apply here.

13. Fact: Plaintiff makes demand for interest based upon Article VIII. Applications, Benefit Payments, Retirement, and Benefit Suspensions; Section 8.02. Information and Proof. (Copy Enclosed)

14. Fact: Plaintiff further cites Restated Agreement and Declaration of Trust. Article V. Contributions to the Fund, Section 4, Default in Payment. Section 4 does state that default payments shall include interest at 12% per annum. (Copy Enclosed)

15. Fact: By applying Article VIII Applications, Benefit Payments, Retirement, and Benefit Suspensions, which allows the damaged party the right to recover, through legal proceedings, based on the false statements, information, and proof submitted by the Pension Fund Officials in an effort to deny Plaintiff his rightful pension.

16. Fact: The total amount of back payments plus the Christmas Benefits which Plaintiff received without interest comes to $8,802.00. When this total amount of $8,802.60 has the 12% per annum applied to it the interest comes to a grand total of $12,278.34. (Copy of interest multiplication chart included).

Dated this 8th day of December, 2005.

Respectfully submitted,
By the Plaintiff, Pro-Se,

Thomas E. Tyndall

## CERTIFICATE OF SERVICE

I, Thomas E. Tyndall, pro se plaintiff, certify that I caused a copy of the foregoing to be served to the following by *CERTIFIED MAIL* on December _8_, 2005.

Thomas M. Brockett, Local Counsel for the Defendants
Robert M. Cheverie & Associates, P.C.
333 East River Drive
East Hartford, CT  06108

United States District Court for the District of Connecticut
Abraham Ribicoff Building
450 Main Street
Hartford, CT 06103

Plaintiff Pro-Se,

Thomas E. Tyndall

MEMO 12.02.05