UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS E. TYNDALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NEW ENGLAND TEAMSTERS & TRUCKING | ) |
| INDUSTRY PENSION FUND, | )  Case No. 3:03cv194(CFD) |
| DAVID W. LAUGHTON, PAUL V. WALSH, | ) |
| ANTHONY S. BONPANE, GEORGE W. | ) |
| CASHMAN, J. LEO BARRY, JOHN J. | ) |
| MCCARTHY, JR., WILLIAM M. VAUGHN III, | ) |
| and J. DAWSON CUNNINGHAM, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S REQUEST
FOR SUMMARY JUDGMENT.**

Plaintiff thus far in this instant case has not cited any case law pertaining to the denial of interest on back payments other than the Supreme Court's finding, which states: "Everyone who contracts to pay money on a certain day knows that, if he fails to fulfill his contract he must pay the established rate of interest for his nonperformance. Hence it may be said that such is the implied contract of the parties" Spaulding v Mason 161 US 375, 396 (1896).

The Second Circuit ruled in 2002 that where interest is sought to make the plaintiff whole by eliminating the effect of a defendant's breach of fiduciary duty, such interest may be deemed "appropriate equitable relief" within the scope of ERISA Section 502(a)(3)(B). *Dunning v. Metropolitan Life Ins. Co.*, 277 F.3d 223 (ed Cir. 2002). The court also ruled that an award of such relief was available even in the absence of an allegation or showing that the defendant acted in bad faith.

Award of interest on past benefits wrongfully withheld by a defendant in order to compensate the ERISA plaintiff for the lost use of the benefits

When benefits are paid only after the date on which the beneficiary was entitled to receive them under the terms of an ERISA plan, the beneficiary has not received the full value of what was promised and, to the same degree, assuming the lateness was unjustified, the plan has realized an unjust enrichment; an award of interest in such circumstances serves as an equitable make-whole remedy permitted by ERISA. Employee Retirement Income Security Act of 1974, § 502(a)(3)(B), 29 U.S.C.A. § 1132(a)(3)(B). Dunning v Metropolitan Life Ins. Col, 227 F.3d 223, on remand 214 F.R.D. 125.

Awards of prejudgment interest pursuant to § 1132(a)(1)(B), however, are not punitive, but simply compensate a beneficiary for the lost interest value of money wrongly withheld from him. "Prejudgment interest is not intended to penalize the trustee but serves as compensation for the use of money withheld. Hence, such an award must be made with an eye toward putting the plan in the position it would have occupied but for the breach." (citation omitted).

A showing of bad faith is not required in order for a court to grant interest on late payment of benefits as equitable relief under ERISA section permitting a plan beneficiary to seek an injunction or other equitable relief for violations of ERISA or the terms of an ERISA plan. Employee Retirement Income Security Act of 1974, § 502(a)(3)(B), 29 U.S.C.A. § 1132(a)(3)(B). Dunning v Metropolitan Life Ins. Col, 227 F.3d 223, on remand 214 F.R.D. 125.

Unjust enrichment principles also apply with equal force in this setting. To hold that the absence of judgment deprives the injured beneficiary of the time value of his or her money would create a financial incentive for plans to delay payment and thus retain interest that rightfully belongs to the beneficiary. Accord Hizer, 888 F. Supp. At 1461.

Judge Samuel Alito, present day Nominee for the Supreme Court is on record as saying "I am in general agreement with Section 502 (a)(3) of ERISA, 29 U.S.C. § 1132 (a)(3), an ERISA beneficiary may bring a civil action "to obtain other appropriate equitable relief … to redress" a violation of the plan. If the plaintiff in this case can establish that the trustees violated the plan by failing to pay his benefits on time, an award of interest would constitute "appropriate equitable relief." Such an award is recognized as appropriate equitable relief in comparable circumstances under the law of trusts.

Dated this 22nd day of December, 2005.

Respectfully submitted,<br>
By the Plaintiff, Pro-Se,

Thomas E. Tyndall

## CERTIFICATE OF SERVICE

I, Thomas E. Tyndall, Pro Se Plaintiff, certify that I caused a copy of the foregoing to be served
to the following by ___HAND___ on December 22, 2005.

Thomas M. Brockett, Local Counsel for the Defendants
Robert M. Cheverie & Associates, P.C.
333 East River Drive
East Hartford, CT  06108

United States District Court for the District of Connecticut
Abraham Ribicoff Building
Main Street
Hartford, CT

Plaintiff Pro-Se,

Thomas E. Tyndall