UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS E. TYNDALL,<br><br>            Plaintiff,<br><br>v.<br><br>NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND, DAVID W. LAUGHTON, PAUL V. WALSH, ANTHONY S. BUONPANE, GEORGE W. CASHMAN, J. LEO BARRY, JOHN J. MCCARTHY, JR., WILLIAM M. VAUGHN III, and J. DAWSON CUNNINGHAM,<br><br>            Defendants. | Case No. 3:03cv194(CFD) |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendants hereby file this Opposition to Plaintiff's Motion for Reconsideration of the Court's Denial of 1) Plaintiff's Motion for an Order Denying and Rejecting Defendants' Supplemental Motion for Summary Judgment 2) Plaintiff's Motion to Deny Defendants' Supplemental motion for Summary judgment; and 3) Plaintiff's Motion to Strike Motion for Summary Judgment.

Plaintiff's Motion for Reconsideration should be denied because such a motion is "only appropriate where the moving party can point to controlling law or evidence that 'might reasonably be expected to alter the conclusion reached by the court.'" *Victor G. Reiling Associates and Design Innovation, Inc. v. Fisher-Price, Inc.*, 409 F.Supp. 2d 112, 115 (D. Conn. 2006), quoting *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2nd Cir. 1995). "The function of a motion for reconsideration is to present the court with an opportunity

to correct 'manifest errors of law or fact or to consider newly discovered evidence. . . .'" *Lo Sacco v. City of Middletown*, 822 F.Supp. 870, 876-77 (D. Conn. 1993), quoting, *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 [*877] (7th Cir. 1987). A motion for reconsideration cannot be used "as a means for asserting new arguments or for introducing new evidence that could have been adduced during the pendency" of the motion. *Id.* "The scope of review on motions for reconsideration is limited 'to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging gaps of a lost motion with additional matters.'" *Id., quoting Lund v. Chemical Bank*, 675 F. Supp. 815, 817 (S.D.N.Y. 1987).

    Here, Plaintiff presents no new evidence and does not point to any manifest errors of law or fact in the Court's decision to deny Plaintiff's above-referenced motions. Thus, Plaintiff's Motion for Reconsideration should be denied.

Dated this 7 day of August, 2006.          Respectfully submitted,

                                            For the Defendants
                                            By their attorneys,

                                            _____
                                            Jonathan M. Conti
                                            Federal Bar No. ct24593
                                            Feinberg, Campbell & Zack, P.C.
                                            177 Milk Street
                                            Boston, MA  02109
                                            (617) 338-1976
                                            www:jmc@fczlaw.com


                                            By Local Counsel,

                                            _____
                                            Thomas M. Brockett,
                                            Federal Bar No. ct10873
                                            Robert M. Cheverie & Associates, P.C.
                                            333 East River Drive, Suite 101
                                            East Hartford, CT 06108]
                                            (860) 290-9610
                                            www:CheverieAndAssoc@AOL.com

## CERTIFICATE OF SERVICE

I, Thomas M. Brockett, hereby certify that I caused a copy of the foregoing to be served on pro se plaintiff Thomas E. Tyndall by sending a copy thereof via certified mail on August 7, 2006 addressed to Thomas E. Tyndall, P.O. Box 6041, Wolcott, CT 06716.

                                            _____
                                            Thomas M. Brockett