UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS E. TYNDALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NEW ENGLAND TEAMSTERS & TRUCKING | ) |
| INDUSTRY PENSION FUND, | )   Case No. 3:03cv194(CFD) |
| DAVID W. LAUGHTON, PAUL V. WALSH, | ) |
| ANTHONY S. BONPANE, GEORGE W. | ) |
| CASHMAN, J. LEO BARRY, JOHN J. | ) |
| MCCARTHY, JR., WILLIAM M. VAUGHN III, | ) |
| and J. DAWSON CUNNINGHAM, | ) |
| | ) |
| Defendants. | ) |

PLAINTIFF'S REPLY TO DOCUMENTS FILED
BY DEFENDANTS ON AUGUST 7, 2006

It is very plain to see that both documents filed by Plaintiff on August 2, 2006 refer to Docket #64 an Order by Judge Christopher F. Droney, denying 32 Motion, denying 34 Motion, denying 41 Motion to Strike, denying 47 Motion to Strike, and Not To A Second Application For Summary Judgment – the filings on August 2, 2006 - #1 Motion for Leave to Submit a Motion to Reconsider Docket #64; #2 Motion to Reconsider Order #64 denying 32 Motion, denying 34 Motion, denying Motion 41 Motion to Strike, denying Motion 47 to Strike. In no way imply a second application for summary judgment.

Plaintiff has merely requested that Judge Christopher F. Droney reconsider his Order #64 to deny Motions #32, #34, #41 and #47 or in the event he continues to deny said motions would he **please** explain to this Pro Se layman why he refuses to readmit them to this lawsuit.

1

Again, Plaintiff cites the Supreme Court of the United States of America wherein they state – "Everyone who contracts to pay money on a certain day knows that, if he fails to fulfill his contract he must pay the established rate of interest for his non-performance. Hence it may be said that such is the implied contract of the parties", Spaulding v Mason 161 US 375, 396 (1896).

Sincerely,

Thomas E. Tyndall

3

Dated this 14 day of August, 2006.

Respectfully submitted,
By the Plaintiff, Pro-Se,

_____
Thomas E. Tyndall

## CERTIFICATE OF SERVICE

I, Thomas E. Tyndall, pro se plaintiff, certify that I caused a copy of the foregoing to be served to the following by _____ on August 14, 2006.

Atty. Thomas M. Brockett
Robert M. Cheverie & Associates, P.C.
333 East River Drive
East Hartford, CT 06108

United States District Court for the District of Connecticut
Abraham Ribicoff Building
Main Street
Hartford, CT

Plaintiff Pro-Se,

_____
Thomas E. Tyndall

4



### Track/Confirm - Intranet Item Inquiry - Domestic

| Item: 7004 2510 0000 8418 2600 | | | |
|---|---|---|---|
| Destination | ZIP Code: 06716 | City: WOLCOTT | State: CT |
| Origin | ZIP Code: | City: | State: |

| Event | Date/Time | Location | Scanner ID |
|---|---|---|---|
| DELIVERED | 07/07/2005 13:31 | WOLCOTT, CT 06716 | POSsys5003 |

Request Delivery Record

(A PS Form 3849, Delivery Receipt, has not been appended to this record. If the item was recently delivered, the Delivery Receipt may not yet have been scanned.)

Enter Request Type and Item Number:

Quick Search ⦿    Extensive Search ○

Explanation of Quick and Extensive Searches

Submit

Version 1.0

Inquire on multiple items.

Go to the Product Tracking System Home Page.

---

<u>Copy of Post Offices' Records of the mailing of Docket #48.</u>

In Affidavit Docket #48 Defense Council Jonathan Conti states that said envelope of documents was mailed on June 30, 2005 via Certified Mail and returned to his law office on July 5, 2005 because of insufficient postage. Conti then states sufficient postage was attached and it was resent via Certified Mail to Plaintiff Thomas Tyndall.

A very big question arrives here about how this envelope of documents goes into the United States Postal Service as <u>Certified</u> Mail, not once but twice and the Post Office has no record of it being mailed.